# IN THE UNITED STATES DISTRCIT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARCUS HILLIARD, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| NATIONAL BOARD OF MEDICAL | ) |
| EXAMINERS, | ) |
| DEFENDANTS. | ) |

## COMPLAINT AT LAW

NOW COMES, Plaintiff, MARCUS HILLIARD, by and through his attorneys, DELANEY LAW, PC, and in complaint of Defendants, NATIONAL BOARD OF MEDICAL EXAMINERS, and states as follows:

## INTRODUCTION

Plaintiff, Marcus Hilliard, (hereinafter referred to as "Plaintiff") is an individual with a medically diagnosed disabilities in the areas of: written expression, basic reading skills, reading comprehension, mathematic calculation, mathematic reasoning, sequencing ability, short-term auditory memory, attention, and speed of eye-hand coordination.

Plaintiff submitted substantial documentation to the National Board of Medical Examiners (hereinafter referred to as "NBME") reflecting the nature and extent of his disabilities in support of his requested testing accommodations. However, the NBME refused to grant Plaintiff his requested accommodation of double-time to complete his Step 1 Medical Boards Examination. Plaintiff's request for double-time to complete this exam was denied on two occasions. As a result,

Plaintiff failed this examination three times. Plaintiff brings this case pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.* ("ADA"), and under Title III's implementing regulations found at 28 C.F.R. § *et seq.*

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331 for civil actions arising under the laws of the United States and 42 U.S.C. § 12188(a)(1), which incorporates the provisions of 42 U.S.C. § 2000a-3(a), providing for civil actions by any person being subjected to discrimination on the basis of disability in violation of Title III of the ADA.

2. This complaint is timely filed within two (2) years from receiving notification from NBME that Plaintiff failed his first USMLE – Step One examination which was taken on June 21, 2018 under testing conditions that failed to reasonably accommodate Plaintiff.

3. Venue in the district is proper under 28 U.S.C. § 1391(b). The Defendant resides in the Northern District, Eastern Division, and the events giving rise to Plaintiff's claim occurred here.

## PARTIES

4. Plaintiff is an individual with medically diagnosed disabilities in the areas of: written expression, basic reading skills, reading comprehension and sequencing ability.

5. Plaintiff has been diagnosed with :
    a. Specific Learning Disorder, With Impairment in Reading (commonly known as dyslexia); and
    b. Specific Learning Disorder, With Impairment in Written Expression.

6. Plaintiff is a qualified individual with a disability and meets the eligibility requirements under the ADA.

7. NBME is an independent, not-for-profit organization that provides standardized licensing examinations, the successful completion of which is required for medical licensure in the United States and in the State of Illinois, including the Northern District of Illinois.

## FACTUAL ALLEGATIONS

8. Plaintiff is a qualified student with a disability under the ADA.

9. Plaintiff has a learning disability that substantially limits his major life activities of learning, reading and writing.

10. On October 14, 2016, Plaintiff received notification from the NBME that it denied Plaintiff's request for double time on the USMLE Step 1 exam.

11. On September 25, 2017, Plaintiff submitted a second accommodation request for his Step 1 exam to the NBME for his first attempt at the test.

12. On September 28, 2017, Plaintiff received notification from the NBME granting time-and-one-half testing accommodations despite the documentation provided in support for test accommodations of double time.

13. On June 21-22, 2018, Plaintiff sat for the USMLE Step 1 Examination for the first time, with only a time-and-one-half accommodation granted to him by the NBME. Plaintiff failed the exam.

14. On several of Plaintiff's practice exams, Plaintiff successfully passed his practice Step 1 exams when allowing for double-time for completion.

15. On November 9-10, 2018, Plaintiff sat for the USMLE Step 1 exam for the second time, where he was again granted only time-and-one-half to complete the exam. Plaintiff failed the exam.

16. On February 16, 2019, Plaintiff submitted a subsequent accommodation request to the NBME for his third attempt at taking the USMLE Step 1 exam. This was denied and Plaintiff was only granted time-and-one-half to complete this exam for the third time despite his requests for accommodation of double time yet again.

17. On August 30-31, 2019, Plaintiff sat for the USMLE Step 1 Examination for the third time with only a time-and-a-half accommodation granted. Plaintiff failed the exam.

18. An accommodation of double time directly relates to Plaintiff's disabilities and is necessary to ensure that Plaintiff's score on the USMLE Step 1 exam reflect Plaintiff's true capabilities rather than his disability.

19. Plaintiff submitted substantial documentation the USMLE's denial was inadequate and unreasonable.

20. Plaintiff's disability includes, but is not limited to:
    a. Inaccurate or slow and effortful word reading (e.g., reads single words aloud incorrectly or slowly and hesitantly, frequently guesses words, has difficulty sounding out words).
    b. Difficulty understanding the meaning of what is read (e.g., may read text accurately but not understand the sequence, relationships, inferences, or deeper meanings of what is read).

21. Plaintiff's limitations include struggling with reading speed and accuracy, which in turn impact his comprehension abilities.

22. Due to his disability, Plaintiff at times, sacrifices reading accuracy for speed, and at other times sacrifices reading speed for accuracy. As such, it may become difficult for him to read complicated, novel materials in the efficient manner that the USMLE requires.

23. When provided with two-times additional time, Plaintiff's comprehension and memory for information improves.

24. Plaintiff has requested and received accommodations of two time testing throughout his academic career including:

    a. Rice University;

    b. Texas Tech University; and

    c. University of Texas.

25. With his past accommodations of double time Plaintiff obtained a BS in Chemical Engineering from Texas Tech University, a MS and doctorate in Chemical Engineering from the University of Texas, and a MS in Bioengineering from Rice University.

## ADA Requirements

26. Pursuant to the ADA, a person has a disability if he has a "physical or mental impairment that substantially limits one or more of the major life activities of such individual" 42 USC 2102(2)(A)

27. The ADA specifically prohibits discrimination against persons with disabilities in professional examinations such as the USMLE Step 1. 42 U.S.C. § 12189.

28. As the administrator and provider of the USMLE Step 1, a professional licensing examination, the NBME is covered by the ADA. 42 U.S.C.§ 12189.

29. Pursuant to the ADA, the NBME is required to offer the USMLE Step 1 "in a place and manner accessible to persons with disabilities or to offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189.

30. ADA Regulations provide that testing accommodations for professional examinations "may include changes in the length of time permitted for completion of the examination." 28 C.F.R. § 36.309(b)(1)(i).

31. The NBME's refusal to provide Plaintiff's requested testing accommodations is a refusal to offer the USMLE Step 1 to Plaintiff in a place and manner accessible to him or to offer him alternative accessible testing arrangements.

32. Pursuant to ADA regulations, when professional examinations are administered to individuals with disabilities, the examinations must be administered so as to accurately reflect the individual's aptitude or achievement level rather than his or her impairment. 28 C.F.R. § 36.309(b)(1)(i).

33. The NBME's refusal to provide Plaintiff's requested testing accommodations in administering the USMLE Step 1 is a refusal to allow Plaintiff to take the USMLE Step 1 in a manner accessible to him such that the examination reflects his aptitude or achievement level rather than his impairment.

34. Because of the NBME's refusal to grant Plaintiff reasonable testing accommodations for the USMLE Step 1, the NBME is in violation of § 12189 of the ADA.

35. Pursuant to ADA regulations, when professional examinations are administered to individuals with disabilities, the examinations must be administered so as to accurately reflect the individual's aptitude or achievement level rather than his or her impairment. 28 C.F.R. § 36.309(b)(1)(i).

36. The NBME's refusal to provide Plaintiff's requested testing accommodations in administering the USMLE Step 1 is a refusal to allow Plaintiff to take the USMLE Step 1 in a manner accessible to him such that the examination reflects his aptitude or achievement level rather than his impairment.

37. Because of the NBME's refusal to grant Plaintiff reasonable testing accommodations for the USMLE Step 1, the NBME is in violation of § 12189 of the ADA.

### COUNT I – VIOLATION OF THE ADA
### (Plaintiff vs. NBME)

38. Plaintiff repeats and realleges the allegations and statements in the previous paragraphs herein and further states:

39. Plaintiff is an individual with a disability as defined by the ADA because he has a mental impairment that substantially limits one or more of his major life functions, namely, learning disabilities that substantially limit his major life functions of learning, reading, and writing. 42 U.S.C. § 12102(2)(A).

40. Title III of the ADA (46. U.S.C. § 12189) prohibits discrimination against persons with disabilities in professional examinations such as the USMLE Step 1 as follows:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

41. The NBME is covered by the ADA pursuant to 42 U.S.C. § 12189 in its capacity as the administrator of the USMLE Step 1.

42. Pursuant to 28 C.F.R. § 36.309(b), the NBME must assure that any examination

> is selected and administered so as to best insure that, when the examination is administered to an individual with a disability that

> impairs sensory, manual or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factors the examination purports to measure, other than reflecting the individual's impaired sensory, manual, or speaking skills.

43. Plaintiff is a qualified student with a disability under the ADA.

44. One reasonable accommodation for a disabled person, such as Plaintiff, that may be allowed under the ADA is lengthening the time permitted for completing the examination.

45. Plaintiff has a learning disability that substantially limits his major life activities of learning, reading and writing. Plaintiff's' condition, which has been diagnosed through testing, examination and evaluation by experts in this field, constitutes a disability within the meaning of the ADA.

46. Under the ADA, a disability is defined, in part, as a physical or mental impairment that substantially limits one or more major life activities of an individual. 42 U.S.C. § 12102(2). Under the authority of 42 U.S.C. § 12134, the Department of Justice has promulgated regulations (28 CFR § 35.104) that include "learning" and "work" within the definition of major life activities. The major life activity of learning also includes "reading" and "writing" as activities protected by the ADA. The "substantially limited" standard for the major life activity of learning, reading, or writing, is established when "the individual's important life activities are restricted as to the condition, manner, or duration under which they can be performed in comparison to most people." 28 CFR, pt. 36, App. B.

47. As noted above, Plaintiff has a learning disability that substantially impairs his ability to read and process the written word. His disability precludes him from learning, reading and writing in the same manner and in the same amount of time as most people. This learning

disability substantially limits his activity of learning, reading, and writing, comparison to most people and certainly in comparison to his peers, other medical students taking the USMLE.

48. Plaintiff made formal written request of NBME for reasonable accommodation for his disability in connection with taking the USMLE Step 1 Exam, i.e., two times the standard time to take the exam, an accommodation NBME has made to some people who have requested the accommodation. Such accommodations are consistent with the reasonable accommodations Plaintiff was provided in his previous academic studies. The NBME has granted similar accommodations to other candidates in the past taking the Step 1 exam.

49. The NBME's refusal to provide the reasonable test accommodations Plaintiff requested for the USMLE Step 1 constitutes an illegal failure to accommodate a disabled person in violation of the ADA.

50. The NBME failed to accommodate Plaintiff's disability as required by law.

51. Due to the NBME's unlawful actions Plaintiff now has three failed exams on his educational record.

52. The NBME's refusal to grant Plaintiff reasonable accommodations to take the USMLE Step 1 exam have caused and continue to cause substantial, irreparable harm to Plaintiff in that: (a) all educational institutions that Plaintiff attempts to enroll in will take into consideration his previous failed attempts ; (b) all prospective employers will take into consideration his previous failed attempts; (c) Plaintiff will be unable to succeed in his medical field of choice due to these failed examinations being on his permanent medical education record; (d) Plaintiff's' opportunity to engage in his career of choice is destroyed;

(e) reduced performance on the USMLE Step 1 as a result of not receiving accommodation significantly reduces Plaintiff's' future residency and professional career options.

53. The NBME placed Plaintiff in a distinct disadvantage when it required Plaintiff to take the USMLE Step 1 without adequate accommodation

54. The NBME will not be harmed if the Court grants the requested injunctive relief. Thus, the balancing of harm favors granting the requested injunctive relief.

55. The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are treated fairly and provided with equal opportunities to those persons in the community without disabilities. The public interest will not be served by allowing the NBME to continue its unlawful refusal to provide Plaintiff with the ADA accommodations to which he is justly entitled.

56. As a result of the NBME's violation of the ADA, Plaintiff suffered or will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish.

57. The NBME in denying Plaintiff's' for reasonable accommodation violated the ADA and has done so while acting maliciously or with reckless indifference for Plaintiff's' ADA rights.

**WHEREFORE**, Plaintiff, MARCUS HILLIARD, prays that this Honorable Court grant judgment in his favor find that the NBME has subjected and continues to subject Plaintiff to discrimination because of his disabilities in violation of the ADA. Plaintiff respectfully request the following relief:

a. Injunctive relief ordering the NBME to expunge Plaintiff's previous three attempts at taking the Step 1 exam due to failure to provide reasonable accommodations;

b. Injunctive relief prohibiting NBME from treating Plaintiff differently than his non-disabled counterparts;

c. Injunctive relief ordering the NBME to undergo periodic training regarding the ADA and disability awareness;

d. Injunctive relief directing the NBME immediately to cease and desist from its refusal to accommodate Plaintiff's' requests for accommodation on the USMLE Step 1 and ordering that the NBME immediately comply with the ADA and grant Plaintiff the requested accommodation of two times the standard time to take the USMLE Step 1;

e. Injunctive relief directing that NBME comply with the ADA by providing Plaintiff's' requested accommodation with regard to the USMLE Step 1 and future USMLE examinations for which Plaintiff is otherwise entitled to sit and for which he otherwise makes proper application;

f. Compensatory damages;

g. All costs incurred by this suit, including any attorney's fees;

h. Any other and further relief deemed just by this court.

Respectfully Submitted,

/s/ Cynthia M Rote
By: Attorney for Plaintiff

Cynthia M Rote
Integrate Legal, PC
12533 Wagon Wheel Road
Rockton, Illinois 61072
(815) 255-4695
service@Integrate-Legal.com