UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS HILLIARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-01144 |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) ) ) ) |
| Defendant. | ) ) |

## DECLARATION OF CATHERINE FARMER, PSY. D.

1. My name is Catherine Farmer. I am over eighteen (18) years of age and, unless indicated otherwise, I have personal knowledge of the facts stated below based on my own involvement and knowledge or review of records maintained by the National Board of Medical Examiners (NBME).

2. I am employed by NBME as Director of Disability Services. I hold a Doctor of Psychology degree.

3. NBME is a not-for-profit organization located in Philadelphia, Pennsylvania that provides assessment services for physicians and other health professionals. Its mission is to help protect the public through state-of-the-art assessment of the knowledge and skills of current and prospective health professionals.

4. Together with the Federation of State Medical Boards, NBME sponsors the United States Medical Licensing Examination ("USMLE"), which is a standardized examination used to evaluate applicants' competence for medical licensure in the United States and its territories. The USMLE is designed to assess a physician's ability to apply knowledge, concepts,

and principles, and to demonstrate fundamental patient-centered skills, that constitute the basis of safe and effective patient care.

5. Medical licensing authorities across the country rely upon the USMLE as part of their licensure process to help evaluate the qualifications of prospective physicians.

6. There are three "Steps" to the USMLE, all of which must be passed before an individual with an M.D. degree is eligible to apply for an unrestricted license to practice medicine in the United States. Step 1 is a one-day, computer-based multiple-choice examination that assesses understanding and application of basic science concepts important to the practice of medicine. Step 2 has two components: Step 2 CK (Clinical Knowledge), and Step 2 CS (Clinical Skills). Step 2 CK is a one-day, computer-based multiple-choice examination that assesses the application of medical knowledge, skills, and understanding of clinical science for the provision of patient care under supervision. Step 2 CS uses standardized patients to assess an examinee's ability to gather information from patients, perform physical examinations, and communicate his or her findings. Step 3 is a two-day, computer-based examination that assesses whether examinees can apply medical knowledge and understanding of biomedical and clinical science essential for the unsupervised practice of medicine.

7. Examinees take the USMLE Step examinations under the same testing conditions, including standard testing time. There is an exception to this policy, however, for individuals with documented disabilities within the meaning of the Americans with Disabilities Act ("ADA"), who demonstrate that they need reasonable accommodations to access the examination(s).

8. Testing accommodations are available on the USMLE for examinees with a disability, as defined under ADA. All requests for accommodations are individually reviewed

and, when warranted (*i.e.*, when the examinee demonstrates that he or she is disabled within the meaning of the ADA and needs reasonable accommodations to access the examination), reasonable and appropriate accommodations are provided.

9. Accommodations are denied when the submitted documentation fails to demonstrate that the examinee has a disability within the meaning of the ADA or that the requested accommodations are needed for access to the examination. NBME denies requests for extra testing time or other accommodations that have not been shown to be warranted to help ensure that its testing program is fair for all examinees, and to protect the reliability of USMLE scores.

10. Marcus Hilliard first requested accommodations on the Step 1 exam on or about September 26, 2016. He sought 100% additional testing time (double time) over 2 days. A true and correct copy of Mr. Hilliard's September 2016 application for accommodations (without any attachments) is attached at Exhibit A.

11. By letter dated October 14, 2016, NBME notified Mr. Hilliard that his "documentation does not demonstrate that 200% testing time is an appropriate modification of your Step 1 test administration." NBME informed Mr. Hilliard that he would be provided with time and one-half testing accommodations (*i.e.*, 150% testing time) and that the test would be administered over two days in a separate testing room. A true and correct copy of NBME's October 14, 2016 letter to Mr. Hilliard is attached at Exhibit B.

12. Mr. Hilliard did not test immediately with his approved accommodations. Instead, roughly a year later, he submitted another request for accommodations on the Step 1 exam, on or about September 25, 2017. He sought "the same accommodations" he was

previously approved to receive (*i.e.*, 50% additional time). A true and correct copy of Mr. Hilliard's September 2017 testing accommodation application is attached at Exhibit C.

13. By letter dated September 27, 2017, NBME informed Mr. Hilliard that he would be provided 50% additional testing time, over two days, and a separate room. A true and correct copy of NBME's September 27, 2017 letter to Mr. Hilliard is attached at Exhibit D.

14. Mr. Hilliard took the Step 1 exam with his approved accommodations on June 21, 2018. He did not obtain a passing score.

15. On or about July 23, 2018, Mr. Hilliard submitted another request for accommodations on the Step 1 exam. He requested the same accommodations he previously was provided (50% additional time). A true and correct copy of Mr. Hilliard's July 2018 accommodations application is attached at Exhibit E.

16. By letter dated July 23, 2018, NBME granted Mr. Hilliard's accommodation request. A true and correct copy of NBME's July 23, 2018 letter to Mr. Hilliard is attached at Exhibit F.

17. Mr. Hilliard took the Step 1 exam with his approved accommodations on November 9, 2018. He did not obtain a passing score.

18. On or about February 16, 2019, Mr. Hilliard submitted another request for accommodations on the Step 1 exam. This time, he requested double testing time (100% additional time). A true and correct copy of Mr. Hilliard's February 2019 accommodation application (without any attachments) is attached at Exhibit G.

19. By letter dated May 1, 2019, NBME informed Mr. Hilliard that his request for double testing time was denied. Consistent with his prior two requests and NBME's prior approvals, NBME approved Mr. Hilliard for 50% additional testing time over two days and 45

minutes of break time each day. A true and correct copy of NBME's May 1, 2019 letter to Mr. Hilliard is attached at Exhibit H.

20. Mr. Hilliard sat for the Step 1 exam with his approved accommodations on August 30, 2019. He did not pass the test.

21. Mr. Hilliard began the registration process to take the Step 1 examination a fourth time by submitting an application on or about September 18, 2019.

22. To be eligible to take the USMLE, an individual must be a medical student officially enrolled in, or a graduate of, an accredited United States or Canadian medical school program leading to the MD or DO degree or a medical student officially enrolled in, or a graduate of, a medical school that is outside the United States and Canada meeting certain eligibility criteria. The relevant provisions are found in the USMLE Bulletin of Information. True and correct copies of the eligibility criteria are attached at Exhibit I.

23. If an individual is dismissed or withdraws from medical school, he is not eligible for the USMLE, even if he is appealing the school's dismissal decision or otherwise contesting his status.

24. After an examinee submits an application to take a USMLE exam, NBME adds his name to a roster for his medical school to verify his eligibility to test. After Mr. Hilliard submitted his application to take the Step 1 exam in September 2019, staff at Loyola University of Chicago Stritch School of Medicine ("Stritch School of Medicine") informed NBME that Mr. Hilliard was not currently enrolled in the school. Because enrollment is an eligibility requirement for taking the Step 1 exam, NBME cancelled Mr. Hilliard's incomplete registration.

25. In an October 10, 2019 email, Mr. Hilliard informed NBME that he was appealing his dismissal from medical school. A true and correct copy of Mr. Hilliard's October 10, 2019 email is attached at <u>Exhibit J</u>.

26. On or about October 21, 2019, Mr. Hilliard submitted an accommodation request to NBME, seeking 100% additional time and a separate testing room. A true and correct copy of Mr. Hilliard's October 21, 2019 accommodation application (without any attachments) is attached at <u>Exhibit K</u>.

27. By email dated October 22, 2019, NBME informed Mr. Hilliard that it could not review his accommodation request because he was not registered for the test. A true and correct copy of NBME's October 22, 2019 email to Mr. Hilliard is attached at <u>Exhibit L</u>.

28. On January 31, 2020, NBME received an email from Mr. Hilliard forwarding a letter that he apparently received from the U.S. Department of Education, Office for Civil Rights (OCR). A true and correct copy of the January 31, 2020 letter sent to NBME is attached at <u>Exhibit M</u>.

29. Mr. Hilliard is not currently registered for any USMLE examination.

30. Mr. Hilliard's date of birth has been redacted from the attached exhibits.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 16, 2020.

_____
Catherine Farmer