# Exhibit M



**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS

230 S. DEARBORN ST., 37TH FLOOR
CHICAGO, IL 60604

REGION V
ILLINOIS
INDIANA
IOWA
MINNESOTA
NORTH DAKOTA
WISCONSIN

January 31, 2020



1144347      5-377-335-4
OCR letter to University-

Mr. Marcus Hilliard
1401 South State Street
Unit 904
Chicago, IL 60605

VIA E-MAIL at marcus.hilliard@gmail.com

Re: OCR Docket No. 05-20-2044
Loyola University Chicago Stritch School of Medicine

Dear Mr. Hilliard:

The U.S. Department of Education (Department), Office for Civil Rights (OCR), has received and evaluated the above-referenced complaint you filed with OCR on November 18, 2019 against Loyola University Chicago Stritch School of Medicine (University), alleging discrimination on the basis of disability.

Specifically, the complaint alleges that the University discriminated against you based on disability (dyslexia) when:

1. on October 22, 2019, it denied your request for a modification of its policy requiring students to pass the Medical Licensing Examination (USMLE) Step 1 exam within three attempts; and
2. it engaged in ongoing discrimination by "continually" denying you accommodations between July 2015 and February 2019.

OCR is responsible for enforcing Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. § 794, and its implementing regulation, 34 C.F.R. Part 104, which prohibits discrimination on the basis of disability by recipients of Federal financial assistance. As a recipient of Federal financial assistance from the Department, the University is subject to this law. Additional information about the laws OCR enforces is available on our website at http://www.ed.gov/ocr.

We conducted our evaluation in accordance with our *Case Processing Manual* ("CPM") to determine whether to open an investigation into the complaint allegations. While OCR has determined it has the authority to open an investigation of allegation # 1 of your complaint, for the reasons set forth below, OCR is dismissing allegation # 2 of the complaint effective the date of this letter.

The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.

www.ed.gov

Page 2 – OCR Docket #05-20-2044

Allegation #2

According to applicable regulations, OCR will take action only with respect to allegations that have been filed within 180 calendar days of the date of the alleged discrimination or retaliation, unless the complainant is granted a waiver. Timely allegations may include those where the complainant alleges a continuing violation.

Pursuant to applicable regulations and OCR's case processing procedures, OCR may grant a waiver of the 180-day filing requirement under certain circumstances, such as the complainant filed, within the 180-day period, an internal grievance with the recipient of federal financial assistance alleging the same discriminatory conduct that is the subject of the OCR complaint, and the complaint is filed no later than 60 days after the internal grievance is concluded. Section 108(d) of the CPM directs OCR to dismiss an allegation when the allegation is not timely filed with OCR and a waiver is not requested or was requested or not granted.

You alleged to OCR that the University engaged in continuing discriminatory acts based on disability from mid-July 2015 to February 18, 2019 when it failed to accommodate your disability while you were a student at the University and/or working in a degree-related clerkship. You provided OCR with numerous actions and inactions by the University that you allege constitute a pattern of discrimination based on disability, such as denying your request in July 2015 for double time on examinations and instead providing 1.5 time; denying your request for accommodations on a patient exam in January 2016; failing to respond to your request for a decelerated academic program in August 2016; denying or failing to respond to requests to meet with University faculty or personnel in April, September and October 2016; denying your request in April 2017 to use an assistive learning device; and denying your request in February 2019 for additional time to see patients during your clinical clerkships.

Further, you advised OCR that, on October 24, 2019, you filed an appeal regarding the University's October 22, 2019 denial of your request to change the policy requiring students to pass the Step 1 exam within three attempts. You stated that, on November 8, 2019, you received notification from the Provost denying your appeal and exhausting all internal administrative procedures to resolve your appeal.

The actions and inactions you allege the University took during from mid-July 2015 through February 18, 2019 are discrete acts that contained a degree of permanence that should have triggered your awareness of possible discrimination based on disability and the need to assert your rights by filing a complaint with OCR within 180 days. The continuing effects of past discrimination do not establish a continuing violation. Therefore, OCR determined the acts or inactions you reported to OCR from mid- July 2015 through February 18, 2019 do not constitute a continuing violation.

OCR considered whether to grant a waiver of the 180-day filing requirement. You assert that OCR should grant a waiver for two reasons. First, you argue that OCR should grant a waiver

Page 3 – OCR Docket #05-20-2044

because you filed this complaint within 60 days of the completion of the appeal you filed on October 24, 2019. Although you described your educational history and experiences in your appeal, including the ways you believe the University failed to accommodate your disability during your tenure as a student, the decision you were appealing was solely the University's failure to change its policy requiring students to pass the Step 1 test within three attempts. For the reasons described above, that action is not part of a continuing violation that would make the untimely actions timely. Accordingly, the fact that you filed this complaint after the conclusion of your October 2019 appeal is not an acceptable basis under OCR's CPM to grant you a waiver for actions that occurred prior to May 22, 2019, which is 180 days before you filed your OCR complaint.

Second, you explained that you did not file these allegations of disability discrimination sooner because you were trying to resolve the issues with the University, and at no time did the University advise you that you could file with OCR. This reason is not an acceptable basis under OCR's CPM to grant your request for a waiver of the 180-day filing requirement. OCR is therefore dismissing Allegation #2 effective the date of this letter.

You have a right to appeal OCR's determination within 60 calendar days of the date indicated on this letter. An appeal can be filed electronically, by mail, or fax. You must either submit a completed online form at https://wdcrobcolp01.ed.gov/CFAPPS/OCR/ocrAppealsForm.cfm, or submit a written statement of no more than ten (10) pages (double-spaced, if typed): if submitted by mail, please send to the Office for Civil Rights, U.S. Department of Education, 400 Maryland Avenue SW, Washington, D.C. 20202. If submitted via e-mail, send to OCR@ed.gov; if submitted via fax, please send to 202-453-6012. The filing date on an appeal is the date the appeal is postmarked, submitted electronically or submitted via fax. In the appeal, you must explain why you believe the factual information was incomplete or incorrect, the legal analysis was incorrect or the appropriate legal standard was not applied, and how correction of any error(s) would result in the case being opened for investigation; failure to do so may result in dismissal of the appeal.

Allegation #1

Because OCR has determined that it has jurisdiction and that the complaint was timely filed, it is opening an investigation into Allegation #1. Please note that opening an investigation in no way implies that OCR has made a determination with regard to the allegation's merit. During the investigation, OCR is a neutral fact-finder, collecting and analyzing relevant evidence from the complainant, the recipient, and other sources, as appropriate. OCR will ensure that its investigation is legally sufficient and is dispositive of the complaint, in accordance with the provisions of Article III of the *Case Processing Manual.*

OCR offers, when appropriate, a Facilitated Resolution Between the Parties (FRBP) process to facilitate the voluntary resolution of complaints by providing an opportunity for the parties

Page 4 – OCR Docket #05-20-2044

involved to resolve the allegations quickly. Some information about the FRBP process is in the enclosure to this letter.

In addition, when appropriate, a complaint may be resolved before the conclusion of an investigation after the recipient expresses an interest in resolving the complaint. In such cases, a resolution agreement signed by the recipient and submitted to OCR must be aligned with the complaint allegations or the information obtained during the investigation and it must be consistent with applicable regulations.

Please read the enclosed document entitled "OCR Complaint Processing Procedures," which includes information about:

- OCR's complaint processing procedures, including the availability of FRBP;

- Regulatory prohibitions against retaliation and intimidation of persons who file complaints with OCR or participate in an OCR investigation; and

- Application of the Freedom of Information Act and the Privacy Act to OCR investigations.

OCR is committed to prompt and effective service. If you have any questions, please contact Sandra L. Garcia, Senior Equal Opportunity Specialist, at 312-730-1580 or by email at Sandra.L.Garcia@ed.gov or Long Truong at 312-730-1631 or Long.Truong@ed.gov.

Sincerely,

*Marcela Sanchez Aguilar*

Marcela Sanchez-Aguilar
Supervisory Attorney

Enclosure

### U.S. Department of Education
### Office for Civil Rights (OCR)
### COMPLAINT PROCESSING PROCEDURES[1]

### LAWS ENFORCED BY OCR

OCR enforces the following laws:

- Title VI of the Civil Rights Act of 1964, which prohibits discrimination on the basis of race, color or national origin;
- Title IX of the Education Amendments of 1972, which prohibits discrimination on the basis of sex;
- Section 504 of the Rehabilitation Act of 1973, which prohibits discrimination on the basis of disability;
- Age Discrimination Act of 1975, which prohibits discrimination on the basis of age;
- Title II of the Americans with Disabilities Act of 1990, which prohibits discrimination on the basis of disability;
- Boy Scouts of America Equal Access Act, which prohibits denial of access to or other discrimination against the Boy Scouts or other Title 36 U.S.C. youth groups in public elementary schools, public secondary schools, local education agencies, and state education agencies that have a designated open forum or limited public forum.

### EVALUATION

OCR evaluates the written information that it receives to determine whether it constitutes a complaint that is subject to further processing. If so, OCR determines whether it can investigate the complaint. OCR makes this determination with respect to each allegation in the complaint. For example, OCR must determine whether OCR has legal authority to investigate the complaint; that is, whether the complaint alleges a violation of one or more of the laws OCR enforces. OCR must also determine whether the complaint is filed on time. Generally, a complaint must be filed with OCR within 180 calendar days of the date of the alleged discrimination.[2] If the complaint is not filed on time, the complainant should provide the reason for the delay and request a waiver of this filing requirement. OCR will decide whether to grant the waiver. In addition, OCR will determine whether the complaint contains enough information about the alleged discrimination to proceed to investigation. If OCR needs more information in order to clarify the complaint, it will contact the complainant; and the complainant has 14 calendar days within which to respond to OCR's request for information unless the complainant has requested additional time to provide the information.

Some of the reasons for OCR's dismissal of a complaint include:

- OCR does not have legal authority to investigate the complaint;
- The complaint fails to state a violation of one of the laws OCR enforces;
- The complaint was not filed timely (within 180 calendar days of the date of the alleged discrimination) and a waiver of the timeliness requirement was not granted;

---

[1] These procedures are a summary of OCR's Case Processing Manual (CPM); the CPM contains more detailed explanations of OCR's procedures.

[2] Complaints that allege discrimination based on age are timely if filed with OCR within 180 calendar days of the date the complainant first knew about the alleged discrimination.

Updated November 2018

- The complaint is speculative, conclusory, or incoherent, or lacks sufficient detail to infer discrimination and the complainant does not provide the information that OCR requests within 14 calendar days of OCR's request, unless the complainant requests additional time to provide the requested information;
- The allegations raised by the complaint have been resolved and are therefore no longer appropriate for investigation;
- The complaint has been investigated by another Federal, state, or local civil rights agency or through a recipient's internal grievance procedures, including due process proceedings, and there was a comparable resolution process pursuant to legal standards that are acceptable to OCR or, if still pending, OCR anticipates that there will be a comparable resolution process pursuant to legal standards that are acceptable to OCR. OCR will advise the complainant that he or she may re-file within 60 days of the completion of the other entity's action;
- The same or similar allegations based on the same operative facts have been filed by the complainant against the same recipient in state or Federal court. OCR will advise the complainant that he or she may re-file within 60 days of the termination of the court proceeding if there has been no decision on the merits of the case or settlement of the court complaint;

## OPENING THE COMPLAINT FOR INVESTIGATION

If OCR determines that it will investigate the complaint, it will issue letters of notification to the complainant and the recipient. Opening a complaint for investigation in no way implies that OCR has made a determination with regard to the merits of the complaint. During the investigation, OCR is a neutral fact-finder. OCR will collect and analyze relevant evidence from the complainant, the recipient, and other sources, as appropriate. OCR will ensure that the actions it takes in investigations are legally sufficient, supported by evidence, and dispositive of the allegations raised in the complaint.

## INVESTIGATION OF THE COMPLAINT

OCR may use a variety of fact-finding techniques in its investigation of a complaint. These techniques may include reviewing documentary evidence submitted by both parties, conducting interviews with the complainant, recipient's personnel, and other witnesses, and/or site visits. At the conclusion of its investigation, OCR will determine, with regard to each allegation, whether:

- There is insufficient evidence to support a conclusion that the recipient failed to comply with the law, or

- A preponderance of the evidence supports a conclusion that the recipient failed to comply with the law.

OCR's determination will be explained in a Letter of Findings sent to the complainant and recipient. Letters of Findings contain fact-specific investigative findings and dispositions of individual cases. Letters of Findings are not formal statements of OCR policy and they should not be relied upon, cited, or construed as such. OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public.

## RESOLUTION OF THE COMPLAINT UPON A DETERMINATION OF NONCOMPLIANCE

If OCR determines that a recipient failed to comply with the civil rights law(s) that OCR enforces, OCR will contact the recipient and will attempt to secure the recipient's willingness to negotiate a voluntary resolution agreement. If the recipient agrees to resolve the complaint, the recipient will negotiate and sign a written resolution agreement that describes the specific remedial actions that the recipient will undertake to address the area(s) of noncompliance identified by OCR. The terms and obligations of the resolution agreement, if fully performed, will remedy the identified violation(s) in compliance with applicable civil rights law(s). OCR will monitor the recipient's implementation of the terms and obligations of the resolution agreement to verify that the remedial actions agreed to by the recipient are being properly implemented .

If the recipient does not agree to correct its noncompliance with the civil rights law(s) by entering into a resolution agreement, OCR may initiate proceedings to suspend, terminate, or refuse to grant or continue Federal financial assistance to the recipient, or may refer the case to the Department of Justice.

## RESOLUTION OF THE COMPLAINT PRIOR TO THE CONCLUSION OF THE INVESTIGATION

### Facilitated Resolution Between the Parties :

Facilitated Resolution Between the Parties (FRBP) allows the parties (the complainant and the recipient which is the subject of the complaint) an opportunity to resolve the complaint allegations quickly; generally, soon after the complaint has been opened for investigation. If both parties are willing to try this approach, and if OCR determines that FRBP is appropriate, OCR will facilitate settlement discussions between the parties and work with the parties to help them understand the legal standards and possible remedies. Staff assigned by OCR to conduct FRBP will not be the staff assigned to the investigation of the complaint.

OCR does not approve, sign or endorse any agreement reached between the parties as a result of FRBP, and OCR does not monitor the agreement. However, if the recipient does not comply with the terms of the agreement, the complainant may file another complaint with OCR within 180 days of the date of the original discrimination or within 60 days of the date the complainant learns of the failure to comply with the agreement, whichever date is later.

### Resolution Agreement Reached During an Investigation

A complaint may also be resolved before the conclusion of an investigation, if the recipient expresses an interest in resolving the complaint **and** OCR determines that it is appropriate to resolve the complaint because OCR's investigation has identified issues that can be addressed through a resolution agreement. The provisions of the resolution agreement must be tied to the allegations and the evidence obtained during the investigation, and will be consistent with applicable regulations. OCR will inform the recipient that this resolution process is voluntary before proceeding to resolution under this section, and will notify the complainant of the recipient's interest in resolution. OCR will monitor a resolution agreement reached with the recipient before the conclusion of an investigation . After the recipient signs the resolution agreement, OCR will issue a Resolution Letter, which will address all allegations in the case resolved pursuant to CPM Section 302.

## Appeal

OCR affords complainants an opportunity to appeal a determination(s) based on a finding of noncompliance (Section 303(a) of OCR's CPM) and dismissals based on Sections 108(a), (b), (c), (d), (h), and (i) of OCR's CPM. An appeal can be filed electronically, by mail, or fax. The complainant must either submit electronically a completed appeal form or submit a written statement of no more than ten (10) pages (double-spaced, if typed) to the Office for Civil Rights, U.S. Department of Education, 400 Maryland Avenue SW, Washington, D.C. 20202; if submitted by e-mail, to OCR@ed.gov; if submitted by fax, to 202-453-6012. The filing date of an appeal submitted by mail is the date the appeal is postmarked or submitted electronically or by fax.

In the appeal, the complainant must explain why he or she believes the factual information was incomplete or incorrect, the legal analysis was incorrect, or the appropriate legal standard was not applied, and how correction of any error(s) would change the outcome of the case; failure to do so may result in dismissal of the appeal.

An appeal must be submitted within 60 calendar days of the date indicated on the letter of finding or the dismissal. A waiver of the 60-day timeframe may be granted where the complainant was unable to submit the appeal within the 60-day timeframe because of illness or other circumstances, or because of circumstances generated by OCR's action that have adversely affected the complainant's ability to submit the appeal timely.

OCR will forward a copy of the complainant's appeal to the recipient. The recipient has the option to submit to OCR a response to complainant's appeal. Any response to complainant's appeal must be submitted to OCR within 14 calendar days of the date that OCR forwarded a copy of the complainant's appeal to the recipient.

OCR will issue a written decision on the appeal to the parties.

## ADDITIONAL INFORMATION

### Right to File a Separate Court Action

The complainant may have the right to file suit in Federal court, regardless of OCR's findings. OCR does not represent the complainant in case processing, so if the complainant wishes to file a court action, he or she must do so through his or her own attorney or on his or her own through the court's pro se clerk's office.

If a complainant alleges discrimination prohibited by the Age Discrimination Act of 1975, a civil action in Federal court can be filed only after the complainant has exhausted administrative remedies. Administrative remedies are exhausted when either of the following has occurred:

1) 180 days have elapsed since the complainant filed the complaint with OCR and OCR has made no findings; or
2) OCR issues a finding in favor of the recipient. If this occurs, OCR will promptly notify the complainant and will provide additional information about the right to file for injunctive relief.

### Prohibition against Intimidation or Retaliation

A recipient under the jurisdiction of the Department of Education may not intimidate, threaten, coerce, or retaliate against anyone who asserts a right protected by the civil rights laws that OCR enforces, or who cooperates in an investigation. Anyone who believes that he or she has been intimidated or retaliated against should file a complaint with OCR.

### Investigatory Use of Personal Information

In order to investigate a complaint, OCR may need to collect and analyze personal information such as student records or employment records.
The Privacy Act of 1974, 5 U.S.C. § 552a (Privacy Act), Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g, and the Freedom of Information Act (FOIA), 5 U.S.C. §552, govern the use of personal information that is submitted to all Federal agencies and their individual components, including OCR. The Privacy Act protects individuals from the misuse of personal information held by the Federal government. It applies to records that are maintained by the Federal government and that are retrieved from a system of records by the individual's name, social security number, or other personal identifier. It regulates the collection, maintenance, use and dissemination of personal information in records contained in systems of records of Federal government.

The information that OCR collects is analyzed by authorized personnel within the agency and will be used by OCR only for authorized civil rights compliance and enforcement activities. However, in order to investigate or resolve a complaint, OCR may need to reveal certain information to persons outside the agency to verify facts or gather additional information. Such details could include, for example, the name, age, or physical condition of the person who is the alleged subject of discrimination. Also, OCR may be required to reveal information requested under FOIA, which gives the public the right of access to records of Federal agencies. Disclosure will only be made as consistent with the Privacy Act, FERPA, and FOIA.

However, OCR can release certain information about your complaint to the press or general public, including the name of the recipient; the date your complaint was filed; the type of discrimination included in the complaint; the date the complaint was resolved, dismissed or closed; the basic reasons for OCR's decision; or other related information. Any information OCR releases to the press or general public will not include the complainant's name or the name of the person on whose behalf the complaint was filed.
FOIA gives the public the right of access to records of Federal agencies. Individuals may obtain items from many categories of records of the Federal government, not just materials that apply to them personally. OCR must honor requests for records under FOIA, with some exceptions. If records are covered by the Privacy Act they must be required to be released under FOIA. Generally, OCR is not required to release records during the case evaluation and investigation process or enforcement proceedings, if the release could reasonably be expected to interfere with or affect the ability of OCR to do its job. 5 U.S.C. § 552(b)(7)(A). Also, a federal agency is not required to release records if they are pre-decisional documents that would be subject to certain privileges in litigation. See 5 U.S.C. § 552(b)(5). A Federal agency may refuse a request for records if their release would or could reasonably be expected to result in an unwarranted invasion of privacy of an individual. 5 U.S.C. §

6 | Page U.S. Department of Education, Office for Civil Rights Complaint Processing Procedures

552(b)(6) and (7)(C), such as medical records, which may be denied where disclosure would be a clearly unwarranted invasion of privacy.