IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS HILLIARD, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 20-cv-1144 |
| v. | ) | |
| | ) | Judge Pacold |
| NATIONAL BOARD OF MEDICAL EXAMINERS | ) | |
| | ) | Magistrate Judge Fuentes |
| | ) | |
| DEFENDANT. | ) | |

## JOINT INITIAL STATUS REPORT

1. **Nature of the Case:**

    A.  **Attorney Contact Info:**

    Attorney for Plaintiff

    Cynthia M Rote
    Integrate Legal, PC
    12533 Wagon Wheel Road
    Rockton, Illinois 61072
    Cynthia@Integreate-Legal.com
    (815) 255-4695
    Lead Trial Attorney

    Attorneys for Defendant

    Caroline Mew (admitted *pro hac vice*)
    Perkins Coie LLP
    700 13th St. NW, Suite 800
    Washington, DC 20005-3960
    cmew@perkinscoie.com
    (202) 654-1767

    Jillian Sommers
    Perkins Coie LLP
    131 S. Dearborn St., Suite 1700
    Chicago, IL 60603-5559
    jsommers@perkinscoie.com
    (312) 324-8587

    B.  **Nature of Claims Asserted in Complaint, Counterclaims or Third Party Claims**

    Plaintiff alleges that defendant National Board of Medical Examiners ("NBME") violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12189, by denying his request for 100% extra time testing accommodations (i.e., twice the standard

148499520.1

amount of testing time) on Step 1 of the United States Medical Licensing Examination (USMLE). NBME granted Plaintiff 50% extra time testing accommodations.

In his proposed Amended Complaint, Plaintiff also asserts a claim against Loyola University Chicago Stritch School of Medicine ("Stritch School of Medicine") under a different provision of Title III of the ADA, 42 U.S.C. § 12182.

C. **Major Legal and Factual Issues in Case**

*Plaintiff's Position*: Did NBME reasonably accommodate Plaintiff for his Step 1 USMLE Exam.

*NBME's Position*: (1) Whether Plaintiff has standing to assert his claim against NBME under Title III of the ADA, where the only relief available is prospective injunctive relief, given that Plaintiff is not enrolled in medical school and therefore is ineligible to sit for the USMLE (with or without accommodations); (2) if Plaintiff has standing, whether he is disabled within the meaning of the ADA (i.e., substantially limited in a major life activity as compared to most people), so as to be entitled to reasonable accommodations on the USMLE Step 1 exam; and (3) if Plaintiff shows that he has standing to sue and that he is disabled within meaning of the ADA, whether he requires 100% additional time testing accommodations (double the amount provided to other examinees) to take the test in an accessible manner, given his alleged functional limitations.

D. **Relief Sought by the Parties**

*Plaintiff's Position*: Permanent injunctive relief ordering NBME to: allow Plaintiff to sit for Step 1; cease and desist from refusal to accommodate Plaintiff's request for accommodation and order compliance with ADA by allowing Plaintiff requested

148499520.1

accommodation of two times the standard time to take USMLE Step 1; allow Plaintiff to take future USMLE examination at two times standard time; excusing Plaintiff's three previous attempts due to failure to provide reasonable accommodations; prohibit the NBME from treating Plaintiff differently than his non-disabled counterparts; order NBME to undergo periodic training; and order NBME to pay all costs including attorney's fees of Plaintiff.

*NBME's Position*: NBME denies that Plaintiff is entitled to the relief sought or any relief. NBME is not seeking any relief from Plaintiff at this time.

**2. Jurisdiction: Why the Court has Subject Matter Jurisdiction Over Plaintiff's Claims**

**A. Identify all federal statutes on which federal question jurisdiction is based.**

Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. 12182 et. seq.

Plaintiff's claim against NBME arises under 42 U.S.C. § 12189.

**3. Status of Service. Identify any defendants that have not been served.**

NBME has been served and entered its appearance.

Plaintiff asserts a claim against Stritch School of Medicine in his proposed Amended Complaint. Stritch School of Medicine has not yet been served.

**4. Consent to Proceed Before a United States Magistrate Judge. Confirm counsel have advised the parties they may proceed before a Magistrate Judge. Advise if there is or is not unanimous consent.**

Counsel for Plaintiff and NBME have advised the parties that they may proceed before a Magistrate Judge. There is not unanimous consent to proceed before a Magistrate Judge.

**5. Motions:**

148499520.1

A. **Briefly describe any pending motions.**

*NBME's Position*: NBME has filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Plaintiff is not eligible for or registered to take Step 1 of the USMLE and therefore lacks standing to sue NBME (Dkt. No. 6).

*Plaintiff's Position*: Plaintiff has brought a Motion for Leave to Amend his Complaint which seeks leave to add Stritch School of Medicine as a Defendant and that slightly alters the claim against the NBME (Dkt. No. 16).

B. **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

NBME has filed a Motion to Dismiss the Complaint, and anticipates moving to dismiss the Amended Complaint, if filed.

6. **Status of Settlement Discussions**

    A. **Indicate whether any settlement discussions have occurred;**

    Settlement discussion have not occurred.

    B. **Describe the status of any settlement discussions**; and

    N/A

    C. **Whether the parties request a settlement conference.**

    Plaintiff and NBME do not request a settlement conference at this time.

**Additional Information Requested by the Court in the May 28, 2020 Order (Dkt. No. 19):**

1. **Whether defendant NBME opposes plaintiff's motion for leave to file an amended complaint (Dkt. No. 16).**

Although NBME does not concede the merits of Plaintiff's claim or that Stritch School of Medicine is properly joined as a defendant in this action, NBME believes that Plaintiff could

148499520.1

have filed his Amended Complaint against NBME as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1) and therefore does not oppose the motion on that basis.

**2.      If yes, proposed briefing schedule.**

N/A

**3.      The effect, if any, of any potential amended complaint on NBME's motion to dismiss (Dkt. No. 6), including whether the motion would be moot, whether NBME would seek to refile the motion in light of any amended complaint, and any other relevant information.**

NBME's motion to dismiss would be moot upon the filing of the Amended Complaint. NBME, however, intends to file a motion to dismiss the Amended Complaint, if the Amended Complaint is filed.

**4.      In light of item 3, whether the briefing schedule on the motion (Dkt. No. 6) should stand; if not, proposing a new agreed schedule**:

If Plaintiff files the Amended Complaint, then the briefing schedule on NBME's pending motion to dismiss should not stand, as that motion would become moot.

Plaintiff and NBME agreed to the following briefing schedule on NBME's motion to dismiss the Amended Complaint:

NBME's motion to dismiss:   Due 2 weeks after Plaintiff files the Amended Complaint

Plaintiff's opposition:  Due 3 weeks after NBME's files its motion

NBME's reply:  Due 1 week after Plaintiff files his opposition

Plaintiff and NBME also agreed in the alternative, however, that if it is more convenient for the Court, the time for NBME to answer or otherwise respond to the Amended Complaint could be stayed to allow Plaintiff time to serve Stritch School of Medicine, and the parties could meet and confer on a proposed schedule after Stritch School of Medicine enters an appearance.

148499520.1

Respectfully Submitted:

| **ATTORNEY FOR PLAINTIFF,** | **ATTORNEY FOR DEFENDANT** |
|---|---|
| **/s//** Cynthia M Rote<br>Cynthia M Rote<br>Integrate Legal, PC<br>12533 Wagon Wheel Road<br>Rockton, Illinois 61072<br>Cynthia@Integreate-Legal.com<br>(815) 255-4695<br>Lead Trial Attorney | /s/ Caroline M. Mew<br>Caroline Mew (admitted *pro hac vice*)<br>Perkins Coie LLP<br>700 13th St. NW, Suite 800<br>Washington, DC 20005-3960<br>cmew@perkinscoie.com<br>(202) 654-1767<br><br>Jillian Sommers<br>Perkins Coie LLP<br>131 S. Dearborn St., Suite 1700<br>Chicago, IL 60603-5559<br>jsommers@perkinscoie.com<br>(312) 324-8587 |

148499520.1