# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARCUS HILLIARD, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) Case No. 20-cv-1144 |
| v. | ) |
| | ) Judge Pacold |
| NATIONAL BOARD OF MEDICAL | ) |
| EXAMINERS, and LOYOLA | ) Magistrate Judge Fuentes |
| UNIVERISTY CHICAGO STRITCH | ) |
| SCHOOL OF MEDICINE, | ) |
| | ) |
| DEFENDANT. | ) |

## UPDATED JOINT STATUS REPORT

Plaintiff Marcus Hilliard ("Plaintiff") and defendants National Board of Medical Examiners ("NBME") and Loyola University of Chicago, incorrectly named as Loyola University Chicago Stritch School of Medicine ("Loyola"), by their undersigned counsel and pursuant to the Court's June 12, 2020 minute entry (Doc. No. 23), respectfully submit the following Updated Joint Status Report:

1. **Nature of the Case:**

    A.  **Attorney Contact Info:**

    | Attorney for Plaintiff | Attorneys for Defendant National Board of Medical Examiners |
    |---|---|
    | Cynthia M Rote | |
    | Integrate Legal, PC | Caroline Mew (admitted *pro hac vice*) |
    | 12533 Wagon Wheel Road | Perkins Coie LLP |
    | Rockton, Illinois 61072 | 700 13th St. NW, Suite 800 |
    | Cynthia@Integreate-Legal.com | Washington, DC 20005-3960 |
    | (815) 255-4695 | cmew@perkinscoie.com |
    | Lead Trial Attorney | (202) 654-1767 |
    | | |
    | | Jillian Sommers |
    | | Perkins Coie LLP |

131 S. Dearborn St., Suite 1700
Chicago, IL 60603-5559
jsommers@perkinscoie.com
(312) 324-8587

Attorneys for Defendant Loyola University of Chicago

Monica H. Khetarpal (Lead Attorney)
Priya P. Khatkhate
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, IL 60601
Monica.Khetarpal@jacksonlewis.com
Priya.Khatkhate@jacksonlewis.com
(312) 787-4949

**B.     Nature of Claims Asserted in Complaint, Counterclaims or Third-Party Claims**

Plaintiff alleges that defendant National Board of Medical Examiners ("NBME") violated a provision in Title III of the Americans with Disabilities Act ("ADA") applicable to certain standardized tests, 42 U.S.C. § 12189, by denying his request for 100% extra time testing accommodations (i.e., twice the standard amount of testing time) on Step 1 of the United States Medical Licensing Examination (USMLE).  NBME granted Plaintiff 50% extra time testing accommodations.

Plaintiff also alleges that Loyola violated the ADA, 42 U.S.C. § 12182, by failing to provide reasonable modifications and accommodations in the form of making insufficient and inconsistent accommodations to Plaintiff during his time at Loyola. Plaintiff further alleges Loyola violated the ADA by failing to provide reasonable modifications and accommodations in the form of allowing Plaintiff to remain enrolled at Loyola after he failed Step 1 of the USMLE exam three times.

Defendants deny these claims.

C.      **Major Legal and Factual Issues in Case**

*Plaintiff's Position regarding NBME:* Did NBME reasonably accommodate Plaintiff for his Step 1 USMLE Exam?

*Plaintiff's Position regarding Loyola*: (1) Did Loyola reasonably accommodate Plaintiff during his time as a student? (2) Did Loyola enter into the interactive process when making its decision not to accommodate Plaintiff by allowing him to remain enrolled in medical school which would have allowed him to take the USMLE Exam a fourth time.

*NBME's Position*: (1) Whether Plaintiff has standing to assert his claim against NBME under Title III of the ADA, where the only relief available is prospective injunctive relief, given that Plaintiff is not enrolled in medical school and therefore is ineligible to sit for the USMLE (with or without accommodations); (2) whether Plaintiff's claims against NBME are barred by the statute of limitations; (3) if Plaintiff has standing and his claims are not barred by the statute of limitations, whether he is disabled within the meaning of the ADA (i.e., substantially limited in a major life activity as compared to most people), so as to be entitled to reasonable accommodations on the USMLE Step 1 exam; (4) if Plaintiff shows that he has standing to sue and that he is disabled within meaning of the ADA, and if his claims are not barred by the statute of limitations, whether he requires 100% additional time testing accommodations (double the amount provided to other examinees) to take the test in an accessible manner, given his alleged functional limitations.

*Loyola's Position*: (1) Whether Plaintiff's allegations against Loyola are time-barred; (2) if any of Plaintiff's allegations are not time-barred, whether Plaintiff can

148499520.1

prove that Loyola failed to provide reasonable accommodations under Title III of the ADA, and specifically whether allowing Plaintiff to remain in Loyola's program despite his failure to pass Step 1 of the USMLE after three attempts was a reasonable accommodation.

### D. Relief Sought by the Parties

*Plaintiff's Position relating to NBME*: Permanent injunctive relief ordering NBME to: allow Plaintiff to sit for Step 1; cease and desist from refusal to accommodate Plaintiff's request for accommodation and order compliance with ADA by allowing Plaintiff requested accommodation of two times the standard time to take USMLE Step 1; allow Plaintiff to take future USMLE examination at two times standard time; excusing Plaintiff's three previous attempts due to failure to provide reasonable accommodations; prohibit the NBME from treating Plaintiff differently than his non-disabled counterparts; order NBME to undergo periodic training; and order NBME to pay all costs including attorney's fees of Plaintiff.

*Plaintiff's Position relating to Loyola:* Permanent injunctive relief ordering Loyola to: reinstate Plaintiff, immediately notify the NBME that Plaintiff is enrolled and eligible to sit for the Step 1 exam at a time of Plaintiff's choosing, prohibiting Loyola from treating Plaintiff differently than his non-disabled counterparts, ordering Loyola to undergo periodic training regarding the ADA and disability awareness; Ordering Loyola to pay all costs including attorneys' fees to Plaintiff.

*NBME's Position*: NBME denies that Plaintiff is entitled to the relief sought or any relief. NBME is not seeking any relief from Plaintiff at this time.

148499520.1

*Loyola's Position*: Loyola denies that Plaintiff is entitled to the relief sought, or any relief whatsoever. Loyola is not seeking any relief from Plaintiff at this time.

2. **Jurisdiction: Why the Court has Subject Matter Jurisdiction Over Plaintiff's Claims**

    A. **Identify all federal statutes on which federal question jurisdiction is based.**

    Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. 12182 et. seq.

    Plaintiff's claim against NBME arises under 42 U.S.C. § 12189.

3. **Status of Service. Identify any defendants that have not been served.**

    NBME has been served and entered its appearance.

    Loyola has waived service and entered its appearance.

4. **Consent to Proceed Before a United States Magistrate Judge. Confirm counsel have advised the parties they may proceed before a Magistrate Judge. Advise if there is or is not unanimous consent.**

    Counsel for Plaintiff, NBME, and Loyola have advised the parties that they may proceed before a Magistrate Judge. There is not unanimous consent to proceed before a Magistrate Judge.

5. **Motions:**

    A. **Briefly describe any pending motions.**

    No motions are pending.

    B. **State whether the defendant(s) anticipate responding to the amended complaint by filing an Answer or by means of motion.**

    NBME filed a Motion to Dismiss on March 17, 2020, which became moot when Plaintiff filed his Amended Complaint. NBME intends to respond to Plaintiff's Amended Complaint by filing a motion to dismiss.

Loyola anticipates responding to Plaintiff's Amended Complaint by filing a motion to dismiss.

6. **Status of Settlement Discussions**

    A. **Indicate whether any settlement discussions have occurred;**

    Settlement discussion have not occurred.

    B. **Describe the status of any settlement discussions**; and

    N/A

    C. **Whether the parties request a settlement conference.**

    Plaintiff, NBME and Loyola do not request a settlement conference at this time.

2. **Proposed briefing schedule on Defendants' anticipated Motions to Dismiss:**

Loyola's response to the Complaint is due by September 4, 2020. The parties agreed to the following briefing schedule in light of this timing:

    Defendants will file their respective motions to dismiss on or before September 4, 2020.

    Plaintiff will respond to the motions on or before September 25, 2020.

    Defendants will reply to their respective motions on or before October 9, 2020.

Respectfully Submitted:

| Attorney for Plaintiff | Attorneys for Defendant National Board of Medical Examiners |
|---|---|
| /s// *Cynthia M Rote* <br> Cynthia M Rote <br> Integrate Legal, PC <br> 12533 Wagon Wheel Road <br> Rockton, Illinois 61072 <br> Cynthia@Integreate-Legal.com <br> (815) 255-4695 <br> Lead Trial Attorney | /s/ Caroline M. Mew <br> Caroline Mew (admitted *pro hac vice*) <br> Perkins Coie LLP <br> 700 13th St. NW, Suite 800 <br> Washington, DC 20005-3960 <br> cmew@perkinscoie.com <br> (202) 654-1767 |

148499520.1

Jillian Sommers
Perkins Coie LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603-5559
jsommers@perkinscoie.com
(312) 324-8587

Attorneys for Defendant Loyola University of Chicago

/s/ Monica H. Khetarpal
Monica H. Khetarpal (Lead Attorney)
Priya P. Khatkhate
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, IL 60601
Monica.Khetarpal@jacksonlewis.com
Priya.Khatkhate@jacksonlewis.com
(312) 787-4949

4841-1479-1363, v. 1

148499520.1