IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS HILLIARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20-cv-1144 |
| v. ) | |
| ) | Honorable Martha M. Pacold |
| NATIONAL BOARD OF MEDICAL ) | |
| EXAMINERS , and LOYOLA ) | Magistrate Judge Gabriel A. Fuentes |
| UNIVERSITY CHICAGO STRITCH ) | |
| SCHOOL OF MEDICINE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT LOYOLA UNIVERSITY OF CHICAGO'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PORTIONS OF PLAINITFF'S AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Defendant Loyola University of Chicago ("Defendant" or "Loyola"), incorrectly identified as Loyola University Chicago Stritch School of Medicine, by and through its attorneys, Monica H. Khetarpal, Kirsten A. Milton, and Priya P. Khatkhate of Jackson Lewis P.C., moves to dismiss allegations in Plaintiff Marcus Hilliard's Complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative to strike those allegations pursuant to Fed. R. Civ. P. 12(f). A majority of the factual allegations comprising Plaintiff's claim against Loyola are outside the applicable two-year statute of limitations, and thus, are time-barred. In support of its motion, Loyola states as follows:

**I.      INTRODUCTION**

Plaintiff, a former medical student at Loyola's Stritch School of Medicine ("Stritch"), brings a two-count complaint against co-defendants Loyola and National Board of Medical Examiners ("NBME"). Plaintiff was enrolled as a medical student at Stritch from August 2015

until his dismissal in September 2019. (Amended Complaint "Am. Compl." ¶ 4). Plaintiff claims he is a person with a disability under the Americans with Disabilities Act, 42 U.S.C. § 12181, *et. seq.* ("ADA"). (*Id.* ¶¶ 5, 6). NBME is an independent organization that provides standardized medical licensure examinations. (*Id.* ¶ 8). Plaintiff alleges that Loyola violated Title III of the ADA when Stritch failed to provide reasonable accommodations or provided insufficient and inconsistent accommodations beginning in March 2015. (*Id.* ¶¶ 5, 48).

On September 25, 2019, Plaintiff was dismissed as a student from Stritch after three failed attempts at the United States Medical Licensing Examination ("USMLE") Step 1 exam ("Step 1 exam"). (*Id.* ¶ 51). Medical students must be enrolled in medical school in order to sit for medical licensure exams, including the Step 1 exam. (*Id.* ¶ 34). Plaintiff claims that Loyola was obligated to accommodate his disabilities by allowing him to remain enrolled at Stritch so that he could sit for the Step 1 exam a fourth time, and that Loyola violated the ADA when it failed to do so, and instead dismissed him as a student from Stritch. (*Id.* ¶¶ 50, 51). Plaintiff claims that Loyola's failure to provide this alleged reasonable accommodation, and its decision to dismiss him as a student, resulted in the NBME denying his request to sit for his Step 1 exam a fourth time, thus denying him full and equal enjoyment of the "goods, services, facilities, privileges, advantages, or accommodations" of Stritch. (*Id*. ¶¶ 51, 53).

Plaintiff's allegations regarding requests for classroom and testing accommodations during his time as a student at Stritch are untimely. There is no dispute that a two-year statute of limitations applies to Plaintiff's legal claims pursuant to the ADA. *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir. 1996). Plaintiff's June 15, 2020 Amended Complaint therefore cannot include his untimely allegations of Loyola's "past" failure to provide him with reasonable accommodations. (Am. Compl. ¶ 52). Plaintiff may only bring factual allegations dated *after* June

2

15, 2018, two years before he filed his Amended Complaint in this matter. Any allegations predating June 15, 2018 are untimely; they fail to state a claim upon which relief can be granted and must be dismissed or in the alternative stricken. *See* Fed. R. Civ. P. 12(b)(6) and (f).

## II.     RELEVANT FACTUAL BACKGROUND[1]

Plaintiff enrolled as a first-year medical student at Stritch in August 2015. (Am. Compl. ¶ 11). In July 2015, prior to beginning at Stritch, Plaintiff met with members of the school's administrative staff to discuss accommodations for his learning disabilities which affected his ability to learn, read, and write. (*Id.* ¶¶ 10, 15-16). Plaintiff claims that on July 15, 2015, Stritch informed him that its Technical Standards Review Committee did not approve him for the following accommodations: double time on his examinations, access to certain reading and course materials, the use of scratch paper during exams, and accommodations on other exams including in his Patient Centered Medicine 1 course. (*Id.* ¶¶ 17-18). However, Plaintiff acknowledges that not all of his requested accommodations were denied, and on April 26, 2017, Stritch sent him a letter outlining certain approved accommodations.[2] (*Id.* ¶ 20). Plaintiff nevertheless performed poorly and was placed on academic probation as of June 29, 2017. (*Id.* ¶ 21).

Some time later, Plaintiff petitioned the NBME for an accommodation of double time to take the Step 1 exam. He was denied that specific request but was instead allowed time-and-one-half. (*Id.* ¶ 22). On June 21-22, 2018, Plaintiff sat for his first attempt at the Step 1 exam, which he failed. (*Id.*). On September 25, 2018,[3] Plaintiff submitted a second accommodation request for

---

[1] For the purposes of this Motion only, Loyola treats the factual allegations in Plaintiff's Amended Complaint as true.
[2] Plaintiff's Amended Complaint does not include detailed information about the accommodations Stritch granted to him. As this Motion is restricted to the allegations in the Amended Complaint, Loyola cannot elaborate here on what was granted.
[3] In his Amended Complaint Plaintiff alleges that he submitted his second request for an accommodation of double time to take Step 1 exam in September 2017, but given that he alleges that he first sat for the exam in June 2018, and for a second time in November 2018 (Am. Compl. ¶ 26), Loyola assumes this date was an error. Regardless, these dates are not material to Loyola's motion to dismiss.

double time to take the Step 1 exam, which was again denied by NBME in favor of time-and-one-half. (*Id.* ¶¶ 23-24). Plaintiff again failed the exam on his second attempt on November 9-10, 2018. (*Id.* ¶ 26). On February 16, 2019, Plaintiff made a third accommodation request to the NBME, again asking for double-time to take the Step 1 exam, which the NBME again denied in favor of time-and-one-half. (*Id.* ¶ 27). Plaintiff sat for and failed the exam on his third attempt on August 30-31, 2019. (*Id.* ¶ 29).

Passing the Step 1 exam is a prerequisite to transitioning into the clinical years (year three and year four) of medical education. (*Id.* ¶¶ 67, 70). Following his third unsuccessful attempt at taking the Step 1 exam, Stritch informed Plaintiff on September 25, 2019 that he was no longer enrolled at the school – more than *four years* after he matriculated as a first-year student. (*Id.* ¶ 51). Plaintiff appealed this decision twice. Those appeals were denied on October 22, 2019 and November 8, 2019, respectively. (*Id.* ¶¶ 39-40).

### III. LEGAL STANDARD

To survive a motion to dismiss, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although generally a defense based on a statute of limitations is an affirmative one and is not the subject of a motion to dismiss, "dismissal under [Fed. R. Civ. P.] 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n. 1 (7th Cir. 2006) (internal citations omitted); *see also U.S. v. Lewis*, 411 F.3d 838, 842, (7th Cir. 2005). If, as here, a plaintiff "pleads facts that show that his suit is time-barred . . . he has pled himself out of court." *Butler v. Ill. DOT*, 533 F. Supp. 821, 827 (N.D. Ill. 2008) (citing *Trigness v.*

*Great Am. Comm. Co.*, 12 F.3d 717, 718 (7th Cir. 1993)); *Aberman v. Bd. of Educ. of Chi.*, Case No. 12 CV 10181, 2014 U.S. Dist. LEXIS 138641, at *11-12 (N.D. Ill. Sept. 30, 2014).

Additionally, a motion made pursuant to Fed. R. Civ. P. 12(f) is appropriate to remove "immaterial, impertinent, or scandalous matter" from pleadings. *See* Fed. R. Civ. P. 12(f). Motions to strike may be used to expedite a case by "removing unnecessary clutter" from the case. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A movant seeking to strike specific allegations must show that the allegations "are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration and that the allegations are unduly prejudicial." *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997) (internal quotations and citations omitted).

According to the facts in Plaintiff's Amended Complaint, almost all of the conduct giving rise to his allegations against Loyola occurred well outside of the applicable statute of limitations for his ADA claim. As a result, Paragraphs 14-18, 20-21, and 48-49 should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative stricken pursuant to Fed. R. Civ. P. 12(f).

**IV.  ARGUMENT**

In support of his claim against Loyola, Plaintiff alleges that Stritch did not provide him with the reasonable accommodations he requested in 2015 and at other unspecified times; Stritch did not give him an official letter outlining his approved accommodations until April 2017; he was placed on academic probation in June 2017; he was dismissed from Stritch on September 25, 2019, which he appealed unsuccessfully in October 2019; and he was not allowed to remain enrolled at Stritch after three failed attempts at the Step 1 exam. (Am. Compl. ¶¶ 17-18, 20, 21, 33, 37-40, 49-50). Plaintiff also alleges that Loyola discriminated against him in violation of the ADA when he

5

was denied the full and equal enjoyment of, and was excluded from participating in or benefiting from, the services, facilities, and privileges of Stritch after his dismissal from the program. (*Id.* ¶ 51). Taking the allegations in Plaintiff's Amended Complaint as true, there is no doubt that the majority of the facts giving rise to his allegations occurred outside the limitations period for claims under the ADA and, thus, must be dismissed or stricken.

### A. Plaintiff's Allegations are Subject to a Two-Year Statute of Limitations

There can be no dispute that Plaintiff's claims under the ADA are subject to a two-year statute of limitations. *Sherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013) (applying Illinois' two-year statute of limitations for personal injuries to claims brought under Title III of the ADA). The Seventh Circuit has explicitly held that Illinois' two-year statute of limitations for personal injury claims applies to actions brought under Title III of the ADA. *Soignier*, 92 F.3d at 551 (applying two-year statute of limitations to a failure to accommodate claim under the ADA).

### B. Any Allegations Prior to April 15, 2018 – Two Years Prior to Plaintiff's Amended Complaint – Are Time-Barred and Must Be Stricken or Dismissed

Plaintiff brought his initial Complaint in this matter on February 17, 2020, naming only the NBME as the defendant. (Doc. No. 1). On June 15, 2020, with leave of the Court, Plaintiff filed his Amended Complaint, in which he named Loyola as an additional defendant. (Doc. No. 24). Therefore, as to Defendant Loyola, the statute of limitations has run for all claims that accrued prior to June 15, 2018.

Plaintiff also cannot make an argument that any of Loyola's actions pre-dating June 15, 2018 – which is nearly all the conduct of which he complains – constituted continuing violations and therefore remain timely. A limitations period starts to run when the plaintiff "knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Butler*, 533 F. Supp. at 827 (dismissing plaintiff's claim as time-barred

because it was brought more than two years after plaintiff knew of the injury defendant allegedly caused). Here, Plaintiff alleges he knew on July 15, 2015, even prior to his matriculation at the school, that Stritch denied his accommodations request, and knew what his approved accommodations were as of April 26, 2017. (Am. Compl. ¶¶ 17, 20); *Soignier*, 92 F.3d at 551.

Indeed, in *Soignier*, the plaintiff, a physician, alleged that the defendant, the American Board of Plastic Surgery, violated the ADA when it denied plaintiff's request to re-take a certification exam with certain accommodations after failing the exam five times. *Id*. at 549. Plaintiff appealed his failure of the exam internally and the denial of requested accommodations, but the Board affirmed its decision and refused to grant plaintiff an additional opportunity to take the exam. *Id.* at 552. Plaintiff sued the Board, alleging that it violated the ADA by failing to reasonably accommodate his disabilities. *Id.* at 549. The district court granted, and the Seventh Circuit affirmed, defendant's motion to dismiss the claim because it was brought outside of the two-year statute of limitations applicable to ADA claims. *Id*. at 552. According to the Seventh Circuit, plaintiff's cause of action accrued when he took the test the fifth time, without the requested accommodations, because he knew at that time that he had not received all of his requested accommodations, *i.e.* the alleged discriminatory act giving rise to plaintiff's claims. *Id*. at 553.

Furthermore, the *Soignier* court expressly rejected the plaintiff's argument that the limitations period began to run when the Board denied the plaintiff's request to re-take the test, because the statute of limitations began with the "discovery of the original act of discrimination, not future confirmation of the injury." *Id*. at 552. Here, Plaintiff alleges that he received notice that his requested accommodation of double time on examinations was denied on July 15, 2015, and that he first received an official letter outlining his approved accommodations on April 26, 2017.

(Am. Compl. ¶¶ 17, 20). He also makes vague allegations that several of his requests for classroom and test-taking accommodations were denied, but gives no date for such denials other than the two stated prior, and alleges that "Stritch's past and ongoing failure to provide reasonable accommodations to Plaintiff" violated his ADA rights. (*Id.* ¶¶ 49, 52). Neither his specific allegations of acts in 2015 and 2017, nor his attempt to save them by his vague claims of "past and ongoing failure to provide reasonable accommodation," are timely.

Allowing these allegations – which are unrelated to any of Plaintiff's surviving ADA claims – to remain in Plaintiff's Amended Complaint serves only to confuse the issues. *Cumis*, 983 F.Supp. at 798. Loyola would be prejudiced if it were forced to undergo lengthy and unnecessary discovery on allegations that are immaterial to the actual matters in controversy. *Id.* It would also be prejudiced by the confusing appearance of ongoing violations, when those actions and omissions clearly occurred years prior to the limitations period.

**V.      CONCLUSION**

For the reasons stated above, Defendant Loyola University of Chicago moves to dismiss or in the alternative strike Paragraphs 14-18, 20-21, and 48-49, and for such other and further relief as this Court deems just and proper.

Dated: September 4, 2020        Respectfully submitted,

**LOYOLA UNIVERSITY OF CHICAGO**

By: /s/ Monica H. Khetarpal
      One of Its Attorneys

Monica H. Khetarpal
Kirsten A. Milton
Priya P. Khatkhate
JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Fax: (312) 787-4995
Email: monica.khetarpal@jacksonlewis.com
Email: kirsten.milton@jacksonlewis.com
Email: priya.khatkhate@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on this 4th day of September, 2020 a true and correct copy of the foregoing Defendant Loyola University of Chicago's Memorandum of Law in Support of Its Motion to Dismiss Portions of Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) was filed electronically and electronically served to all parties registered to receive service by CM/ECF.

/s/ Monica H. Khetarpal
Monica H. Khetarpal