UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS HILLIARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-01144 ) |
| NATIONAL BOARD OF MEDICAL EXAMINERS and LOYOLA UNIVERSITY CHICAGO STRITCH SCHOOL OF MEDICINE, | ) Hon. Martha M. Pacold ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT
OF NBME'S MOTION TO DISMISS THE AMENDED COMPLAINT**

In his Amended Complaint (Dkt. 24), Plaintiff Marcus Hilliard ("Mr. Hilliard") alleges that the National Board of Medical Examiners ("NBME") violated Title III of the Americans with Disabilities Act ("ADA") by not approving his request for double the standard amount of testing time (100% extra time) that is provided to examinees on Step 1 of the United States Medical Licensing Examination ("USMLE"). NBME authorized Mr. Hilliard to test with 50% extra testing time, but he failed the Step 1 exam three times. He now seeks an injunction that would require NBME to provide him with 100% extra testing time. NBME denies that it violated Mr. Hilliard's rights and denies that he may proceed with his claim in any event.

First, Mr. Hilliard does not have standing to pursue his claim against NBME. The only relief available under Title III of the ADA is "preventive" injunctive relief. Mr. Hilliard was dismissed from medical school in September 2019, making him ineligible to take the Step 1 exam again, and he is not currently registered for the test. Therefore, injunctive relief would accomplish nothing because he is not eligible to take the test again. Although Mr. Hilliard has brought his

former medical school, Loyola University Chicago Stritch School of Medicine ("Loyola") into this case and seeks reinstatement, it is entirely speculative whether his claim against Loyola will succeed or whether reinstatement would follow if it did. Such speculative outcomes are insufficient to create standing.

Second, even if Mr. Hilliard had standing, his claim is barred by the statute of limitations. He first requested 100% additional testing time in September 2016, and NBME informed him in October 2016 that this request was denied (he was approved for 50% additional time). His cause of action accrued at that time. If Mr. Hilliard disagreed with NBME's decision, he could have asserted a claim then. Instead, he waited until February 2020 to file this lawsuit, well after the two-year statute of limitations. His later, renewed request for the same accommodation that NBME had previously denied did not revive his time-barred claim.

Mr. Hilliard's claim against NBME should be dismissed.

## BACKGROUND

### I. NBME AND THE USMLE

NBME is a not-for-profit organization based in Philadelphia, Pennsylvania. NBME's mission is to protect the health of the public through the development and administration of high-quality examinations. Decl. of Catherine Farmer, Psy.D. ¶ 3 ("Farmer Decl.").[1] In conjunction with the Federation of State Medical Boards, NBME sponsors the USMLE program. *Id.* ¶ 4.

The USMLE is a standardized examination used to evaluate applicants' competence for medical licensure. *Id.* It is designed to assess an examinee's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that constitute the basis of

---

[1] NBME is offering Dr. Farmer's declaration (Exhibit 1 hereto) in support of its motion to dismiss for lack of subject matter jurisdiction. NBME's motion to dismiss for failure to state a claim based on the statute of limitations is based solely on the allegations in the Amended Complaint.

- 2 -

149107732.1

safe and effective patient care. *Id.* Medical licensing authorities across the United States rely upon the USMLE to help evaluate the qualifications of individuals seeking an initial license to practice medicine. *Id.* ¶ 5.

Three "Step" exams make up the USMLE, taken at different times in an individual's medical education process: Step 1, Step 2 (consisting of the Step 2 Clinical Knowledge exam (Step 2 CK) and the Step 2 Clinical Skills exam (Step 2 CS)), and Step 3. *Id.* ¶ 6. Step 1, the examination that is the subject of Mr. Hilliard's claim against NBME, assesses whether candidates understand and can apply important science concepts that are basic to the practice of medicine. *Id.*

Examinees take the USMLE under standard conditions, including standard testing time. *Id.* ¶ 7. However, NBME provides accommodations to individuals who document that they have a disability within the meaning of the ADA and need accommodations to test in an accessible manner. *Id.* ¶¶ 7-8.

NBME reviews all requests for accommodations on an individualized basis, with the objective of ensuring that "individuals with *bona fide* disabilities receive accommodations, and that those without disabilities do not receive accommodations that they are not entitled to, and which could provide them with an unfair advantage…. As administrator of the national exam used by … states for licensing medical doctors, [NBME] has a duty to ensure that the examination is fairly administered to all those taking it." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 88-89 (2d Cir. 2004) (rejecting ADA claims brought by an examinee against NBME and her medical school). NBME also has a responsibility to protect the integrity of USMLE scores, given the USMLE's role in helping licensing authorities ensure the minimum competency of physicians.

To be eligible to take the USMLE, an individual must be a medical student officially enrolled in, or a graduate of, an accredited United States or Canadian medical school program

leading to the MD or DO degree or a medical student officially enrolled in, or a graduate of, a medical school that is outside the United States and Canada meeting certain eligibility criteria. *See* Farmer Decl. ¶ 22 and Ex. I (USMLE Bulletin, "Eligibility for the USMLE Steps"). If an individual is dismissed or withdrawn from medical school, he is not eligible for the USMLE, even if he is appealing the school's dismissal decision or otherwise contesting his status. *Id.* ¶ 23.

## II. MR. HILLIARD'S REQUESTS FOR ACCOMMODATIONS ON STEP 1 OF THE USMLE AND STATUS IN MEDICAL SCHOOL

Mr. Hilliard first requested accommodations on the Step 1 exam on or about September 26, 2016. He sought 100% additional testing time (double the amount of standard testing time) over 2 days. *Id.* ¶ 10 and Ex. A. By letter dated October 14, 2016, NBME notified Mr. Hilliard that his "documentation does not demonstrate that 200% testing time is an appropriate modification of your Step 1 test administration." *Id.* ¶ 11 and Ex. B; *see also* Amended Complaint ¶ 19.[2] NBME approved Mr. Hilliard to receive 50% additional testing time, however, and to test in a separate testing room and with the test administered over two days instead of one. Farmer Decl. Ex. B.

Mr. Hilliard did not sit for the test after submitting that accommodation request and being approved to test with accommodations. *Id.* ¶ 12. Instead, he submitted another request for accommodations almost one year later, on or about September 25, 2017. *Id.*; *see also* Amended Complaint ¶ 23.[3] In his September 2017 request, he sought "the same accommodations" he was

---

[2] According to Mr. Hilliard, he was also denied double time accommodations on his medical school examinations. *See* Amended Complaint ¶ 17.

[3] Mr. Hilliard reports that he was already on academic probation in medical school by this time. *See* Amended Complaint ¶ 21.

- 4 -

previously approved to receive (*i.e.*, 50% additional time). *Id.* ¶ 12 and Ex. C.[4] NBME responded by letter dated September 27, 2017, informing him that he was approved to test with 50% additional testing time and would test over two days in a separate room. *Id.* ¶ 13 and Ex. D.

Almost nine months later, on June 21 and 22, 2018, Mr. Hilliard finally sat for the Step 1 exam with the accommodations he had most recently requested, including 50% extra time. *Id.* ¶ 14; *see also* Amended Complaint ¶ 22. He did not obtain a passing score. *Id.*

On or about July 23, 2018, Mr. Hilliard submitted another request for accommodations on the Step 1 exam. He requested the same accommodations he previously was provided (including 50% additional time). Farmer Decl. ¶ 15 and Ex. E. By letter dated July 23, 2018, NBME granted this request. *Id.* ¶ 16 and Ex. F.[5] Mr. Hilliard took the Step 1 exam with the approved accommodations on November 9 and 10, 2018 and did not pass. *Id.* ¶ 17; *see also* Amended Complaint ¶ 26.

On or about February 16, 2019, Mr. Hilliard submitted another request for accommodations. This time, he returned to his original request for double testing time (100% additional time). Farmer Decl. ¶ 18 and Ex. G. By letter dated May 1, 2019, NBME denied this request, informing him that "[t]here is insufficient evidence to demonstrate that 100% additional testing time is an appropriate modification of [his] USMLE Step 1 test administration." *Id.* ¶ 19 and Ex. H. NBME again approved Mr. Hilliard for 50% additional testing time over two days in

---

[4] Mr. Hilliard incorrectly alleges that he requested double-time accommodations in September 2017. *Compare* Amended Complaint ¶ 23 *and* Farmer Decl. Ex. C.

[5] Mr. Hilliard incorrectly alleges that he was denied double-time accommodations on the November 2018 test. He requested the same accommodation he previously was provided—50% extra time—and this request was granted. *Compare* Amended Complaint ¶ 26 *and* Farmer Decl. Ex. E.

a separate room. *Id.* Mr. Hilliard tested with these accommodations on August 30 and 31, 2019. *Id.* ¶ 20. He did not pass. *Id.*; *see also* Amended Complaint ¶ 29.

Mr. Hilliard began the registration process to take the Step 1 examination a fourth time by applying to test on or about September 18, 2019. Farmer Decl. ¶ 21. After an examinee applies to take a USMLE exam, NBME adds his name to a roster for his medical school to verify his eligibility to test. After Mr. Hilliard submitted his application, staff at Loyola informed NBME that Mr. Hilliard was not currently enrolled in the school. *Id.* ¶ 24. Because enrollment is an eligibility requirement for taking the Step 1 exam, NBME cancelled Mr. Hilliard's incomplete registration. *Id.* ¶ 24. In an October 10, 2019 email, Mr. Hilliard informed NBME that he was appealing his dismissal from medical school. *Id.* ¶ 25 and Ex. J.

On or about October 21, 2019, Mr. Hilliard submitted another testing accommodation request to NBME, again seeking 100% additional time and a separate testing room. *Id.* ¶ 26 and Ex. K. On October 22, 2019, NBME informed Mr. Hilliard that it could not review his accommodation request because he was not registered for the test. *Id.* ¶ 27 and Ex. L.

On January 31, 2020, Mr. Hilliard forwarded a letter to NBME that he apparently received from the U.S. Department of Education, Office for Civil Rights (OCR). The letter indicated that Mr. Hilliard had filed a complaint with OCR alleging that Loyola discriminated against him on the basis of disability by, among other things, denying his "request for a modification of its policy requiring students to pass the Medical Licensing Examination (USMLE) Step 1 exam within three attempts." *Id.* ¶ 28 and Ex. M at 1. OCR reported that it opened an investigation into this allegation. *Id.*, Ex. M at 3. "Opening a complaint for investigation in no way implies that OCR has made a determination with regard to the merits of the complaint." *Id.*, Ex. M at 6.

- 6 -

149107732.1

According to Mr. Hilliard, he received a formal dismissal letter from Loyola on September 25, 2019. Amended Complaint ¶ 33. He appealed his dismissal to the Associate Dean on October 17, 2019, and this appeal was denied on October 22, 2019. *Id.* ¶¶ 38-39. He then appealed to the Provost on October 24, 2019, and this appeal was denied on November 8, 2019. *Id.* ¶ 40.

Mr. Hilliard is not enrolled in medical school. *See id.* ¶ 4. He also is not registered for any USMLE examination. Farmer Decl. ¶ 29.

### III. PROCEDURAL HISTORY

Mr. Hilliard initially sued only NBME, asserting a single ADA claim based on NBME's partial denial of his request for accommodations on Step 1 of the USMLE. *See* Complaint (Dkt. 1). NBME moved to dismiss based on lack of subject matter jurisdiction because Mr. Hillard does not have standing to assert his ADA claim against NBME. *See* Dkt. 6—Dkt.8.

Mr. Hilliard then sought leave to amend his complaint to add Loyola as a defendant. *See* Dkt. 16. NBME did not oppose this motion given that Mr. Hilliard had a right to file an Amended Complaint under Rule 15(a)(1). *See* Dkt. 22, 23. Mr. Hilliard filed his Amended Complaint adding Loyola as a defendant and revising some of his allegations against NBME on June 15, 2020. *See* Dkt. 24.

### ARGUMENT

Mr. Hilliard alleges that NBME violated a specific provision in Title III of the ADA applicable to tests taken for professional licensure (42 U.S.C. § 12189) by not providing him with double testing time on Step 1 of the USMLE. Amended Complaint ¶¶ 57-78. The Court lacks subject matter jurisdiction over this claim, for which the only relief available would be injunctive relief requiring NBME to allow him to test with 100% extra testing time. Mr. Hilliard does not have standing to pursue such relief because he seeks accommodations on an exam that he is not

eligible for or registered to take. The claim must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). The claim is also subject to dismissal under Fed. R. Civ. P. 12(b)(6) because it is time-barred.

## I. The Court Lacks Subject Matter Jurisdiction over Mr. Hilliard's Claim

Mr. Hilliard is not enrolled in medical school. Amended Complaint ¶¶ 4, 33. That means he is not eligible to take any USMLE exam and, in turn, he does not have standing to pursue prospective injunctive relief against NBME relating to taking the USMLE exam. "Article III, section 2 of the United States Constitution 'limits the 'judicial power' to the resolution of 'cases' and 'controversies.'" *McDaniel v. Bd. of Educ. of City of Chicago*, 956 F. Supp. 2d 887, 892 (7th Cir. 2012) (citation omitted). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted). "[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized,…and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.'…Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly…trace[able] to the challenged action of the defendant, and not … th[e] result [of] the independent action of some third party not before the court. …Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 560-61 (citations omitted). Absent standing, the Court lacks subject matter jurisdiction, and Mr. Hilliard's claim against NBME must be dismissed. "Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction." *Filardi v. Loyola Univ.*, No. 97-1814, 1998 WL 111683, at *2 (N.D. Ill. 1998).

Mr. Hilliard bears the burden of establishing subject matter jurisdiction. *See id.* "In reviewing a 12(b)(1) motion to dismiss, the court may look beyond the complaint and view any

- 8 -

extraneous evidence submitted by the parties to determine whether subject matter jurisdiction in fact exists." *Id.* "When a party moves for dismissal under Rule 12(b)(1), challenging the factual basis for jurisdiction, the nonmoving party must support its allegations with competent proof of jurisdictional facts." *Id.* (citation omitted).

The only relief available under Title III of the ADA is preventive injunctive relief. *See* 42 U.S.C. § 12188(a)(1) (making the "remedies and procedures set forth in section 2000a-3(a) of this title" applicable to Title III violations); 42 U.S.C. § 2000a-3(a) (allowing "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order").[6] "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to merely conjectural or hypothetical—threat of future injury." *Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1022 (D.C. Cir. 1998); *see also, e.g., Filardi v. Loyola Univ.*, 1998 WL 111683, at *3 ("Without some threat of future injury, the court lacks 'an existing controversy' to exercise jurisdiction over a claim seeking injunctive relief.") (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

Mr. Hilliard is seeking injunctive relief requiring NBME to provide him with his requested accommodations on the USMLE Step 1 exam and future USMLE examinations. *See* Amended Complaint ¶¶ 57-78, Prayer for Relief at (b) and (c). Mr. Hilliard does not have standing to seek such relief, however, because there is no continuing or threatened likelihood of injury for which any preventive relief would prevent the alleged harm. Mr. Hilliard is not registered for any

---

[6] Mr. Hilliard sought "compensatory damages" in his original complaint. *See* Dkt. 1 at 11 (Prayer for Relief at "(f)"). NBME explained in its motion to dismiss that compensatory damages are not available under Title III, *see* Mem. in Supp. of Mot. to Dismiss (Dkt. 7) at 9, and Mr. Hilliard does not request compensatory damages in his Amended Complaint, *see* Dkt. 24 at 15-16.

USMLE exam, and he is not eligible to take any USMLE exam because he is not enrolled in medical school. *See* Farmer Decl. ¶¶ 21-29 and Exs. I-M. His ineligibility to test is fatal to his standing to pursue his ADA claim. *See Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 834-35 (7th Cir. 2019) (blind individual challenging accessibility of credit union website lacked standing to sue because he was not eligible to be a member of the credit union); *Filardi v. Loyola Univ.*, 1998 WL 111683, at *3-4 (former student lacked standing to challenge alleged inaccessible facilities after she graduated from school).[7]

Mr. Hilliard may argue that OCR is investigating his claim that Loyola discriminated against him by not allowing him more than three opportunities to pass the Step 1 examination. NBME is not aware of the status of this investigation, but as the OCR letter makes clear, "[o]pening a complaint for investigation in no way implies that OCR has made a determination with regard to the merits of the complaint." Farmer Decl. Ex. M at 6. He may also argue that he is now seeking relief in this lawsuit that would require Loyola to reinstate him as a student and allow him to sit for Step 1 of the USMLE. *See* Amended Complaint at 10 (Prayer for Relief at (a)-(b)). It is entirely speculative, however, that Mr. Hilliard will obtain relief against Loyola in this or any other action and be re-admitted to medical school. There is thus no non-speculative future injury to support Mr. Hilliard's standing to pursue an ADA Title III claim against NBME. *See City of Los Angeles v. Lyons*, 461 U.S. at 111 ("The speculative nature of Lyons' claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled.").

---

[7] *Cf. Cunningham v. Univ. of N.M. Bd. of Regents*, 531 Fed. App'x 909, 918 (10th Cir. 2013) (district court lacked subject matter jurisdiction over Title III ADA complaint against NBME, because plaintiff did "not currently have any pending [accommodation] requests before the Board" and his claim "was not ripe for review"); *Kober v. Nat'l Bd. of Med. Exam'rs*, No. 09-1772, 2010 WL 2342480, at *3 (W.D. La. 2010) (dismissing Title III ADA complaint pursuant to Rule 12(b)(1) where plaintiff "has no request pending before the NBME" for decision).

Mr. Hilliard also seeks "injunctive relief ordering the NBME [to] allow Plaintiff to sit for the Step 1 [exam]," Prayer for Relief at (a), even though he is not enrolled in medical school. He does not allege, however, that NBME's standard policy that all examinees must be enrolled in medical school in order to sit for the USMLE somehow violates the ADA, nor could he. *See generally* 42 U.S.C. § 12189. There is no legally cognizable injury that this proposed relief could properly redress. *Cf. Datto v. Ass'n of Amer. Med. Colleges*, No. 19-2375, 2020 WL 5016848, at *3 (D.D.C. 2020) (dismissing ADA claim based on, *inter alia*, alleged discrimination in use of medical school application process where plaintiff was treated the same as everyone: "Datto had full access to the application service and employed it extensively.").

Mr. Hilliard also seeks "[i]njunctive relief enjoining the NBME to excuse Plaintiff's previous three attempts at taking the Step 1 exam due to failure to provide reasonable accommodations[.]" Prayer for Relief at (d). However, this is not preventive relief aimed at any continuing or threatened alleged discrimination and is not appropriate relief in any event under the applicable provision of the ADA, which requires only that tests be administered in an accessible place and manner. *See generally* 42 U.S.C. § 12189. Likewise, Mr. Hilliard does not have standing to pursue injunctive relief "ordering the NBME to undergo periodic training and disability awareness." Prayer for Relief at (f). Mr. Hilliard is not facing any current or threatened injury that such injunctive relief would redress, even assuming this type of relief were available under Section 12189.

Finally, Mr. Hilliard's request for "injunctive relief prohibiting the NBME from treating Plaintiff differently than his non-disabled counterparts," *see* Prayer for Relief at (e), is frivolous. Mr. Hilliard has not been treated any differently than "non-disabled" examinees, except to the

extent that he received testing accommodations that non-disabled examinees do not receive. NBME's testing eligibility requirements apply to all examinees.

## II.     Mr. Hilliard's Claim Against NBME is Barred by the Statute of Limitations

Even if Mr. Hilliard had standing to pursue his ADA claim against NBME, it is barred by the statute of limitations. "[W]hen the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Aberman v. Bd. of Educ. of City of Chicago*, No. 12-10181, 2014 WL 4912139, at *4 (N.D. Ill. 2014) (citation omitted).

Mr. Hilliard's claim is based on the partial denial of his request for 100% extra testing time on Step 1 of the USMLE. NBME first denied his request for 100% extra time (granting 50% extra time) in October 2016, *see* Amended Complaint ¶ 19, but Mr. Hilliard did not assert a claim against NBME until February 2020. His ADA claim is therefore barred by the two-year statute of limitations. *See Soignier v. American Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir. 1996) (holding that Illinois' two-year statute of limitations for personal injuries applied to testing accommodation claim under Title III of the ADA).

The plaintiff in *Soignier* was a doctor who sought plastic surgery board certification. As part of the process, he had to pass a certification exam. Dr. Soignier passed the written portion, but he failed the oral portion after four attempts. *See id.* at 549. Before his fifth and final permitted attempt at the oral exam, Dr. Soignier asked for numerous disability-based testing accommodations. The Board granted some, but not all, of his requests, but he still did not pass when he tested in November 1992. *See id.* at 550. He then pursued a voluntary internal appeal process before the Board and asked to retake the examination with additional accommodations. The Board denied Dr. Soignier's request to take the examination again in May 1993, and it denied his internal appeal in November 1994. Dr. Soignier brought suit in May 1995, alleging that the

- 12 -

Board violated 42 U.S.C. § 12189 by failing to provide him with all of his requested testing accommodations on the November 1992 test. *See id.*

The Seventh Circuit held that Dr. Soignier's claim was barred by the applicable two-year statute of limitations. *See id.* at 551. Dr. Soignier argued that the earliest date his claim could have accrued was May 1993, when the Board refused to retest him, and more likely did not accrue until November 1994, when the Board's "continuous course of conduct" ended. *Id.* The court disagreed, explaining that "discovery of the original act of discrimination, *not* future confirmation of the injury or determination that the injury is unlawful, is when the statute of limitations begins to run." *Id.* (citations omitted). It concluded:

> [T]he district court correctly ruled that the two-year statute of limitations began to run in November 1992 when the Board administered the oral exam for the fifth and final time. The complaint alleges that when Soignier completed the orals in November 1992, he was aware that the Board had conducted the test without the accommodations he allegedly deserved. Soignier claims that at that time, he was disabled and otherwise eligible to take the orals, but that the Board refused him reasonable accommodations for his disability. These are each of the elements of an ADA claim.

*Id.* at 552 (citation omitted).

Although the Seventh Circuit tied the accrual date to when Dr. Soignier tested without all his requested accommodations, it does not appear that the Board argued for any earlier accrual date (perhaps because it did not need to do so to prevail on its statute of limitations defense). In fact, the statute of limitations began to run when the Board denied some of Dr. Soignier's requested testing accommodations, because at that point all the elements of an ADA claim (based on Dr. Soignier's allegations) were met. The Seventh Circuit relied on *D'Amico v. New York State Bd. of Law Exam'rs*, 813 F. Supp. 217, 222 (W.D.N.Y. 1993) as identifying the elements of an ADA claim in the testing context. *Id.* at 552. In *D'Amico*, the court explained that "to succeed on a claim under the ADA, plaintiff must show (1) that she is disabled, (2) that her requests for

- 13 -

accommodations are reasonable, and (3) that those requests have been denied." 813 F. Supp. at 222;[8] *see also Cairone v. McHenry Cty. College*, No. 17-4247, 2019 WL 3766112, at *8 (N.D. Ill. 2019) ("A failure to accommodate claim accrues when the accommodation is denied.") (citation omitted). Mr. Hilliard's claim based on NBME's partial denial of his request for testing accommodations accrued on October 14, 2016, when NBME denied his request for 100% additional testing time. *See* Amended Complaint ¶ 19 ("On October 14, 2016, Plaintiff received notification from the NBME that it denied Plaintiff's request for double time on the USMLE Step 1 exam."). Neither his subsequent request for the same accommodation on the same test nor his request to take the test a fourth time (*see* Amended Complaint ¶ 2) extended the accrual date. *See Soignier*, 92 F.3d at 552 ("The events of May 1993 and November 1994 [denying request to retake the test and internal appeal] are 'future confirmation' or 'consequential' of the surgeon's alleged injury. These actions do not constitute new, separate discriminatory acts actionable under the ADA."); *Mendez v. City of Chicago*, No. 03-8182, 2004 WL 2980598, at *4 (N.D. Ill. 2004) ("Though Mendez submitted another doctor's note requesting accommodation in March of 2002, this does not save his claim, as denial of a repeat request for previously denied accommodations does not constitute a new discriminatory act ….") (citation omitted); *aff'd*, 174 Fed. App'x 342 (7th Cir. 2006).

Mr. Hilliard did not file a lawsuit against NBME until February 17, 2020, more than three years after his claim accrued. His claim is therefore barred by the two-year statute of limitations.

The circumstances of this case underscore the interests that are protected by statutes of limitations, including "rapid resolution of disputes" and "repose for those against whom a claim

---

[8] More recent cases reiterate these elements. *See, e.g., Bibber v. Nat'l Bd. of Osteopathic Med. Exam'rs*, No. 15-4987, 2016 WL 1404157, at *5 (E.D. Pa. 2016).

- 14 -

could be brought." *Id.* at 553 (citation omitted). Mr. Hilliard complains that he "is now stuck in a circular nightmare," because he was dismissed from medical school for failure to pass the Step 1 exam after three attempts and NBME will not allow him to retake the exam because he has been dismissed from medical school. *See* Amended Complaint at 2. But this is a situation of Mr. Hilliard's own making. If he thought he had a viable legal claim for double testing time, he could and should have pursued his claim against NBME much earlier, before he was dismissed from medical school. Instead, he has belatedly dragged NBME into litigation that ultimately stems from his dismissal from medical school.

## CONCLUSION

Mr. Hilliard lacks standing to assert his ADA claim against NBME, and this claim should be dismissed for lack of subject matter jurisdiction. In the alternative, Mr. Hilliard's claim against NBME should be dismissed because it is barred by the statute of limitations.

Dated: September 4, 2020     Respectfully submitted,

/s/ Caroline M. Mew
Caroline M. Mew, *pro hac vice*
Perkins Coie LLP
700 13th St. NW, Suite 800
Washington, DC 20005-3960
Tel: (202) 654-1767
cmew@perkinscoie.com

Jillian Sommers, IL Bar No. 6317803
Perkins Coie LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8587
jsommers@perkinscoie.com

Attorneys for National Board of Medical Examiners

149107732.1

**CERTIFICATE OF SERVICE**

On this date I caused a copy of the foregoing document to be served on each of the attorneys identified below via CM/ECF:

Cynthia M. Rote
Integrate Legal PC
12533 Wagon Wheel Road
Rockton, IL 61072
Email: Cynthia@integrate-Legal.com

*Attorney for Marcus Hilliard*

Monica H. Khetarpal
Priya Khatkhate
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, IL 60601
Monical.khetarpal@jacksonlewis.com
Priya.khatkhate@jacksonlewis.com

*Attorneys for Loyola University Chicago Stritch School of Medicine*

Dated: September 4, 2020

Respectfully submitted,

/s/ Caroline M. Mew
Caroline M. Mew, *pro hac vice*
Perkins Coie LLP
700 13th St. NW, Suite 800
Washington, DC 20005-3960
Tel: (202) 654-1767
cmew@perkinscoie.com

Jillian Sommers, IL Bar No. 6317803
Perkins Coie LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8587
jsommers@perkinscoie.com

Attorneys for National Board of Medical Examiners