IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS HILLIARD, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) Case No. 2020-cv-01144 |
| v. | ) |
| | ) |
| NATIONAL BOARD OF MEDICAL | ) |
| EXAMINERS and LOYOLA | ) |
| UNIVERSITY CHICAGO STRITCH | ) |
| SCHOOL OF MEDICINE, | ) |
| | ) |
| DEFENDANTS. | ) |

## RESPONSE TO NBME'S MOTION TO DISMISS

NOW COMES Plaintiff, Marcus Hilliard, and in response to the National Board of Medical Examiner's ("NBME") Motion to Dismiss, states as follows:

**I.  Background**

Plaintiff, Marcus Hilliard, is an individual with medically diagnosed disabilities in the areas of written expression, basic reading skills, reading comprehension, mathematic calculation, mathematic reasoning, sequencing ability, short-term auditory memory, attention, and speed of eye-hand coordination. Amended Complaint ¶ 5. Mr. Hilliard is a qualified individual with a disability who meets the eligibility requirements under the ADA. *Id.* ¶ 6. Mr. Hilliard enrolled as a medical student at Loyola in August, 2015. *Id.* ¶ 11 On February 16, 2019, Mr. Hilliard submitted a new/additional accommodation request to the NBME requesting double-time to take his USMLE Step 1 exam ("Step 1 exam"). *Id.* ¶ 27. This request was denied and Mr. Hilliard

was granted only time-and-a-half to take the exam. *Id*. Mr. Hilliard took the Step 1 exam for the third time on August 30-31 [year?] and, subsequently, learned he failed. *Id.* ¶ 29. On September 25, 2019, Mr. Hilliard was dismissed from Loyola, allegedly because he failed the Step 1 exam three times, and his appeal of his dismissal was denied on November 8, 2019. *Id.* ¶ 33, 39-40. On September 27, 2019, Mr. Hilliard received notification from the NBME that he was not eligible to sit for the Step 1 exam because he was not officially enrolled in medical school. *Id.* ¶ 34. On September 30, 2109, Mr. Hilliard requested that the NBME reconsider its decision to not allow him to sit for a fourth exam at double–time, and this request was denied on October 10, 2019. *Id.* ¶ 35-36.

Mr. Hilliard brought this cause against the NBME on February 17, 2020 seeking, among other things, permanent injunctive relief, and an order that the NBME allow Plaintiff to sit for the Step 1 exam and allow Plaintiff to take the Step 1 exam with a double-time accommodation. *Id.*

  **II. This Court Has Subject Matter Jurisdiction Over Hilliard's Claims & Mr. Hilliard Has Standing to Pursue His Claims**

  **A. Law**

In order to establish standing, Hilliard must first show he suffered an injury in fact which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; second, Mr. Hilliard must show a causal connection between the injury and the conduct complained of; and third, Mr. Hilliard must demonstrate it is likely--as opposed to speculative--that the injury will be redressed by a favorable decision. *Lujan v Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In this case, the NBME alleges that (1) Hilliard cannot show an actual or imminent injury that will be redressed by a favorable court decision; (2) Hilliard cannot seek

relief to excuse his previous three attempts of the examination; and (3) Hilliard cannot show he was treated differently than his non-disabled counterparts.

### B. Mr. Hilliard Can Show a Real and Immediate Threat of Future Injury

On September 18, 2019, Mr. Hilliard requested that the NBME allow him to sit for the Step 1 exam a fourth time. Amended Complaint ¶ 31. On September 27, 2019, Mr. Hilliard received notification from the NBME that his request to sit for the Step 1 exam a fourth time was denied, stating the denial was because he was not officially enrolled in medical school. *Id.* ¶ 34. The NBME's motion alleges that Mr. Hilliard cannot overcome its self-imposed standard that, in order to take the Step1 exam, a person must be enrolled in medical school. The NBME ignores that Mr. Hilliard's Amended Complaint complains that the NBME did not grant his accommodation relating to this very rule.

In *Lujan* the Court held that the requirement of future injury requires that plaintiffs show the future injury is imminent and that a plaintiff must have "concrete plans" to return to the places visited, such as an airline ticket. At 564, 579. Mr. Hilliard has shown that he intends to sit for the test when the NBME allows him to take it by granting his accommodation, whether he is registered in medical school or not. Mr. Hilliard registered to retake the test almost immediately upon learning he had failed his third attempt. Amended Complaint ¶¶ 29-31. That request was rejected and thereafter Hilliard filed this lawsuit. ¶34-36.

Continuing violations of the ADA are injuries within the meaning of the Act and a plaintiff is entitled to injunctive relief to stop or prevent such injury. *Scherr v. Mariott Int'l*, 703 F.3d 1069, 1076 (7th Cir. 2013), referencing *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002) (holding, where a disabled plaintiff has actual knowledge of unlawful actions under the ADA (in this case, inaccessibility for wheelchair access) and is obstructed by the

unlawful action, that the injury continues if the plaintiff is aware that the discriminatory condition persists, and the plaintiff remains deterred.)

Mr. Hilliard is entitled to injunctive relief to stop the injury the NBME subjected him to: namely, (1) the refusal to register him for the Step1 exam for a fourth attempt; and (2) the refusal to allow him double-time to take the test. Mr. Hilliard is presently barred by the NBME from taking the Step 1 exam. Hilliard is a disabled individual who requested in October, 2019, to register for the Step 1 exam when he was not registered in medical school. The NBME denied this test taking accommodation. In addition, in February of 2019, Mr. Hilliard sought an accommodation of double-time to take the Step 1 exam. The NBME denied this accommodation, as well. Mr. Hilliard has shown and suffered a real and immediate injury.

The NBME fails to address Mr. Hilliard's request for relief that the Court order the NBME to allow him to take the exam (whether he is enrolled in medical school or not) and, with an accommodation of double-time. The immediate threat of injury to Mr. Hilliard is the NBME's failure to allow him to sit for the Step 1 exam after he was dismissed from medical school for failing the exam 3 times without a proper accommodation. If the Court grants Mr. Hilliard's request ordering the NBME to allow him to sit for the Step 1 exam (whether he is enrolled in medical school or not), then the Court must also consider his request for injunctive relief directing the NBME to grant his accommodation of double-time to take the Step 1 exam.

The NBME submitted a declaration by Catherine Famer, who is employed by the NBME as Director of Disability Services. In her declaration, Ms. Famer states what the eligibility requirements are, and submits a web page print out that discusses those eligibility factors. The NBME and Ms. Famer label enrollment in medical school as an "eligibility requirement." However, whether an accommodation of the eligibility requirements (averred to by the NBME)

would fundamentally alter the nature of the service, or is an essential requirement, is a disputed issue of material fact. This issue may not be decided on a Motion to Dismiss alleging lack of subject matter jurisdiction. The fact that it is itself an issue demonstrates there is subject matter jurisdiction.

The issue at this stage of the case is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claims. "[I]t may appear on the face of the pleadings that a recovery is very remote and unlikely[,] but that is not the test." *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999) quoting *Kroll v. United States*, 58 F.3d 1087, 1090 (6th Cir. 1995). Here, Hilliard has standing and is entitled to offer evidence to support his claim that he should be allowed to take the Step 1 exam, whether he is enrolled in medical school or not, as part of an accommodation under the ADA which the NBME denies.

### C. Mr. Hilliard Is Entitled To Injunctive Relief Which Requires the NBME To Grant Him The Same Treatment As His Non-Disabled Counterparts

The Americans with Disability Act ensures that individuals with disabilities have the opportunity to fairly compete and pursue opportunities by requiring testing entities to offer exams in a manner accessible to person with disabilities so that test-takers can demonstrate their true aptitude.[1] The NBME's argument that Mr. Hilliard's accommodations somehow put him ahead of his non-disabled counterparts likely explains why they fail to grant the entirety of most accommodation requests put before them. The NBME points out that non-disabled examinees do not receive testing accommodations; however, this spurious reasoning attempts to cloud the fact that testing accommodations are not necessary for non-disabled test takers to demonstrate their true aptitude. Therefore, the NBME's failure to allow Mr. Hilliard to take the exam when not enrolled in medical school (when Hilliard's unenrollment was due only to failing the Step 1

---

[1] See US Dept of Justice Testing Accommodations: https://www.ada.gov/regs2014/testing_accommodations.html

exam), and its refusal to allow him double-time on the Step 1 exam, prevents Hilliard an opportunity to fairly compete and show his true aptitude. Accordingly, Hilliard's claim seeking to not be treated differently than non-disabled examinees must survive this motion to dismiss.

**III. Hilliard's Claims Are Not Barred by the Statute of Limitations**

Mr. Hilliard took his first Step 1 exam on June 21-22, 2018. Mr. Hilliard's complaint against the NBME was filed on February 17, 2020, less than 2 years after Mr. Hilliard completed his first Step 1 exam. The NBME relies upon *Soignier*, however, in presenting its claim that Hilliard is barred by statute. *Soiognier* held that the "district court correctly ruled that the two-year statute of limitations began to run in [the date] when the Board administered the oral exam". *Soignier v. American Board of Plastic Surgery*, 92 F.3d 547, 552 (7th Cir. 1996). Thus, according to the NBME, Mr. Hilliard's statute of limitation likewise began to run when he took his first exam in June of 2018.

Even if the Court disagrees as to the above and finds that the statute of limitation began to run from the date Mr. Hilliard was first denied his request, it is without dispute that, over two years later, in February 2019, Mr. Hilliard again requested double-time to take his exam. This was a new request -- not an appeal, not a request for an internal review, and not a continuation from his first request in 2017. As the NBME admits each time a person desires to take a Step 1 exam, they must fill out a Subsequent Request for Test Accommodations and advise if they are requesting the same accommodation previously provided, or if they are requesting a new/additional accommodation. On Mr. Hilliard's third request dated February 16, 2019, he selected "new/additional accommodations." *See* NMBE's Motion to Dismiss Ex. G. Furthermore, in this 2019 request, Mr. Hilliard included additional documentation and correspondence. *Id.* This request was denied in May of 2019. Due to the fact that Mr. Hilliard submitted this new request with new information in May of 2019, the very latest that Mr.

Hilliard's statute of limitations could begin to run with regard to the accommodation provided for his third attempt of the Step 1 exam would be May of 2019, the date he learned his new request for accommodation had been denied.

With regard to Mr. Hilliard's request seeking a permanent injunction to allow him to sit for the Step 1 exam regardless of his enrollment status, this request stems from the NBME's denial to register him for the exam in September of 2019, and further deny his subsequent request in October of 2019. Therefore, the earliest the statute of limitations could begin to toll is September of 2019, and Mr. Hilliard timely brought his claim less than five months later.

### IV. Conclusion

The Court has subject matter jurisdiction over Mr. Hilliard's claims. Mr. Hilliard has shown a real and immediate threat of future injury. The NBME concludes that Mr. Hilliard does not have standing to pursue relief because he is not eligible to take the exam. Mr. Hilliard's first request for relief is the Court order the NBME to allow Mr. Hilliard to sit for the Step 1 exam. That request, by its very nature, raises the issue of the eligibility requirements of the NBME. The NBME makes no argument as to whether the NBME eligibility requirement of being enrolled in medical school (when unenrollment is specifically tied to failure of its test in fewer attempts than it allows (i.e., unenrollment occurs at 3 attempts, but the NBME allows 6 attempts)), is an essential requirement, or failure to adhere to it would fundamentally alter the service. Nor can it at this stage because doing so admits the legitimacy of Mr. Hilliard's claims in this litigation.

Mr. Hilliard's claims are not barred by the Statute of Limitations. Mr. Hilliard took his first Step 1 exam in June 21-22, 2018, less than two years before Mr. Hilliard filed this complaint. Even if the Court desires to look to the rejection dates of his accommodation, Mr. Hilliard's claim requesting double-time still falls within the statute of limitations, as he submitted a new request in February 2019. In addition, Mr. Hilliard's request that the Court order the NBME to

allow him to sit for the Step 1 exam was timely brought in less than five months from the NBME's denial dated September 2019.

 **WHEREFORE**, Plaintiff, Marcus Hilliard, Requests this Court Issue an Order Denying the National Board of Medical Examiner's Motion to Dismiss, and Order the National Board of Medical Examiners Answer Plaintiff's Amended Complaint by a date certain.

                      Respectfully Submitted,

                      */s// Cynthia M Rote*
                      Cynthia M Rote

Cynthia M Rote Integrate Legal, PC
12533 Wagon Wheel Rd
Rockton, IL 61072
(815) 255-4695
Cynthia@Integrate-Legal.com
Service@Integrate-Legal.com