IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS HILLIARD, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) Case No. 2020-cv-01144 |
| v. | ) |
| | ) |
| NATIONAL BOARD OF MEDICAL | ) |
| EXAMINERS and LOYOLA | ) |
| UNIVERSITY CHICAGO STRITCH | ) |
| SCHOOL OF MEDICINE, | ) |
| | ) |
| DEFENDANTS. | ) |

## RESPONSE TO LOYOLA'S MOTION TO DISMISS

NOW COMES, Plaintiff, Marcus Hilliard, and in response to the Loyola University of Chicago's ("Loyola") Motion to Dismiss, states as follows:

### I.     BACKGROUND

Plaintiff Marcus Hilliard is an individual with medically diagnosed disabilities in the areas of written expression, basic reading skills, reading comprehension, mathematic calculation, mathematic reasoning, sequencing ability, short-term auditory memory, attention, and speed of eye-hand coordination. Amended Complaint ¶ 5. Mr. Hilliard is a qualified individual with a disability who meets the eligibility requirements under the ADA. *Id.* ¶ 6. Mr. Hilliard enrolled as a medical student at Loyola in August, 2015. *Id.* ¶ 11. During his time at Loyola, Mr. Hilliard was not afforded the same accommodations that he was afforded at his previous universities. *Id.* On September 25, 2019, Mr. Hilliard was dismissed from Loyola, allegedly because he failed the

USMLE Step 1 exam ("Step 1 exam") three times, and his appeal of his dismissal was denied on November 8, 2019. *Id.* ¶ 33, 39-40. Mr. Hilliard brought this cause against Loyola on June 15, 2020, seeking permanent injunctive relief ordering Loyola to: reinstate Mr. Hilliard as a medical student; notify the NBME that Mr. Hilliard is enrolled and eligible to sit for his Step 1 exam, and; prohibit Loyola from treating Plaintiff differently than his non-disabled counterparts.

## II.     Loyola's Motion to Strike Must Be Denied

### A.  Motions to Strike Are Not Favored

Motions to strike are not favored and "matters will not be stricken from a pleading unless it is clear that it can have no possible bearing on the subject matter of the litigation." *Jones v. City of Chicago*, Case No. 94 C 3544, 1995 U.S. Dist. LEXIS 16521, at *17 (N.D. Ill. Nov. 1, 1995) quoting *Capitol Indem.*, 144 F.R.D. at 347 (quoting 2A Moore's Federal Practice P 12.21[2], at 12-175). In addition, matters are not stricken unless the moving party would be prejudiced otherwise. *Id.*

### B.  Mr. Hilliard's Complaint Provides Contextual Detail Necessary to Understand His Claim

Loyola brings its Motion seeking to strike portions of Mr. Hilliard's Amended Complaint, alleging that some of the claims which accrued prior to June 15, 2018 are time barred by the statute of limitations. Specifically, Loyola seeks to strike paragraphs 14-18, 20-21, and 48-49.

Paragraphs 14-16 and 20-21 simply give a background into Mr. Hilliard's initial experience with Loyola. These include statements that he had no individual or office that assisted him as a student with disabilities, that in July, 2015, he met with Loyola employees to discuss policies in place to inform course directors of his approved accommodations, and that Loyola does not follow a process to allow disabled students to obtain a formal letter outlining their approved accommodations. Paragraph 18 does not provide a time frame, as it provides a general federal

notice pleading as to other accommodations Loyola denied Mr. Hilliard. Paragraph 20 provides context for when Mr. Hilliard did receive an official letter from Loyola relating to his approved accommodations. Paragraph 21 advises that, as early as June 2017, Mr. Hilliard was placed on academic probation. Finally, Paragraphs 48-49 include allegations from June, 2018, and later.

Each of these paragraphs relate to the subject matter of the litigation: Loyola's failure to accommodate Mr. Hilliard by refusing to allow him to remain enrolled at Loyola and sit for the Step 1 exam a fourth time. Mr. Hilliard's experience at Loyola prior to 2018 is relevant to understand contexts of his claims, and is related to the subject matter of the litigation.

### C. Loyola Fails to Demonstrate It Will Be Prejudiced

Motions to strike are frequently denied where no prejudice could result from the challenged allegations even if the matter is within the categories set forth in Rule 12(f). *Rozema v. Marshfield Clinic*, 96-C-592-C, 96-C-916-C, 96-C-730-C, 1997 U.S. Dist. LEXIS 8261, at *48-49 (W.D. Wis. Mar. 10, 1997) quoting 5A Charles Alan Wright and Arthur R. Miller, <u>Federal Practice and Procedure</u> Civil 2d § 1382, at 690-92 (1990).

The only prejudice alleged by Loyola is that it would be forced to respond to discovery relating to Mr. Hilliard's time as a student at Loyola between July 2015 and June 2018. Mr. Hilliard is unaware of the volume of materials Loyola has in it records relating to his academic career; however, Loyola's allegation that discovery would be "lengthy" is unsupported by affidavit. Furthermore, any doubt as to the striking of matter in a pleading should be resolved in favor of the pleading." *Pain Prevention Lab, Inc. v. Electronic Waveform Labs, Inc.*, 657 F. Supp. 1486, 1491 (N.D. Ill. 1987) quoting *Hanley v. Volpe*, 305 F. Supp. 977, 980 (E.D. Wis. 1969).

### D. Loyola's Motion Is A Motion in Limine Couched In A Motion to Strike

Mr. Hilliard is seeking reinstatement and to not be treated differently than his non-disabled counterpart. It is likely Loyola will seek to use Mr. Hilliard's academic record in an attempt to

justify its decision to dismiss Mr. Hilliard in 2019. Mr. Hilliard must be allowed to use the same record to give context to and rebut Loyola's justifications. This would include evidence of any request for accommodation denied by Loyola.

Loyola interchanges the use of "allegations" and "claims." Its headings state "allegations," but its arguments switch the term to "claims." In neither does it articulate what claim it believes Hilliard has alleged from 2015 through June, 2018, that must be barred by the statute of limitations. Instead, its request for relief seeks only that numbered paragraphs in the complaint be stricken while, at the same time, arguing that no facts from prior to June 2018 be allowed to be sought in discovery.

Loyola's Motion to Strike is, in truth, a motion in limine attempting to limit, at the pleadings stage, what information Mr. Hilliard may use to give context to defenses likely to be brought by Loyola. This is not the purpose of a motion to strike. Furthermore, Loyola is able to plead any statute of limitation claims it believes it has in its affirmative defenses. *See* Fed Rules Civ Proc R 8(c)(1).

### III. Conclusion

Mr. Hilliard's Amended Complaint provides the necessary factual context to understand his claim. Loyola is unable to demonstrate it will be prejudiced by allowing factual allegations that occurred prior to the statute of limitations to remain in the Amended Complaint. The only argument Loyola presents as to prejudice is that it would have to undergo "lengthy" discovery, and it makes clear it is seeking to limit discovery prior to June of 2018. A Motion to Strike in the pleadings phase should not be used as a way to limit discovery. Furthermore, Loyola is unable to articulate what "claims" it believes Hilliard is seeking redress for from 2016 through June 2018. Mr. Hilliard's prayer for relief asks to be reinstated from his dismissal in 2019 and to not be

treated differently than his non-disabled counterparts. The Court must deny Loyola's Motion to Strike in its entirety and order Loyola to Answer Mr. Hilliard's Amended Complaint.

WHEREFORE, Plaintiff, Marcus Hilliard, Requests this Court Issue an Order Denying Loyola University of Chicago's Motion to Strike and Ordering Loyola to Answer Plaintiff's Amended Complaint by a date certain.

Respectfully Submitted,

*/s// Cynthia M Rote*
Cynthia M Rote

Cynthia M Rote Integrate Legal, PC
12533 Wagon Wheel Rd
Rockton, IL 61072
(815) 255-4695
Cynthia@Integrate-Legal.com
Service@Integrate-Legal.com