UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS HILLIARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01144 |
| | ) | |
| NATIONAL BOARD OF MEDICAL | ) | Hon. Martha M. Pacold |
| EXAMINERS and LOYOLA | ) | |
| UNIVERSITY CHICAGO STRITCH | ) | |
| SCHOOL OF MEDICINE, | ) | |
| | ) | |
| Defendants. | ) | |

REPLY MEMORANDUM IN SUPPORT
OF NBME'S MOTION TO DISMISS THE AMENDED COMPLAINT

Mr. Hilliard attempts to recharacterize his ADA claim against NBME in his opposition brief to avoid NBME's showing that he does not have standing to pursue his claim. His arguments ignore applicable law and the allegations in his own complaint and fail to demonstrate that the Court has subject matter jurisdiction over his claim against NBME. Mr. Hilliard also fails to refute NBME's argument that his claim is barred by the statute of limitations. His claim against NBME should be dismissed.

**I.      Because Mr. Hilliard Does Not Have Standing to Sue NBME, the Court Lacks Subject Matter Jurisdiction over Mr. Hilliard's Claim**

Mr. Hilliard misapprehends his burden in responding to NBME's motion to dismiss for lack of subject matter jurisdiction. Mr. Hilliard cites *Sapperstein v. Hager*, 188 F.3d 852 (7th Cir. 1999) for the proposition that "[i]t may appear on the face of the pleadings that a recovery is very remote and unlikely[,] but that is not the test." Hilliard Opp. at 5. In focusing on the allegations of his complaint, however, he ignores the relevant part of the *Sapperstein* analysis, which explains:

149675078.1

> Where evidence pertinent to subject matter jurisdiction has been submitted, … 'the district court may properly look beyond the jurisdictional allegations of the complaint … to determine whether in fact subject matter jurisdiction exists....' The plaintiff has the obligation to establish jurisdiction by competent proof.… The presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question.

*Sapperstein*, 188 F.3d at 855-56 (citations omitted).

NBME offered evidence in its opening brief showing that Mr. Hilliard is not eligible to sit for the USMLE because he is not enrolled in medical school, and that he therefore lacks standing to assert an ADA claim against NBME for which the only available relief would be an award of testing accommodations on the USMLE. Mr. Hilliard does not challenge the factual premise for NBME's motion, *i.e.*, he does not dispute that he is not enrolled in medical school and therefore is ineligible to test. Instead, he argues that "he is entitled to offer evidence to support his claim that he should be allowed to take the Step 1 exam, whether he is enrolled in medical school or not." Hilliard Opp. at 5. This is not correct. As set forth in *Sapperstein*, if Mr. Hilliard had any such purported "evidence" going to the jurisdictional issue, he should have offered it with his opposition brief. He could not offer such evidence, as none exists.

Instead, Mr. Hilliard attempts to recharacterize his claim, suggesting that his request to take the Step 1 examination when he is not enrolled in medical school is itself a request for a "testing accommodation," presumably one that creates a live controversy. Hilliard Opp. at 4. But Mr. Hilliard does not allege in his Amended Complaint that NBME's eligibility requirement for taking the Step 1 exam violates the ADA, or that his attempt to take the Step 1 examination when not enrolled in medical school was an "accommodation" request. The claim alleged in his Amended Complaint is in fact much narrower and relates exclusively to his request for double testing time:

- "One reasonable accommodation for a disabled person, such as Plaintiff, that may be allowed under the ADA is lengthening the time permitted for completing the examination." *Id.* ¶ 63.

- 2 -

- "Plaintiff made formal written request of NBME for reasonable accommodation for his disability in connection with taking the USMLE Step 1 Exam, i.e., two times the standard time to take the exam …." *Id.* ¶ 68.

- "The NBME's refusal to provide the reasonable test accommodations Plaintiff requested for the USMLE Step 1 constitutes an illegal failure to accommodate a disabled person in violation of the ADA." *Id.* ¶ 69.

Mr. Hilliard's ADA claim is thus based on his allegation that NBME provided him with some, but not all, of the extra testing time he requested as an accommodation on the Step 1 examination.[1] At no point does he allege that NBME's requirement that an individual must be enrolled in medical school to take the Step 1 medical licensure examination violates the ADA, nor could he.[2]

Nothing in the ADA requires NBME to offer its medical licensure examination to individuals who are not enrolled in medical school. *See* 42 U.S.C. § 12189. The implementing regulations, in turn, are focused on how examinations are administered and how requests for testing accommodations are reviewed. *See* 28 C.F.R. § 36.309(b). Mr. Hilliard cites nothing in the statute or regulations suggesting that NBME's eligibility requirement (which applies to all

---

[1] The statute that Mr. Hilliard cites in support of his claim against NBME is a specific provision in Title III of the ADA, 42 U.S.C. § 12189, that applies to private entities offering certain types of examinations. *See* Amended Complaint ¶¶ 57-78; *see also, e.g., Biank v. National Board of Medical Examiners*, 130 F. Supp. 2d 986, 988 (N.D. Ill. 2000) ("The USMLE [*sic*], as a private entity offering examinations related to licensing, is subject to the ADA under Section 12189."). As Mr. Hilliard recognizes, this statute requires entities that offer professional licensing examinations to offer the examinations "in a place and manner accessible to persons with disabilities." *Id.* ¶ 59 (quoting 42 U.S.C. § 12189); *see also id.* ¶ 61 (quoting implementing regulation at 28 C.F.R. § 36.309(b), which discusses administration of examinations to individuals with disabilities).

[2] "State medical licensing authorities use the results of [the USMLE] to assess the qualifications of candidates for licensure. The exam is an integral part of each state's effort to ensure that only competent and qualified individuals are licensed to practice medicine…. Generally, candidates take Step 1 at the end of the second year of medical school and take Step 2 during their fourth year of medical school." *Scheibe v. National Board of Medical Examiners*, 424 F. Supp. 2d 1140, 1142 (W.D. Wis. 2006). Many standardized examinations have eligibility requirements, which, among other things, help to protect the security of the test and ensure that individuals are not taking the test for improper purposes.

149675078.1

examinees) somehow violates the ADA or that waiving the eligibility requirement is an appropriate accommodation, and he does not allege in his Amended Complaint that the eligibility requirement itself is the cause of his injury. Instead, his request for waiver of the eligibility requirement was an add-on request for relief in his Amended Complaint, made after NBME's first motion to dismiss for lack of subject matter jurisdiction, and is a misguided attempt to avoid the fact that he lacks standing to pursue his testing accommodation claim.

Mr. Hilliard also relies on *Scherr v. Marriott Int'l* for the proposition that "[c]ontinuing violations of the ADA are injuries within the meaning of the Act and a plaintiff is entitled to injunctive relief to stop or prevent such injury." *Id.* at 3 (citing *Scherr*, 703 F.3d 1069, 1076 (7th Cir. 2013)). The cited discussion in *Scherr* addressed a statute of limitations argument, not a standing argument. The court in that case was making the point that "a continuing or threatened violation of the ADA is an injury within the meaning of the Act" with respect to an individual who alleged that she would visit the hotel in the future if the bathroom doors in the hotels were accessible, as required by ADA physical accessibility standards. *Id.* at 1076. There was a separate discussion of the plaintiff's standing in *Scherr*, *see id.* at 1074-75, but there was no question in *Scherr* that the plaintiff was eligible to visit the hotels at issue. Instead, the court's analysis focused on whether the plaintiff had demonstrated an intent to return to the hotels that was sufficient to support standing. That analysis is inapposite here. Mr. Hilliard is not *eligible* to take the USMLE, and he therefore does not have standing to pursue his ADA claim related to the provision of testing accommodations on a future administration of the test. *See Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 836 (7th Cir. 2019). Mr. Hilliard argues that "he intends to sit for the test when the NBME allows him to take it by granting his accommodation, whether he is registered in medical school or not." Hilliard Opp. at 3. But Mr. Hilliard's self-serving stated "intent" to take

- 4 -

the USMLE Step 1 examination is not plausible or relevant, given that he is not eligible to test. As the district court explained in *Carello,* "Since Carello cannot become a member of the Credit Union, it is simply not plausible that he intends to access the [challenged] website in the future." *Carello v. Aurora Policemen Credit Union*, No. 17-9346, 2018 WL 3740545, at *3 (N.D. Ill. 2018).

## II.     Mr. Hilliard's Request that NBME "Grant Him the Same Treatment as His Non-Disabled Counterparts" Does Not Create a Justiciable Controversy

It is not at all clear what Mr. Hilliard is attempting to convey with respect to the "same treatment" argument in his opposition brief. *See* Hillard Opp. at 5-6. He has vaguely requested "permanent injunctive relief prohibiting the NBME from treating Plaintiff differently than his non-disabled counterparts," Amended Complaint Prayer for Relief (e), at p. 15, and he argues that "the NBME's refusal to allow him "to take the exam when not enrolled in medical school" prevents him from having  "an opportunity to fairly compete and show his true aptitude," Hilliard Opp. at 5-6. But Mr. Hilliard is being treated in the identical manner as non-disabled examinees with respect to his eligibility to take the Step 1 exam. He must be enrolled in medical school to take the test. This requirement does not itself violate the ADA, and waiver of this requirement is not an appropriate form of relief for Mr. Hilliard's testing accommodation-based ADA claim. *Cf. Doe v. St. Louis Univ. Sch. of Medicine*, No. 4:12cv905, 2013 WL 1305825, at *12 (D. Mo. 2013) (dismissing ADA claim where plaintiff sought an order requiring that he be re-enrolled in medical school but have his training put on hold for an indeterminate amount of time while he pursued testing accommodations on the USMLE: "Plaintiff's legal conclusion that SLU has 'discriminated' on the basis of disability is simply not supported by any objective factual allegation that remotely identifies a single non-disabled medical student who was allowed to remain enrolled in the medical program for months or years, not attending classes, for the sole purpose of attempting multiple

- 5 -

times to pass the USMLE, Step II."); *Lipton v. New York Univ. College of Dentistry*, 865 F. Supp. 2d 403, 414 (S.D.N.Y. 2012) ("[C]ertain aspects of plaintiff's requested accommodations are clearly not contemplated by the ADA. Plaintiff seeks to retake the [National Board Dental Examination] 'without matriculating,' i.e. without paying the $3500 fee to re-matriculate. The ADA cannot be read to mandate a waiver of fees in the present case, where the fees have no bearing on the alleged disability. And, as already indicated, the same is true, under the circumstances of the present case, with regard to plaintiff's request for a 'waiver of graduation requirements.'"), *aff'd*, 507 Fed. App'x 10 (2d Cir. 2013).

Insofar as Mr. Hilliard's request for accommodations is concerned, his request for extra testing time is by definition a request ***not*** to be treated in the same manner as non-disabled examinees. In arguing that he should have an opportunity to "fairly compete and show his true aptitude," Mot. at 6, Mr. Hilliard is simply rephrasing his request for an order awarding him testing accommodations, and Mr. Hilliard does not have standing to pursue this claim because he is not eligible to test.

Mr. Hilliard also argues that "NBME fail[s] to grant the entirety of most accommodation requests put before them." Hilliard Opp. at 5. This allegation is irrelevant to whether he has standing and unsupported in any event. He also incorrectly represents that NBME argued "that Mr. Hilliard's accommodations somehow put him ahead of his non-disabled counterparts." Hilliard Opp. at 5. NBME said no such thing. Mr. Hilliard's "same treatment" argument is entirely misplaced and fails to establish standing.

## III. Mr. Hilliard's Claim Against NBME is Barred by the Statute of Limitations

Mr. Hilliard does not contest that a two-year statute of limitations applies to his ADA claim. Instead, he argues that, "according to NBME, Mr. Hilliard's statute of limitations … began to run when he took his first exam in June of 2018." Hilliard Opp. at 6. He presumably makes this

- 6 -

argument because NBME's motion to dismiss relies on *Soignier v. American Board of Plastic Surgery*. *See id.* But he ignores the extensive analysis in NBME's brief showing that, consistent with *Soignier*, the statute of limitations began to run in October 2016, when Mr. Hilliard's first request for double-time testing accommodations was denied. *See* NBME Mem. at 13-14. Mr. Hilliard's complaint was not filed until February 2020, and it is barred by the two-year statute of limitations.

As a fallback, Mr. Hilliard argues that the statute of limitations began to run anew when he submitted a request for testing accommodations in February 2019. *See* Hilliard Opp. at 6. He attempts to distinguish his February 2019 request for testing accommodations on Step 1 from his earlier requests for accommodations on the same test because he "included additional documentation and correspondence" with his February 2019 request. *Id.* Even if Mr. Hilliard submitted new documentation, however, it is undisputed that he sought the same accommodation in February 2019 that he first sought in October 2016: 100% additional testing time on the Step 1 exam. *See* Amended Complaint ¶ 27 ("On February 16, 2019, Plaintiff submitted a subsequent accommodation request to the NBME for his third attempt at taking the USMLE Step 1 exam. This was again denied and Plaintiff was again only granted time-and-one-half to complete this exam for the third time despite his requests for accommodation of double time yet again."). "[D]enial of a repeat request for previously denied accommodations does not constitute a new discriminatory act …." *Mendez v. City of Chicago*, No. 03-8182, 2004 WL 2980598, at *4 (N.D. Ill. 2004) (citation omitted); *aff'd*, 174 Fed. App'x 342 (7th Cir. 2006).

Finally, Mr. Hilliard asserts that his "request seeking a permanent injunction to allow him to sit for the Step 1 exam" after he was dismissed from medical school did not accrue until September or October 2019. Hilliard Opp. at 7. Once again, Mr. Hilliard is ignoring the substance

of his claim against NBME under Section 12189 of the ADA, as well as the relief properly provided under that provision.  As discussed above, Mr. Hilliard does not allege that the testing eligibility requirement itself violates the ADA, nor could he, and nothing about his change in status as a medical student affects the statute of limitations for his underlying ADA claim.

<u>**CONCLUSION**</u>

Mr. Hilliard lacks standing to assert his ADA claim against NBME, and this claim should be dismissed for lack of subject matter jurisdiction.  In the alternative, Mr. Hilliard's claim against NBME should be dismissed because it is barred by the statute of limitations.

Dated:  October 9, 2020                      Respectfully submitted,

/s/ Caroline M. Mew
Caroline M. Mew, *pro hac vice*
Perkins Coie LLP
700 13th St. NW, Suite 800
Washington, DC 20005-3960
Tel: (202) 654-1767
cmew@perkinscoie.com

Jillian Sommers, IL Bar No. 6317803
Perkins Coie LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8587
jsommers@perkinscoie.com

Attorneys for National Board of Medical Examiners

149675078.1

## <u>CERTIFICATE OF SERVICE</u>

On this date I caused a copy of the foregoing document to be served on each of the

attorneys identified below via CM/ECF:

Cynthia M. Rote
Integrate Legal PC
12533 Wagon Wheel Road
Rockton, IL 61072
Email: Cynthia@integrate-Legal.com

*Attorney for Marcus Hilliard*

Monica H. Khetarpal
Priya Khatkhate
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, IL 60601
Monical.khetarpal@jacksonlewis.com
Priya.khatkhate@jacksonlewis.com

*Attorneys for Loyola University Chicago Stritch School of Medicine*

Dated:  October 9, 2020          Respectfully submitted,

/s/ Caroline M. Mew
Caroline M. Mew, *pro hac vice*
Perkins Coie LLP
700 13th St. NW, Suite 800
Washington, DC 20005-3960
Tel: (202) 654-1767
cmew@perkinscoie.com

Jillian Sommers, IL Bar No. 6317803
Perkins Coie LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8587
jsommers@perkinscoie.com

Attorneys for National Board of Medical Examiners

149675078.1