**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARCUS HILLIARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL BOARD OF MEDICAL )<br>EXAMINERS , and LOYOLA )<br>UNIVERSITY CHICAGO STRITCH )<br>SCHOOL OF MEDICINE, )<br>)<br>Defendants. ) | Case No. 20-cv-1144<br><br>Honorable Martha M. Pacold<br><br>Magistrate Judge Gabriel A. Fuentes |

**DEFENDANT LOYOLA UNIVERSITY OF CHICAGO'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PORTIONS OF PLAINITFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Defendant Loyola University of Chicago ("Loyola" or "Defendant"), incorrectly identified as Loyola University Chicago Stritch School of Medicine, respectfully submits its Reply Memorandum of Law in Further Support of Its Motion to Dismiss Portions of Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.     INTRODUCTION**

Plaintiff concedes in his Response to Loyola's Motion to Dismiss Portions of Plaintiff's Amended Complaint ("Motion to Dismiss") that a two-year statute of limitations applies to his failure-to-accommodate claim against Loyola. However, Plaintiff conflates the allowable inclusion of background information as to *what* happened with impermissible factual allegations *complaining* about his past accommodations and the process by which those matters were decided. He attempts to persuade the Court that allegations dating back as far as 2015 should be allowed to remain in his Amended Complaint as "background into [his] initial experience with Loyola."

(Response to Loyola's Motion to Dismiss ("Response"), Doc. 39 p. 2). Plaintiff's attempts to drag in undeniably time-barred facts would unfairly prejudice Loyola and burden it with the expense and vexation of defending against factual allegations that cannot go toward Plaintiff's recovery. Though Loyola responded to all of Plaintiff's requests for reasonable accommodation fairly and in accordance with its obligations under the law, this is not what is properly at issue in Plaintiff's Amended Complaint, and distracts from the only thing that is – whether Plaintiff can prove that his *dismissal* from Loyola's Stritch School of Medicine ("Stritch") violated the Americans with Disabilities Act, 42 U.S.C. § 12181, *et. seq.* ("ADA").

## II.     ARGUMENT

### A.     Loyola Brings A Motion to Dismiss or in the Alternative Strike Portions of the Amended Complaint

Plaintiff begins his Response assuming this Court will treat Loyola's motion as one to strike. Whether the Court chooses to strike or to dismiss Paragraphs 14-18, 20-21, and 48-49 under Federal Rule of Civil Procedure 12 is immaterial. The salient issue is that, regardless of the vehicle used to remove them, these allegations have no place in Plaintiff's lawsuit because they are time-barred.

### B.     Paragraphs 14-18, 20-21, and 48-49 Should Be Dismissed or Stricken As Unrelated to Plaintiff's Claim

There is only one relevant issue in Plaintiff's Amended Complaint relative to Loyola: whether Loyola violated the ADA when it dismissed Plaintiff from Stritch more than four years after he enrolled as a first-year medical student and after he failed the United States Medical Licensing Examination ("USMLE") Step 1 exam ("Step 1 exam") for a third time. (Amended Complaint ("Am. Compl.") ¶ 51). The Court should strike allegations that are unrelated to Plaintiff's claim and therefore unworthy of consideration, if those allegations are unduly

prejudicial. *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997) (internal quotations and citations omitted). Plaintiff argues in his Response that Paragraphs 14, 15, 16, 20, and 21[1] "simply give a background" into his initial experience with Loyola. (Response at p. 2). Loyola does not take issue with the inclusion of purely background information. It is inappropriate, however, for Plaintiff to include factual allegations about accommodations allegedly denied to him well after the time for raising those grievances has passed. Allegations of insufficiencies in Loyola's accommodation process when Plaintiff matriculated in 2015 and the alleged denial of earlier requests for accommodation are untimely subjects in this litigation. *Sherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013).

Plaintiff also argues that Paragraph 18[2] provides "a general federal notice pleading as to *other* accommodations Loyola denied" him. (Am. Compl. at pp. 2-3) (emphasis added). He argues that Paragraph 20 relates to when he received an official letter from Loyola about his approved accommodations in April 2017 (implying that Loyola was dilatory in its communication) and Paragraph 21 relates to his 2017 academic probation. (*Id.* at p. 3). Plaintiff is attempting to inject these time-barred allegations to impermissibly paint Loyola as a bad actor responsible for his unfair dismissal from Stritch. The time for Plaintiff to bring claims about those prior accommodation requests and his academic probation has come and gone. Whether or not Plaintiff requested accommodations prior to the limitations period and his present, untimely quarrel with the outcome of those requests is not relevant in the instant matter.

---

[1] In Paragraph 14 Plaintiff alleges that upon his arrival at Stritch, the school failed to assign an individual or office to assist students with disabilities. Paragraphs 15 and 16 relate to an alleged July 15, 2015 meeting with members of Loyola's administration and complaints about the accommodation process. In Paragraph 20, Plaintiff alleges "it was not until April 26, 2017" when he received a letter from Stritch outlining approved accommodations. And in Paragraph 21, Plaintiff states that he was "continuously" denied accommodations while at Stritch, and placed on academic probation on June 29, 2017.
[2] In Paragraph 18 Plaintiff alleges that Loyola denied him numerous accommodations both relating to course materials and exam-taking.

Finally, Plaintiff argues that Paragraphs 48 and 49 include allegations from June 2018 and later, but neither of these paragraphs contains a date. (Response at p. 3). To the contrary, in Paragraph 48 Plaintiff alleges multiple conversations with multiple individuals "between March 2015 and October 2019." (Am. Compl. ¶ 48). In Paragraph 49 Plaintiff complains of "inconsistent and insufficient accommodations during his time at the school," and the alleged denial of requests for classroom and test-taking accommodations. (*Id.* ¶ 49). Rather than limit his factual allegations to those that relate directly and only to his dismissal from Stritch, Plaintiff hopes to sweep in time-barred allegations in order to create an overall impression that Loyola serially violated the ADA. The Court should therefore dismiss Paragraphs 14-18, 20-21, and 48-49.

### C. Loyola Will Be Prejudiced If Plaintiff is Allowed to Proceed on the Amended Complaint

Paragraphs 14-18, 20-21, and 48-49 are not only immaterial to Plaintiff's dismissal from Stritch, they are also unduly prejudicial to Loyola. Plaintiff seeks to paint Loyola in a poor light by showing a series of its alleged misdeeds and legal violations. If these allegations remain in the Amended Complaint, Loyola will be forced to bear the significant burden and cost of exploring and defending years-old decisions already past the applicable statute of limitations. This could force more extensive and costly e-discovery, the production of witnesses whose memories may have faded in relation to those allegations, records that may not be readily available, and the cost of counsel to defend allegations that have no place in supporting the timely portion of Plaintiff's claim.

Plaintiff argues that Loyola's Motion to Dismiss is really a motion in limine to limit Plaintiff's arguments against "defenses likely to be brought" by Loyola. (Response p. 4). However, as Plaintiff well knows, even if a jury were ultimately instructed not to consider the list of time-barred facts he alleges, it will be an extremely difficult task for jurors to separate out those actions

that Plaintiff contends serve as background or context from those that it may consider when deciding ultimate legal liability. If factual allegations are not going directly toward Plaintiff's claim, they simply should not be in the Amended Complaint.

## III. CONCLUSION

For the reasons stated above, Defendant Loyola University of Chicago moves to dismiss or in the alternative strike Paragraphs 14-18, 20-21, and 48-49, and for such other and further relief as this Court deems just and proper.

Dated: October 9, 2020                     Respectfully submitted,

**LOYOLA UNIVERSITY OF CHICAGO**

By:     /s/ Monica H. Khetarpal
            One of Its Attorneys

Monica H. Khetarpal
Kirsten A. Milton
Priya P. Khatkhate
JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Fax: (312) 787-4995
Email: monica.khetarpal@jacksonlewis.com
Email: kirsten.milton@jacksonlewis.com
Email: priya.khatkhate@jacksonlewis.com

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that on this 9th day of October, 2020 a true and correct copy of the foregoing Defendant Loyola University of Chicago's Reply Memorandum of Law in Further Support of Its Motion to Dismiss Portions of Plaintiff's Amended Complaint was filed electronically and electronically served to all parties registered to receive service by CM/ECF.

                                            /s/ Monica H. Khetarpal
                                                  Monica H. Khetarpal