UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS HILLIARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-01144 ) |
| NATIONAL BOARD OF MEDICAL EXAMINERS and LOYOLA UNIVERSITY CHICAGO STRITCH SCHOOL OF MEDICINE, | ) Hon. Martha M. Pacold ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT
OF NBME'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Plaintiff Marcus Hilliard ("Mr. Hilliard") alleges the National Board of Medical Examiners ("NBME") violated Title III of the Americans with Disabilities Act ("ADA") by not approving his request for double the standard amount of testing time (100% extra time) on Step 1 of the United States Medical Licensing Examination ("USMLE"). NBME authorized Mr. Hilliard to test with 50% extra testing time and other accommodations, but he failed the Step 1 exam three times. He is now challenging his inability to obtain 100% extra testing time on the Step 1 exam even though he is not currently enrolled in medical school and therefore is ineligible to take the test.

NBME denies that it violated Mr. Hilliard's rights, but he cannot proceed with his claim against NBME in any event, for two reasons: He does not have standing, and his claim is time-barred.

Mr. Hilliard does not have standing to pursue his claim against NBME because he is not enrolled in medical school and therefore is not currently eligible to take the USMLE. Despite two rounds of amendments to his complaint, the relevant facts have not changed. Unless and until Mr.

Hilliard is re-enrolled at Loyola (or is enrolled at another medical school) and is otherwise eligible to take the Step 1 exam, he does not have standing to pursue a claim against NBME regarding his entitlement to testing accommodations on that exam. There is no live controversy regarding the accommodations Mr. Hilliard would like to obtain on the Step 1 exam when he is ineligible to test based on the applicable and undisputed test eligibility criteria.

In ruling on NBME's motion to dismiss Mr. Hilliard's first amended complaint, the Court held that Mr. Hilliard had to plead that he intended to retake the USMLE Step 1 examination in order to proceed with his ADA claim against NBME. Mr. Hilliard has amended his complaint, but his bare allegations do not—and cannot—demonstrate a *plausible* intent to retake the USMLE Step 1 examination, because he is indisputably ineligible to take the test.

Even if Mr. Hilliard had standing to assert his ADA claim, it is barred by the statute of limitations. Mr. Hilliard first requested 100% additional testing time in September 2016, and NBME informed him in October 2016 that this request was denied (he was approved for 50% additional time). If Mr. Hilliard disagreed with NBME's accommodation decision, he could have asserted a claim then. Instead, he waited until February 2020 to file this lawsuit, well after the two-year statute of limitations had run. His later, renewed request for the same accommodation that NBME had previously denied did not revive his time-barred claim.

For either of these reasons, Mr. Hilliard's claim against NBME should be dismissed.

## BACKGROUND

I. **NBME AND THE USMLE**

NBME is a not-for-profit organization based in Pennsylvania. NBME's mission is to protect the health of the public through the development and administration of high-quality

examinations for health professionals. Decl. of Lucia McGeehan, Ph.D. ¶ 3 ("McGeehan Decl.").[1] In conjunction with the Federation of State Medical Boards, NBME sponsors the USMLE program. *Id.* ¶ 4.

The USMLE is a standardized examination used to evaluate applicants' competence for medical licensure. *Id.* It is designed to assess an examinee's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that constitute the basis of safe and effective patient care. *Id.* Medical licensing authorities across the United States rely upon the USMLE to help them evaluate the qualifications of individuals seeking an initial license to practice medicine. *Id.* ¶ 5.

Three "Step" exams make up the USMLE, taken at different times in an individual's medical education process: Step 1, Step 2 Clinical Knowledge (Step 2 CK), and Step 3. *Id.* ¶ 6. Step 1, the examination that is the subject of Mr. Hilliard's claim against NBME, assesses whether candidates understand important science concepts that are basic to the practice of medicine. *Id.*

Examinees take the USMLE under standard conditions, including standard testing time. *Id.* ¶ 7. However, NBME provides accommodations to individuals who document that they have a disability within the meaning of the ADA and need accommodations to test in an accessible manner. *Id.* ¶¶ 7-8. All requests for accommodations are individually reviewed and, when warranted, reasonable and appropriate accommodation are provided. *Id.* ¶ 8. NBME denies requests for accommodations that have not been shown to be warranted, to help ensure that its testing program is fair for all examinees and to protect the reliability of USMLE scores. *Id.* ¶ 9.

---

[1] NBME offers Dr. McGeehan's declaration in support of its motion to dismiss for lack of subject matter jurisdiction. NBME's motion to dismiss for failure to state a claim based on the statute of limitations is based solely on the allegations in the Second Amended Complaint ("SAC").

To be eligible to take Step 1 of the USMLE, an individual must be (1) a medical student officially enrolled in, or a graduate of, an accredited United States or Canadian medical school program leading to the MD degree or an accredited United States medical school program leading to the DO degree, or (2) a medical student officially enrolled in, or a graduate of, a medical school that is outside the United States and Canada meeting certain eligibility criteria. *See* McGeehan Decl. ¶ 22 and Ex. I ("Eligibility for the USMLE Steps"). If an individual is dismissed or withdraws from medical school, he is not eligible to take the USMLE, even if he is appealing the school's dismissal decision or otherwise contesting his status. *Id.* ¶ 23 and Ex. I.

## II. MR. HILLIARD'S REQUESTS FOR ACCOMMODATIONS ON STEP 1 OF THE USMLE AND STATUS IN MEDICAL SCHOOL

Mr. Hilliard first requested accommodations on Step 1 on or about September 26, 2016, seeking 100% additional testing time (double the amount of standard testing time). *Id.* ¶ 10 and Ex. A; SAC ¶ 22. By letter dated October 14, 2016, NBME notified Mr. Hilliard that his "documentation does not demonstrate that 200% testing time is an appropriate modification of your Step 1 test administration." McGeehan Decl. ¶ 11 and Ex. B; SAC ¶ 19. NBME approved Mr. Hilliard to receive 50% additional testing time, however, and to test in a separate room and with the test administered over two days. McGeehan Decl. Ex. B; SAC ¶ 22.

Mr. Hilliard did not sit for the test after submitting that accommodation request. Instead, he submitted another request for accommodations almost one year later, on or about September 25, 2017. McGeehan Decl. ¶ 12; SAC ¶ 23.[2] NBME responded by letter dated September 27, 2017, informing him that he was approved to test with 50% additional testing time and would test

---

[2] Mr. Hilliard incorrectly alleges that he requested double testing time in September 2017. SAC ¶ 23. He actually sought "the same accommodations" he was previously approved to receive (*i.e.*, 50% additional time). McGeehan Decl. ¶ 12 and Ex. C. This fact is not material to the present motion to dismiss.

over two days in a separate room. McGeehan Decl. ¶ 13 and Ex. D; SAC ¶ 24. Almost nine months later, on June 21 and 22, 2018, Mr. Hilliard finally sat for the Step 1 exam with the approved accommodations, including 50% extra time. McGeehan Decl. ¶ 14; SAC ¶ 22. He did not obtain a passing score. *Id.*

Mr. Hilliard took the Step 1 exam a second time with his approved accommodations on November 9 and 10, 2018, and again he did not pass. *Id.* ¶ 17; SAC ¶ 26.[3]

On or about February 16, 2019, Mr. Hilliard submitted another request for accommodations. This time, he returned to his original request for double testing time (100% additional time). McGeehan Decl. ¶ 18 and Ex. G; SAC ¶ 27. NBME again denied 100% extra testing time but approved Mr. Hilliard for 50% additional testing time, over two days and in a separate room. McGeehan Decl. ¶ 19 and Ex. H; SAC ¶ 27. Mr. Hilliard tested with these accommodations on August 30 and 31, 2019. He did not pass. SAC ¶ 29.

Mr. Hilliard began the registration process to take the Step 1 examination a fourth time by applying to test on or about September 18, 2019. *Id.* ¶ 31. When an examinee applies to take a USMLE exam, NBME adds his name to a roster for his medical school to verify his eligibility to test. McGeehan Decl. ¶ 24. After Mr. Hilliard submitted his September 2019 application to test, staff at Loyola informed NBME that Mr. Hilliard was not currently enrolled in the school. *Id.* Because enrollment is an eligibility requirement for taking the Step 1 exam, NBME cancelled Mr. Hilliard's test registration. *Id.*

---

[3] Mr. Hilliard incorrectly alleges that he was denied double-time accommodations on the November 2018 test. *See* SAC ¶ 26. He requested the same accommodation he previously was provided—50% extra time—and this request was granted. *See* McGeehan Decl. Exs. E-F. This fact is not material to the pending motion to dismiss.

- 5 -

On or about October 22, 2019, Mr. Hilliard submitted another testing accommodation request to NBME, again seeking 100% additional time and a separate testing room. *Id.* ¶ 26 and Ex. K. On October 22, 2019, NBME informed Mr. Hilliard that it could not review his accommodation request because he was not registered for the test. *Id.* ¶ 27 and Ex. L.

According to Mr. Hilliard, he received a formal dismissal letter from Loyola on September 25, 2019. SAC ¶ 33. He appealed his dismissal to the Associate Dean on October 17, 2019, and this appeal was denied on October 22, 2019. *Id.* ¶¶ 40-41. He then appealed to the Provost on October 24, 2019, and this appeal was denied on November 8, 2019. *Id.* ¶ 42.

Mr. Hilliard is not enrolled in medical school. *Id.* ¶ 4. He also is not registered to take any USMLE examination. McGeehan Decl. ¶ 29. Mr. Hilliard states that he intends to take the USMLE Step 1 exam again, SAC ¶ 37, and alleges that that he has been denied the ability to take the test "by the NBME's policies and conduct," *id.* ¶ 38, but he does not allege that he is eligible to test under the applicable eligibility criteria or that the USMLE testing eligibility criteria are unlawful.

### III. PROCEDURAL HISTORY

Mr. Hilliard initially sued only NBME, asserting a single ADA claim based on NBME's partial denial of his request for accommodations on Step 1. *See* Complaint (Dkt. 1) (filed February 17, 2020). NBME moved to dismiss based on lack of subject matter jurisdiction because Mr. Hillard did not have standing to assert his ADA claim. *See* Dkt. 6—Dkt.8.

Mr. Hilliard then sought leave to amend his complaint to add Loyola as a defendant. *See* Dkt. 16. NBME did not oppose this motion given that Mr. Hilliard had a right to file an Amended Complaint under Rule 15(a)(1). *See* Dkt. 22, 23. Mr. Hilliard filed his Amended Complaint, adding Loyola as a defendant and revising some of his allegations and requests for relief against

NBME, on June 15, 2020. *See* Dkt. 24. NBME again moved to dismiss based on lack of standing and also because his claim is barred by the statute of limitations. *See* Dkt. 36, 37. In a decision announced from the bench on March 29, 2022, the Court granted NBME's motion to dismiss based on lack of subject matter jurisdiction, finding Mr. Hilliard had not adequately alleged standing to pursue his claim against NBME. Given the ruling on subject matter jurisdiction, the Court did not reach NBME's statute of limitations argument.

On April 26, 2022, Mr. Hilliard filed a Second Amended Complaint, adding allegations that he "intends to sit for and take the USMLE Step 1 exam again" and "would take the USMLE Step 1 exam again, but he has been denied the ability to do so by the NBME's policies and conduct." SAC ¶¶ 37-38; *see also* SAC ¶¶ 72-74 (similar allegations).

## ARGUMENT

Mr. Hilliard alleges that NBME violated a specific provision in Title III of the ADA applicable to tests taken for professional licensure (42 U.S.C. § 12189) by not providing him with double testing time on Step 1 of the USMLE. SAC ¶¶ 59-83. Mr. Hilliard is not entitled to seek (and does not seek) monetary damages or other relief relating to past administrations of the test. He can only pursue "preventive" relief from future alleged harm under Title III (*i.e.*, future harm related to a request for testing accommodations on a future examination). Mr. Hilliard does not have standing to pursue such relief at this time, however, because he is not enrolled in medical school and therefore is not currently eligible to take any USMLE examination. His claim against NBME must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). The claim is also subject to dismissal under Fed. R. Civ. P. 12(b)(6) because it is time-barred.

### I. The Court Lacks Subject Matter Jurisdiction over Mr. Hilliard's Claim

Mr. Hilliard is not enrolled in medical school. SAC ¶¶ 4, 33, 42. That means he is not eligible to take any USMLE exam and, in turn, he does not have standing to pursue an ADA claim against NBME for preventive injunctive relief relating to taking the USMLE exam.

Article III of the Constitution imposes a "threshold requirement … that those who seek to invoke the power of federal courts must allege an actual case or controversy." *O'Shea v. Littleton*, 414 U.S. 488, 493 (1974) (citations omitted). Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). "[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, … and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.'… Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly … trace[able] to the challenged action of the defendant, and not … th[e] result [of] the independent action of some third party not before the court.… Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 560-61 (citations omitted). Absent standing, a court lacks subject matter jurisdiction and a plaintiff's claim must be dismissed.

On a Rule 12(b)(1) motion, "the court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction in fact exists." *Filardi v. Loyola Univ.*, No. 97-1814, 1998 WL 111683, at *2 (N.D. Ill. 1998). "When a factual challenge is made, there is no presumption of truthfulness attached to the plaintiff's allegations, and the plaintiff bears the burden of proving the facts supporting subject matter jurisdiction by a preponderance of the evidence." 5B Fed. Practice and Procedure (Wright & Miller) § 1350 (3d ed.).

The only relief available under Title III of the ADA is preventive injunctive relief. *See* 42 U.S.C. § 12188(a)(1) (making the "remedies and procedures set forth in section 2000a-3(a) of this title" applicable to Title III violations); 42 U.S.C. § 2000a-3(a) (allowing "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order"). Mr. Hilliard seeks injunctive relief in this case. "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to merely conjectural or hypothetical—threat of future injury." *Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1022 (D.C. Cir. 1998); *see also Filardi*, 1998 WL 111683, at *3 ("Without some threat of future injury, the court lacks 'an existing controversy' to exercise jurisdiction over a claim seeking injunctive relief.") (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

Mr. Hilliard's claim is based on NBME's decision to provide him with some, but not all, of his desired testing accommodations. *See* SAC ¶¶ 59-83. Mr. Hilliard does not have standing to pursue this claim, however, because there is no continuing or threatened likelihood of injury. Mr. Hilliard is not eligible to take any USMLE exam because he is not enrolled in medical school. *See* McGeehan Decl. ¶¶ 22-28 and Exs. I-J, K; SAC ¶ 4. His ineligibility to test is fatal to his standing to pursue his claim because he cannot obtain injunctive relief with respect to an exam that he is ineligible to take. *See Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 834-35 (7th Cir. 2019) (blind individual challenging accessibility of credit union website lacked standing to sue because he was not eligible to be a member of the credit union); *Filardi*, 1998 WL 111683, at *3-4 (former student lacked standing to challenge alleged inaccessible school facilities after she graduated). "[A] person who fails to satisfy lawful, nondiscriminatory requirements or qualifications for the benefit lacks standing to raise claims of discrimination in the denial of the

benefit.… A favorable decision on the discrimination claim could not redress the injury because the person would still be disqualified from [obtaining the benefit]." *Wilson v. Glenwood Intermountain Properties, Inc.*, 98 F.3d 590, 593 (10th Cir. 1996) (citing cases); *see also Harp Advertising Illinois, Inc. v. Village of Chicago Ridge, Ill.*, 9 F.3d 1290, 1291 (7th Cir. 1993) ("Harp Advertising … lacks standing to challenge either the sign code or the zoning code, because it could not put up its sign [which violated a separate, unchallenged size provision in the code] even if it achieved total victory in this litigation.").

*Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069 (7th Cir. 2013), a physical accessibility case, does not lead to a different outcome. The *Scherr* court acknowledged that plaintiffs seeking injunctive relief must allege a "'real and immediate' threat of future violations of their rights" under the ADA, and it therefore examined whether the plaintiff's allegations supported a "*plausible* inference" that the plaintiff intended to return to the hotel with allegedly inaccessible design features. *Id.* at 1074-75 (emphasis added). A mere recitation of intent was not enough, as the court examined the plaintiff's travel history and family connections to the area to evaluate whether her stated intent to return was plausible. *Id.* Here, Mr. Hilliard asserts in his Second Amended Complaint that he intends to retake the Step 1 exam, but that intent is entirely implausible because it is undisputed that he is ineligible to do so. *See Carello*, 2018 WL 3740545, at *3 ("Since Carello cannot become a member of the Credit Union, it is simply not plausible that he intends to access the website in the future.").

Mr. Hilliard might argue that he is seeking relief in this lawsuit that would require Loyola to reinstate him as a student and thereby allow him to sit for Step 1 of the USMLE. *See* SAC at 10, Request (a). It is entirely speculative, however, that Mr. Hilliard will obtain relief against Loyola in this or any other action and be re-admitted to medical school. There is thus no non-

speculative future injury to support Mr. Hilliard's standing to pursue a claim against NBME at this time. *See Lyons*, 461 U.S. at 111 ("The speculative nature of Lyons' claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled.").

Mr. Hilliard might be eligible to retake the USMLE someday in the future—either if he succeeds in his claim against Loyola and is re-enrolled, or if he matriculates at another medical school, and otherwise satisfies all standard USMLE testing eligibility requirements.[4]  Right now, however, he has no standing to pursue his ADA claim against NBME and his claim must be dismissed for lack of subject matter jurisdiction.

## II.     Mr. Hilliard's Claim Against NBME is Barred by the Statute of Limitations

Even if Mr. Hilliard had standing to pursue his ADA claim against NBME, it is barred by the statute of limitations.  "[W]hen the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."  *Aberman v. Bd. of Educ. of City of Chicago*, No. 12-10181, 2014 WL 4912139, at *4 (N.D. Ill. 2014) (citation omitted).

Mr. Hilliard's claim is based on the partial denial of his request for 100% extra testing time on Step 1 of the USMLE.  NBME first denied his request for 100% extra time (granting 50% extra time) in October 2016, *see* SAC ¶ 19, but Mr. Hilliard did not assert a claim against NBME until February 2020.  His ADA claim is therefore barred by the two-year statute of limitations.  *See Soignier v. American Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir. 1996) (holding that Illinois'

---

[4] *Cf. Cunningham v. Univ. of N.M. Bd. of Regents*, 531 F. App'x 909, 918 (10th Cir. 2013) (district court lacked subject matter jurisdiction over Title III ADA complaint against NBME, because plaintiff did "not currently have any pending [accommodation] requests before the Board" and his claim "was not ripe for review"); *Kober v. Nat'l Bd. of Med. Exam'rs*, No. 09-1772, 2010 WL 2342480, at *3 (W.D. La. 2010) (dismissing Title III ADA complaint pursuant to Rule 12(b)(1) where plaintiff "has no request pending before the NBME" for decision).

two-year statute of limitations for personal injuries applied to a testing accommodation claim under Title III of the ADA).

The plaintiff in *Soignier* was a doctor who sought plastic surgery board certification. As part of the process, he had to pass a certification exam. Dr. Soignier passed the written portion, but he failed the oral portion after four attempts. *Id.* at 549. Before his fifth and final permitted attempt at the oral exam, Dr. Soignier asked for numerous disability-based testing accommodations. The Board granted some, but not all, of his requests, but he still did not pass when he tested in November 1992. *Id*. at 550. He then pursued a voluntary internal appeal process before the Board and asked to retest with additional accommodations. The Board denied this request in May 1993, and it denied his internal appeal in November 1994. Dr. Soignier sued in May 1995, alleging that the Board violated 42 U.S.C. § 12189 by failing to provide him with all his requested testing accommodations on the November 1992 test. *See id.*

The Seventh Circuit held that Dr. Soignier's claim was barred by the applicable two-year statute of limitations. *Id.* at 551. Dr. Soignier argued that the earliest date his claim could have accrued was May 1993, when the Board refused to retest him, and more likely did not accrue until November 1994, when the Board's "continuous course of conduct" ended by way of the denial of his appeal. *Id.* The court disagreed, explaining that "discovery of the original act of discrimination, *not* future confirmation of the injury or determination that the injury is unlawful, is when the statute of limitations begins to run." *Id.* (citations omitted). It concluded:

> [T]he district court correctly ruled that the two-year statute of limitations began to run in November 1992 when the Board administered the oral exam for the fifth and final time. The complaint alleges that when Soignier completed the orals in November 1992, he was aware that the Board had conducted the test without the accommodations he allegedly deserved. Soignier claims that at that time, he was disabled and otherwise eligible to take the orals, but that the Board refused him reasonable accommodations for his disability. These are each of the elements of an ADA claim.

*Id.* at 552 (citation omitted).

Although the Seventh Circuit tied the accrual date to when Dr. Soignier tested without all his requested accommodations, it does not appear that the Board argued for any earlier accrual date (perhaps because it did not need to do so to prevail on its statute of limitations defense). In fact, the statute of limitations began to run when the Board denied Dr. Soignier's requested testing accommodations, because at that point all the elements of an ADA claim (based on Dr. Soignier's allegations) were met. The Seventh Circuit relied on *D'Amico v. New York State Bd. of Law Exam'rs*, 813 F. Supp. 217, 222 (W.D.N.Y. 1993) as identifying the elements of an ADA claim in the testing context. *Id.* at 552. In *D'Amico*, the court explained that "to succeed on a claim under the ADA, plaintiff must show (1) that she is disabled, (2) that her requests for accommodations are reasonable, and (3) that those requests have been denied." 813 F. Supp. at 222; *see also Cairone v. McHenry Cty. College*, No. 17-4247, 2019 WL 3766112, at *8 (N.D. Ill. 2019) ("A failure to accommodate claim accrues when the accommodation is denied.") (citation omitted). According to Mr. Hilliard's allegations, all of those elements were met in his case in 2016, when NBME first denied his request.

Mr. Hilliard's claim based on NBME's partial denial of his request for testing accommodations accrued on October 14, 2016, when NBME denied his request for 100% additional testing time. *See* SAC ¶ 19 ("On October 14, 2016, Plaintiff received notification from the NBME that it denied Plaintiff's request for double time on the USMLE Step 1 exam."). His alleged subsequent requests for the same accommodation on the same test (*see* SAC ¶¶ 23-24, 27) do not extend the accrual date. *See Soignier*, 92 F.3d at 552 ("The events of May 1993 and November 1994 [denying request to retake the test and internal appeal] are 'future confirmation' or 'consequential' of the surgeon's alleged injury. These actions do not constitute new, separate

discriminatory acts actionable under the ADA."); *Mendez v. City of Chicago*, No. 03-8182, 2004 WL 2980598, at *4 (N.D. Ill. 2004) ("Though Mendez submitted another doctor's note requesting accommodation in March of 2002, this does not save his claim, as denial of a repeat request for previously denied accommodations does not constitute a new discriminatory act …..") (citation omitted); *aff'd*, 174 F. App'x 342 (7th Cir. 2006).[5]

Mr. Hilliard did not file a lawsuit against NBME until February 17, 2020, more than three years after his claim accrued. His claim is therefore barred by the two-year statute of limitations.

---

[5] *Scherr* is inapposite on this point. *Scherr* followed a "continuing violations" approach in the context of a physical accessibility claim under the general public accommodation provisions in Title III of the ADA. Mr. Hilliard's claim involves requests for accommodations on the USMLE. It arises under a different statutory provision and in a different context, something the *Scherr* court implicitly acknowledged when it noted that it had not directly addressed the accrual issue in *that* case before—*i.e.*, its prior decision in *Soignier* (which specifically involves testing accommodations, as here) was not directly applicable in the *Scherr* case. *Cf. Teague v. Nw. Mem'l Hosp.*, 492 F. App'x 680, 684 (7th Cir. 2012) ("[A] refusal to accommodate is a discrete act—not an ongoing omission—and therefore the continuing violation doctrine does not apply.") (citations omitted); *Cairone*, 2019 WL 3766112, at *8 (same).

## **CONCLUSION**

Mr. Hilliard lacks standing to assert his ADA claim against NBME, and this claim should be dismissed for lack of subject matter jurisdiction. In the alternative, if standing is found to exist, Mr. Hilliard's claim against NBME should be dismissed with prejudice because it is barred by the statute of limitations.

Dated: May 10, 2022  Respectfully submitted,

/s/ Caroline M. Mew
Caroline M. Mew, *pro hac vice*
Perkins Coie LLP
700 13th St. NW, Suite 800
Washington, DC 20005-3960
Tel: (202) 654-1767
cmew@perkinscoie.com

Jillian Sommers, IL Bar No. 6317803
Perkins Coie LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8587
jsommers@perkinscoie.com

Attorneys for National Board of Medical Examiners

156820146.1

## CERTIFICATE OF SERVICE

On this date I caused a copy of the foregoing document to be served on each of the attorneys identified below via CM/ECF:

Cynthia M. Rote
Integrate Legal PC
12533 Wagon Wheel Road
Rockton, IL 61072
Email: Cynthia@integrate-Legal.com

*Attorney for Marcus Hilliard*

Kirsten Milton
Monica H. Khetarpal
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, IL 60601
Kirsten.milton@jacksonlewis.com
Monical.khetarpal@jacksonlewis.com

*Attorneys for Loyola University Chicago Stritch School of Medicine*

|  |  |
|---|---|
| Dated:  May 10, 2022 | Respectfully submitted, |
|  | /s/ Caroline M. Mew |
|  | Caroline M. Mew, *pro hac vice* |
|  | Perkins Coie LLP |
|  | 700 13th St. NW, Suite 800 |
|  | Washington, DC 20005-3960 |
|  | Tel: (202) 654-1767 |
|  | cmew@perkinscoie.com |
|  |  |
|  | Jillian Sommers, IL Bar No. 6317803 |
|  | Perkins Coie LLP |
|  | 131 S. Dearborn St., Suite 1700 |
|  | Chicago, IL 60603-5559 |
|  | Tel: (312) 324-8587 |
|  | jsommers@perkinscoie.com |
|  |  |
|  | Attorneys for National Board of Medical Examiners |

156820146.1