**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARCUS HILLIARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  20-cv-1144 |
| v. | ) | |
| | ) | Honorable Martha M. Pacold |
| NATIONAL BOARD OF MEDICAL | ) | |
| EXAMINERS , and LOYOLA | ) | Magistrate Judge Gabriel A. Fuentes |
| UNIVERSITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT LOYOLA UNIVERSITY OF CHICAGO'S
## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Loyola University of Chicago ("Loyola" or "Defendant"), in answer to Plaintiff

Marcus Hilliard's ("Plaintiff") Second Amended Complaint (the "Complaint"), states as follows:

## INTRODUCTION

Plaintiff, Marcus Hilliard, (hereinafter referred to as "Plaintiff") is an individual with a medically diagnosed disabilities in the areas of: written expression, basic reading skills, reading comprehension, mathematic calculation, mathematic reasoning, sequencing ability, short-term auditory memory, attention, and speed of eye-hand coordination.

Plaintiff also submitted substantial documentation to the National Board of Medical Examiners (hereinafter referred to as "NBME") reflecting the nature and extent of his disabilities in support of his requested testing accommodations. However, the NBME refused to grant Plaintiff his requested accommodation of double-time to complete his Step 1 Medical Boards Examination. Plaintiff's request for double-time to complete this exam was denied on three occasions. As a result, Plaintiff failed this examination three times. Loyola University Chicago Stritch School of Medicine (hereinafter referred to as "Stritch") failed to provide Plaintiff with reasonable accommodation, and now Plaintiff is no longer in satisfactory academic standing with the school and is no longer eligible to sit for the USMLE Step 1 Medical Boards Examination.

Due to both Stritch's and the NMBE's violations of the ADA Plaintiff is now stuck in a circular nightmare. Stritch dismissed Plaintiff because he failed the USMLE three times. The NBME will not allow Plaintiff to sit for a fourth exam (after Plaintiff failed three times as a direct result of the NBME's violation of the ADA) because Plaintiff is not enrolled in Medical School; however, Plaintiff is not enrolled in medical school because he failed the NBME three times without proper accommodations. And the circular nature of it continues, as further illustrated

below:



Stritch dismisses Hilliard due to failure of NBME after NBME failed to provide proper accommodations

NBME will not allow Hilliard to register for 4th attempt because Stritch dismissed him

Plaintiff brings this case pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.* ("ADA"), and under Title III's implementing regulations found at 28 C.F.R. § *et seq.*

**ANSWER:** Defendant admits Plaintiff failed to pass Step 1 of the United States Medical Licensing Examination ("USMLE") ("Step 1 Exam") on three occasions. Defendant also admits the National Board of Medical Examiners ("NBME") denied Plaintiff's request for 200% testing time. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the information that Plaintiff submitted to NBME and whether Plaintiff has been medically diagnosed disabilities in the areas of written expression, basic reading skills, reading comprehension, mathematic calculation, mathematic reasoning, sequencing ability, short-term auditory memory, attention, and speed of eye-hand coordination, and, therefore, denies the allegations. Except as expressly admitted herein, Defendant denies the allegations contained in this Introductory paragraph of the Complaint.

## JURISDICTION AND VENUE

1. Plaintiff's claims arise under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182 *et seq.* ("ADA"), and under Title III's implementing regulations found at 28 C.F.R. § *et seq.* Therefore, the United States District Court of the Northern District of Illinois has jurisdiction over these claims because the claims arise out of the protections afforded by Title III of the ADA.

**ANSWER:** Defendant admits the Court has jurisdiction over Plaintiff's claims pursuant to

Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182 *et seq*. ("ADA"), but

denies that Plaintiff is entitled to any relief under the ADA or Regulations.  Except as expressly

admitted herein, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.    This complaint is timely filed within two (2) years from the letter sent by Stritch's Associate Dean James Mendez dated September 25, 2019, dismissing him as a student, and within two (2) years from receiving notification from NBME on September 27, 2019 informing Plaintiff that he is no longer eligible to sit for the Medical Boards exam.

**ANSWER:**    Defendant admits that it sent Plaintiff a letter dated September 25, 2019 from

Associate Dean of Student Affairs, James Mendez ("Dean Mendez"), in which Defendant

informed Plaintiff of his dismissal from Stritch School of Medicine ("Stritch").  Defendant further

admits that, on February 17, 2020, Plaintiff filed the Complaint at Law in this action against

National Board of Medical Examiners, and, subsequently, on June 15, 2020, Plaintiff filed the

Amended Complaint against Defendant.  Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the allegation regarding whether and when NBME sent notification

to Plaintiff that he was unable to sit for the Medical Boards exam, and, therefore, denies the

allegations.  Except as expressly admitted herein, Defendant denies the allegations contained in

Paragraph No. 2 of the Complaint.

3.    Venue in the district is proper under 28 U.S.C. § 1391(b). The Defendant resides in the Northern District, Eastern Division, and the events giving rise to Plaintiff's claim occurred here.

**ANSWER:**    Defendant admits that venue is proper pursuant to 28 U.S.C. § 1391(b).  Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding

where Plaintiff resides, and, therefore, on that basis, denies the allegation.  Except as expressly

admitted herein, Defendant denies the allegations contained in Paragraph No. 3 of the Complaint.

## PARTIES

4.      Plaintiff, MARCUS HILLIARD, was enrolled as a medical student at Stritch from August 2015 until his dismissal in September 2019.

**ANSWER:**    Defendant admits Plaintiff's matriculation as a medical student at Stritch began in Fall 2015 and continued until his dismissal in September 2019.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph No. 4 of the Complaint.

5.      Plaintiff is an individual with medically diagnosed disabilities in the areas of: written expression, basic reading skills, reading comprehension, mathematic calculation, mathematic reasoning, sequencing ability, short-term auditory memory, attention, and speed of eye-hand coordination.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff has been medically diagnosed with disabilities in the areas of written expression, basic reading skills, reading comprehension, mathematic calculation, mathematic reasoning, sequencing ability, short-term auditory memory, attention, and speed of eye-hand coordination, and, therefore, on that basis, denies the allegations contained in Paragraph No. 5 of the Complaint.

6.      Plaintiff is a qualified individual with a disability and meets the eligibility requirements under the ADA.

**ANSWER:**    Defendant denies the allegations contained in Paragraph No. 6 of the Complaint.

7.      Stritch, a private secondary institution, is a public accommodation under Title III of the ADA as a "facility operated by a private entity whose operations affect commerce."

**ANSWER:**    Defendant admits the allegations contained in Paragraph No. 7 of the Complaint.

8.      NBME is an independent, not-for-profit organization that provides standardized licensing examinations, the successful completion of which is required for medical licensure in the United States and in the State of Illinois, including the Northern District of Illinois.

**ANSWER:**    Upon information and belief, Defendant admits NBME is a not-for-profit organization with a mission to protect the health of the public through the development and administration of high-quality examinations for health professionals.  Except as expressly admitted

herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and, therefore, on that basis, denies the remaining allegations contained in Paragraph No. 8 of the Complaint.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a qualified student with a disability under the ADA.

**ANSWER:**      Defendant denies the allegations contained in Paragraph No. 9 of the Complaint.

10.      Plaintiff has a learning disability that substantially limits his major life activities of learning, reading and writing.

**ANSWER:**      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff has a learning disability, and if so, the extent of that disability, and, therefore, on that basis, denies the allegations contained in Paragraph No. 10 of the Complaint.

11.      Plaintiff began his enrollment as a student at Loyola University of Chicago Stritch School of Medicine in August 2015 as a medical student.

**ANSWER:**      Defendant admits Plaintiff's matriculation as a medical student at Stritch began in Fall 2015.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph No. 11 of the Complaint.

12.      Plaintiff also holds a B.S. degree in Chemical Engineering, an M.S. degree in Chemical Engineering, a Ph.D. degree in Chemical Engineering, a M.B.E. degree in Bioengineering, and a M.S. degree in Data Science in Artificial Intelligence.

**ANSWER:**      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 12 of the Complaint, and, therefore, on that basis, denies the allegations contained in Paragraph No. 12 of the Complaint.

13.      Each of Plaintiff's prior academic institutions made reasonable accommodations for Plaintiff, including: a.) granting him double additional time to work on class assignments and tests; b.) alternative test locations providing quiet environments; c.) allowed assistive devices in the classrooms such as a tape recorder for class lectures; d.) use of a computer for all assignments; and e.) alternate format for texts and software provided by the school.

5

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 13 of the Complaint, and, therefore, on that basis, denies the allegations contained in Paragraph No. 13 of the Complaint.

14.     Upon Plaintiff's arrival at Stritch, the school failed to assign an individual or office solely to assist students with Disabilities.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 14 of the Complaint.

15.     On July 16, 2015, Plaintiff met with former Director of the Academic Center for Excellence and Accessibility Josh Hopps, Ph.D. to discuss policies in place at Stritch to inform course directors and coordinators of his approved accommodations.

**ANSWER:**     Defendant admits that Plaintiff communicated with Dr. Josh Hopps, former Director of Academic Center for Excellence and Accessibility, in or around July 2015 regarding requested accommodations.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph No. 15 of the Complaint.

16.     During this meeting with Dr. Hopps, Plaintiff requested a letter outlining Plaintiff's approved accommodations. This letter request was denied, leaving Plaintiff with no formal written documentation or a clear procedure to determine his approved accommodations.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 16 of the Complaint.

17.     On July 15, 2015, Plaintiff also received notice from the Stritch Technical Standards Review (TSR) Committee where the recommendation of double time on examinations was denied.

**ANSWER:**     Defendant admits that it sent Plaintiff a letter dated July 15, 2015 from Assistant Dean for Admissions, Recruitment and Student Life, Sunny Nakae, in which Defendant informed Plaintiff that the Technical Standards Review Committee did not support his request for double time on examinations, but did support providing time-and-one-half for examinations.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph No. 17 of the Complaint.

18.     Plaintiff was further denied accommodations through denied access of reading materials, course materials, use of scratch paper during exams, and accommodations on school exams including his Patient Centered Medicine 1 exam.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 18 of the Complaint.

19.     On October 14, 2016, Plaintiff received notification from the NBME that it denied Plaintiff's request for double time on the USMLE Step 1 exam.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 19 of the Complaint, and, therefore, on that basis, denies the allegations contained in Paragraph No. 19 of the Complaint.

20.     It was not until April 26, 2017 that Plaintiff received an official letter from Stritch outlining his approved accommodations.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 20 of the Complaint.

21.     Plaintiff was continuously denied accommodations throughout his time at Stritch, and Plaintiff was notified on June 29, 2017 that he was placed on academic probation.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 21 of the Complaint.

22.     On June 21-22, 2018, Plaintiff sat for the USMLE Step 1 Examination for the first time, after he was denied double time to complete the exam and granted only time-and-one-half to complete the exam. Plaintiff failed this attempt.

**ANSWER:**     Defendant admits that in June 2018, Plaintiff sat for, and failed, the Step 1 Exam. Defendant also admits that NBME approved Plaintiff's request for time and a half, but denied his request for 200% testing time.   Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph No. 22 of the Complaint.

23.     On September 25, 2017, Plaintiff submitted a second accommodation request of double-time on his Step 1 exam to the NBME.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 23 of the Complaint, and, therefore, on that basis, denies the allegations contained in Paragraph No. 23 of the Complaint.

24.     On September 28, 2017, Plaintiff learned that this request was again, denied by the NBME.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 24 of the Complaint, and, therefore, on that basis, denies the allegations contained in Paragraph No. 24 of the Complaint.

25.     On several of Plaintiff's practice exams, upon the recommended [sic] by Stritch, Plaintiff successfully passed his practice Step 1 exams when allowing for double-time for completion.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 25 of the Complaint, and, therefore, on that basis, denies the allegations contained in Paragraph No. 25 of the Complaint.

26.     On November 9-10, 2018, Plaintiff sat for the USMLE Step 1 exam for the second time, where he was again denied the accommodation of double to complete the exam and granted only time-and-one-half to complete the exam.  Plaintiff learned that he again failed this exam.

**ANSWER:**     Defendant admits in November 2018, Plaintiff sat for, and failed, the Step 1 Exam for the second time.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's request for an accommodation, and, therefore, on that basis, denies the allegations in Paragraph No. 26 of the Complaint.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph No. 26 of the Complaint.

27.     On February 16, 2019, Plaintiff submitted a subsequent accommodation request to the NBME for his third attempt at taking the USMLE Step 1 exam.  This was again denied and Plaintiff was again only granted time-and-one-half to complete this exam for the third time despite his requests for accommodation of double time yet again.

**ANSWER:**     Defendant admits before Plaintiff sat for his Step 1 Exam for the third time, he petitioned NBME to increase his accommodation from 1.5x to 2x additional testing time.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether NBME approved Plaintiff's request, and, therefore, on that basis, denies the allegation.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph No. 27 of the

Complaint.

28.     During his [sic] time period Stritch continued to push Plaintiff to take the exam and provided Plaintiff no support, assistance, guidance or counseling on how to further appeal the denial of his accommodation with the NBME.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     On August 30-31, 2019, Plaintiff sat for the USMLE Step 1 Examination for the third time at only time and one half accommodations.  Plaintiff failed the exam.

**ANSWER:**     Defendant admits in August 2019 Plaintiff sat for, and failed, the Step 1 Exam for the third time.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's alleged accommodations, and, therefore, on that basis, denies the allegations.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph No. 29 of the Complaint.

30.     The NBME allows enrolled medical students to take the Step-1 exam up to six times.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 30 of the Complaint, and, therefore, on that basis, denies the allegations contained in Paragraph No. 30 of the Complaint.

31.     On September 18, 2019, Plaintiff requested a fourth attempt to sit for the Step 1 Examination.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 31 of the Complaint, and, therefore, on that basis, denies the allegations contained in Paragraph No. 31 of the Complaint.

32.     Plaintiff met with several Stritch administrators to discuss his options from September 20-25, 2019.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 32 of the Complaint, and, therefore, on that basis, denies the allegations contained in Paragraph No. 32 of the Complaint.

33.     Plaintiff received a formal dismissal letter on September 25, 2019, from Stritch.

**ANSWER:**     Defendant admits that it sent Plaintiff a letter dated September 25, 2019 from Dean Mendez in which Defendant informed Plaintiff of his dismissal from Stritch.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph No. 33 of the Complaint.

34.     On September 27, 2019, Plaintiff received a notification from the NBME that staff at Stritch informed them that Plaintiff was no longer officially enrolled in the school, and formal enrollment in a medical school program is an eligibility requirement to sit for the USMLE Step 1 exam.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 34 of the Complaint, and, therefore, on that basis, denies the allegations contained in Paragraph No. 34 of the Complaint.

35.     On September 30, 2019, Dr. Pachan, a psychologist, drafted a letter on behalf of Plaintiff requesting that NBME reconsider its accommodations for Plaintiff.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 35 of the Complaint, and, therefore, on that basis, denies the allegations contained in Paragraph No. 35 of the Complaint.

36.     On October 10, 2019, Plaintiff received notification from the NBME Disability Services that they received his letter detailing his learning disability from Dr. Pachan, but since Plaintiff was no longer eligible to sit for the exam due to his dismissal from Stritch, the NBME would be taking no further action.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 36 of the Complaint, and, therefore, on that basis, denies the allegations contained in Paragraph No. 36 of the Complaint.

37.     Plaintiff intends to sit for and take the USMLE Step 1 exam again.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. No. 37 of the Complaint, and, therefore, on that basis, denies

the allegations contained in Paragraph No. No. 37 of the Complaint.

38.    Plaintiff would take the USMLE Step 1 exam again, but he has been denied the ability to do so by the NBME's policies and conduct.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 38 of the Complaint, and, therefore, on that basis, denies the

allegations contained in Paragraph No. No. 38 of the Complaint.

39.    On October 17, 2019, Associate Dean Mendez at Stritch demanded Plaintiff send Stritch his appeal letter, even though pursuant to school policy Plaintiff was to have thirty days from receipt of the letter of dismissal to submit his appeal.

**ANSWER:**    Defendant denies the allegations contained in Paragraph No. 39 of the Complaint.

40.    Plaintiff submitted his incomplete appeal to Associate Dean Mendez on October 17, 2019.

**ANSWER:**    Defendant admits that Plaintiff submitted his appeal letter dated October 17, 2019

to Dean Mendez.  Except as expressly admitted herein, Defendant denies the allegations contained

in Paragraph No. 40 of the Complaint.

41.    On October 22, 2019, less than thirty days after his dismissal, Plaintiff received notification from Associate Dean Mendez that his appeal letter for reentry into Stritch was denied.

**ANSWER:**    Defendant admits that on October 22, 2019, Dean Mendez sent Plaintiff an email

informing him that the Student Appeal Board decided not to approve his appeal.  Except as

expressly admitted herein, Defendant denies the allegations contained in Paragraph No. 41 of the

Complaint.

42.    On October 24, 2019, Plaintiff submitted his appeal to the Provost, which was denied on November 8, 2019.

**ANSWER:**    Defendant admits that on October 24, 2019 Plaintiff submitted his appeal to

Interim Provost Margaret Faut Callahan, PhD and, on November 8, 2019, Dr. Callahan upheld his

dismissal.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph No. 42 of the Complaint.

## <u>COUNT I –VIOLATION OF THE ADA</u><br><u>(Plaintiff vs. Stritch School of Medicine)</u>

43.    Plaintiff repeats and realleges the allegations and statements in the previous paragraphs herein and further states:

**<u>ANSWER:</u>**    Defendant restates and incorporates by reference its responses to all the allegations and statements in the previous paragraphs herein as though fully set out herein.

44.    Plaintiff brings this complaint under Title III of the ADA which prohibits public accommodations from discriminating against individuals on the basis of disability. Title III provides that:

> [N]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182.

**<u>ANSWER:</u>**    Defendant admits that Plaintiff purports to bring claims under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182 *et seq*. ("ADA"), and that Section 12182(a) of Title III contains the above language.  42 U.S.C. § 12182(a).  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph No. 44 of the Complaint.

45.    Under the ADA, Stritch has an ongoing obligation to provide students with "reasonable modification" and to engage in the interactive process with students to identify potential effective accommodations.

**<u>ANSWER:</u>**    Defendant admits it has certain obligations under Title III of the ADA and the language of the statute speaks for itself.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.    Due to the actions and inactions of Stritch as alleged herein, Stritch has discriminated against Plaintiff and excluded him from participating in, or enjoying the benefits of, its services, programs, and activities, in violation of the ADA, 42 U.S.C. § 12101 *et. seq.*

**<u>ANSWER:</u>**    Defendant denies the allegations contained in Paragraph No. 46 of the Complaint.

47.     A request for reasonable accommodation may originate directly from the individual with the disability or from the individual's representative.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 47 of the Complaint.

48.     A request for a reasonable accommodation under the ADA does not require any specific language, so long as it conveys that a person has a disability and needs a reasonable accommodation for disability-related reasons.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 48 of the Complaint.

49.     Once a reasonable accommodation is made by a qualified individual with a disability or an individual's representative, it triggers the interactive process to identify prospective accommodations.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 49 of the Complaint.

50.     Plaintiff attempted to discuss his academic needs and coordinate reasonable modifications to accommodate his disability on numerous occasions at Stritch with: the Stritch Technical Standards Review committee, former Director of the Academic Center for Excellence and Accessibility Dr. Josh Hopps, Dr. Clipstone, Dr. Kristopaitis, Dr. Levin, Dr. Derhammer, Dr. Edwards, ACE director Mrs. Schalansky, the Admissions department, Assistant Dean Sonntag, and Associate Dean Mendez between March 2015 and October 2019.

**ANSWER:**     Defendant admits that Defendant, through various employees, met and discussed

possible accommodations with Plaintiff.  Except as expressly admitted herein, Defendant denies

the allegations contained in Paragraph No. 50 of the Complaint.

51.     Stritch staff and administration violated the ADA by failing to provide reasonable modifications and accommodations in the form of making insufficient and inconsistent accommodations to Plaintiff during his time at the school. Several of Plaintiff's requests for classroom and test-taking accommodations were denied outright.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 51 of the Complaint.

52.     Stritch staff and administration violated the ADA by failing to provide reasonable modifications and accommodations in the form of allowing Plaintiff remain enrolled at Stritch and sit for the Step-1 exam a fourth time.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 52 of the Complaint.

53.     Stritch discriminated against Plaintiff in violation of the ADA by dismissing him as a student in September 25, 2019, thereby denying him the full and equal enjoyment, as well as excluding him from participating in or benefiting from the "goods, services, facilities, privileges, advantages, or accommodations" of Stritch. 42 U.S.C. § 12182(a).

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 53 of the Complaint.

54.     Stritch's past and ongoing failure to provide reasonable accommodations to Plaintiff, its disparate treatment of Plaintiff, and its dismissal of Plaintiff are in violation of Plaintiff's rights under the ADA.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 54 of the Complaint.

55.     Due to Stritch's violations of the ADA which resulted in Plaintiff being dismissed from Stritch, the NBME has advised Plaintiff that he is not eligible to set for the USMLE Step 1 Exam because he is no longer enrolled in a medical school.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 55 of the Complaint.

56.     Due to Stritch's violations of the ADA which resulted in Plaintiff being dismissed from Stritch Plaintiff is unable to transfer to a different medical school as his school transcript shows dismissal.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 56 of the Complaint.

57.     Plaintiff has no adequate legal remedy and Stritch's violations of the ADA can only be remedied by requiring Stritch reinstate Plaintiff as a medical student.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 57 of the Complaint.

58.     As a direct and proximate result of Stritch's actions and Stritch's repeated failure to comply with the ADA, Plaintiff has suffered severe emotional plain, anguish, embarrassment, and humiliation.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 58 of the Complaint.

**WHEREFORE**, Plaintiff, MARCUS HILLIARD, prays that this Honorable Court grant judgment in his favor find that Stritch has subjected and continues to subject Plaintiff to discrimination because of his disabilities in violation of the ADA.  Plaintiff respectfully request the following relief:

a.  Permanent injunctive relief ordering Stritch to reinstate Plaintiff;

b.  Permanent injunctive relief order Stritch to immediately notify the NBME that Plaintiff is enrolled and eligible to sit for the Step 1 exam at a time of Plaintiff's choosing;

c.  Permanent injunctive relief prohibiting Stritch from treating Plaintiff differently than

14

his non-disabled counterparts;

d. Permanent injunctive relief ordering Stritch to undergo periodic training regarding the ADA and disability awareness;

e. All costs incurred by this suit, including any attorney's fees; and

f. Any other and further relief deemed just by this court.

**ANSWER:** Defendant denies the allegations contained in the WHEREFORE Paragraph of the Complaint.

## COUNT II –VIOLATION OF THE ADA
### (Plaintiff vs. NBME)

59. Plaintiff repeats and realleges the allegations and statements in the previous paragraphs one through forty-two (1-42) herein and further states:

**ANSWER:** Defendant restates and incorporates by reference its responses to all the allegations and statements in Paragraphs 1-42 herein as though fully set out herein.

60. Plaintiff is an individual with a disability as defined by the ADA because he has a mental impairment that substantially limits one or more of his major life functions, namely, learning disabilities that substantially limit his major life functions of learning, reading, and writing. 42 U.S.C. § 12102(2)(A).

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 60 of the Complaint and, therefore, on that basis, denies the allegations contained in Paragraph No. 60 of the Complaint.

61. Title III of the ADA (46. U.S.C. § 12189) prohibits discrimination against persons with disabilities in professional examinations such as the USMLE Step 1 as follows:

Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post- secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 61 of the Complaint.

62. The NBME is covered by the ADA pursuant to 42 U.S.C. § 12189 in its capacity

15

as the administrator of the USMLE Step 1.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 62 of the Complaint and, therefore, on that basis, denies the allegations contained in Paragraph No. 62 of the Complaint.

63. Pursuant to 28 C.F.R. § 36.309(b), the NBME must assure that any examination is selected and administered so as to best insure that, when the examination is administered to an individual with a disability that impairs sensory, manual or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factors the examination purports to measure, other than reflecting the individual's impaired sensory, manual, or speaking skills.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 63 of the Complaint and, therefore, on that basis denies the allegations contained in Paragraph No. 63 of the Complaint.

64. Plaintiff is a qualified student with a disability under the ADA.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 64 of the Complaint.

65. One reasonable accommodation for a disabled person, such as Plaintiff, that may be allowed under the ADA, is lengthening the time permitted for completing the examination.

**ANSWER:** Defendant denies the allegations contained in Paragraph No. 65 of the Complaint.

66. Plaintiff has a learning disability that substantially limits his major life activities of learning, reading and writing. Plaintiff's condition, which has been diagnosed through testing, examination and evaluation by experts in this field, constitutes a disability within the meaning of the ADA.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff has a learning disability, and if so, the extent of that disability, and, therefore, on that basis, denies the allegations contained in Paragraph No. 66 of the Complaint.

67. Under the ADA, a disability is defined, in part, as a physical or mental impairment that substantially limits one or more major life activities of an individual. 42 U.S.C. § 12102(2). Under the authority of 42 U.S.C. § 12134, the Department of Justice has promulgated regulations (28 CFR § 35.104) that include "learning" and "work" within the definition of major life activities. The major life activity of learning also includes "reading" and "writing" as activities protected by the ADA. The "substantially limited" standard for the major life activity of learning, reading, or writing, is established when "the individual's important life activities are restricted as to the condition, manner, or duration under which they can be performed in comparison to most people." 28 CFR, pt. 36, App. B.

**ANSWER:**  Defendant admits that certain statutory language of Title III of the ADA is contained in 42 U.S.C. §§ 12102 and 12134, as well as the supporting Regulations.  Except as expressly admitted herein, the language of the statute and Regulations speak for themselves and, therefore, except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. As noted above, Plaintiff has a learning disability that substantially impairs his ability to read and process the written word. His disability precludes him from learning, reading and writing in the same manner and in the same amount of time as most people. This learning disability substantially limits his activity of learning, reading, and writing, comparison to most people and certainly in comparison to his peers, other medical students taking the USMLE.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 68, and, therefore, on that basis, denies the allegations contained in Paragraph No. 68 of the Complaint.

69. Failure in the taking of the USMLE necessarily precludes an individual from continuing medical school, employment as a medical doctor in the United States. Successful passing of the USMLE is a prerequisite to licensure to practice medicine in the United States. Thus, Plaintiff's entire future livelihood as a medical doctor rests on this exam.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Plaintiff made formal written request of NBME for reasonable accommodation for his disability in connection with taking the USMLE Step 1 Exam, i.e., two times the standard time to take the exam (hereinafter sometimes referred to as "double time"), an accommodation NBME has made to some people who have requested the accommodation. Such accommodations are consistent with the reasonable accommodations he was provided in his previous academic studies. The NBME has granted similar accommodations to other candidates in the past taking the Step 1 exam.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 70, and, therefore, on that basis, denies the allegations contained in Paragraph No. 70 of the Complaint.

71.     The NBME's refusal to provide the reasonable test accommodations Plaintiff requested for the USMLE Step 1 constitutes an illegal failure to accommodate a disabled person in violation of the ADA.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 71 of the Complaint.

72.     Plaintiff would have sat for the next schedule USMLE Step 1exam, if the NBME had not denied him the ability to do so.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 72, and, therefore, on that basis, denies the allegations contained in Paragraph No. 72 of the Complaint.

73.     Plaintiff intends to take the USMLE Step 1 exam again.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 73, and, therefore, on that basis, denies the allegations contained in Paragraph No. 73 of the Complaint.

74.     The NBME's policies and conduct have caused Plaintiff to be unable to take the USMLA Step 1 exam since August of 2019.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 74, and, therefore, on that basis, denies the allegations contained in Paragraph No. 74 of the Complaint.

75.     Plaintiff will be irreparably harmed and/or has no adequate remedy at law if the NBME fails to expunge his previous three attempts that the NBME required Plaintiff to take in violation of the ADA and without adequate accommodations, in that (a) Plaintiff's medical school career will be placed on hold because a passing score on the USMLE Step 1 is a prerequisite to continuing his medical school education; (b) Plaintiff's' opportunity to engage in his career of choice is effectively on hold until the NBME is compelled to comply with the ADA.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 75 of the Complaint.

76.     Plaintiff will be irreparably harmed and/or has no adequate remedy at law if the NBME continues its illegal refusal to provide him reasonable accommodations of double time for the test in that: (a) given his history with prior examinations, including the Step 1 Exam, Plaintiff is justifiably concerned that he will not pass the USMLE Step 1 without the additional extra time accommodation to which he is entitled under the ADA;(b) requiring Plaintiff to take the USMLE Step 1 without adequate accommodation puts him at distinct disadvantage given his disability; and (c) reduced performance on the USMLE Step 1 as a result of not receiving accommodation significantly reduces Plaintiff's' future professional career options.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 76 of the Complaint.

77.     The NBME will not be harmed if the Court grants the requested injunctive relief. Thus, the balancing of harm favors granting the requested injunctive relief.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 77 of the Complaint.

78.     The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are treated fairly and provided with equal opportunities to those persons in the community without disabilities. The public interest will not be served by allowing the NBME to continue its unlawful refusal to provide Plaintiff with the ADA accommodations to which he is justly entitled.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 78 of the Complaint.

79.     As a result of the NBME's violation of the ADA, Plaintiff was dismissed from medical school.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 79 of the Complaint.

80.     As a result of the NBME's violation of the ADA, Plaintiff is unable to register for Step 1 of the USMLE because only students attending Medical School may register for the exam.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 80 of the Complaint.

81.     Plaintiff has no adequate legal remedy and the NBME's violations of the ADA can only be remedied by granting Plaintiff injunctive relief requiring the NBME to allow Plaintiff to sit for the Step-1 Exam with his necessary accommodations or expunge his previous attempts that were given without this necessary accommodations.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 81 of the Complaint.

82.     As a result of the NBME's violation of the ADA, Plaintiff suffered or will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 82 of the Complaint.

83.     The NBME in denying Plaintiff's for reasonable accommodation violated the ADA and has done so while acting maliciously or with reckless indifference for Plaintiff's' ADA rights.

**ANSWER:**     Defendant denies the allegations contained in Paragraph No. 83 of the Complaint.

**WHEREFORE**, Plaintiff, MARCUS HILLIARD, prays that this Honorable Court grant judgment in his favor find that the NBME has subjected and continues to subject Plaintiff to discrimination because of his disabilities in violation of the ADA. Plaintiff respectfully request the following relief:

a.  Permanent injunctive relief ordering the NBME allow Plaintiff to sit for the Step 1;

b.  Permanent injunctive relief directing the NBME immediately to cease and desist from its refusal to accommodate Plaintiff's' requests for accommodation on the USMLE Step 1 and ordering that the NBME comply with the ADA by allowing Plaintiff the requested accommodation of two times the standard time to take the USMLE Step 1;

c.  Permanent injunctive relief direct that NBME comply with the ADA by providing Plaintiff's requested accommodation with regard to the USMLE Step 1 and future USMLE examinations for which Plaintiff is otherwise entitled to sit and for which he otherwise makes proper application;

d.  Permanent injunctive relief enjoining the NBME to excuse Plaintiff's previous three attempts at taking the Step 1 exam due to failure to provide reasonable accommodations;

e.  Permanent injunctive relief prohibiting the NBME from treating Plaintiff differently than his non- disabled counterparts;

f.  Permanent injunctive relief ordering the NBME to undergo periodic training regarding the ADA and disability awareness;

g.  All costs incurred by this suit, including any attorney's fees; and

20

**h.** Any other and further relief deemed just by this court.

**ANSWER:** Defendant denies the allegations contained in the WHEREFORE Paragraph of the Complaint.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant, by its attorneys, hereby asserts the following affirmative and other defenses:

1. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

2. To the extent Plaintiff establishes liability against Defendant, the amount of compensatory and punitive damages Plaintiff may recover is limited as provided by law.

3. To the extent Defendant denied Plaintiff's request for accommodation, such accommodation would have imposed an undue hardship on Defendant's operations or was otherwise prohibited by another federal law or regulation.

4. Plaintiff is barred from seeking compensatory and punitive damages because Defendant made good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation that would provide him with an equally effective opportunity.

5. Plaintiff was not a qualified individual with a disability, and therefore he has no standing to initiate this action and no right to any relief under the ADA and the Rehabilitation Act.

6. In the alternative, but without in any way waiving the foregoing defenses that Plaintiff is not disabled and/or not a qualified individual with a disability, in the event that it is determined that Plaintiff is disabled and is a qualified individual with a disability, Defendant avers that it met any obligations to engage in an interactive process with Plaintiff to identify reasonable accommodations.

7. Plaintiff never requested or sought reasonable accommodation.

8.      To the extent that Plaintiff was entitled to and sought reasonable accommodation, Defendant had no obligation to provide Plaintiff with the particular accommodation sought.

9.      Defendant expressly reserves the right to assert additional affirmative defenses and revise the defenses asserted herein as it learns additional relevant facts during the course of this litigation.

Dated: May 24, 2022                          Respectfully submitted,

                                             **LOYOLA UNIVERSITY OF CHICAGO**


                                     By:     /s/ Kirsten A. Milton
                                             One of Its Attorneys



Kirsten A. Milton
JACKSON LEWIS P.C.
150 North Michigan Avenue
Suite 2500
Chicago, Illinois 60601
Phone: (312) 787-4949
Facsimile (312) 787-4995
Email: monica.khetarpal@jacksonlewis.com
Email: kirsten.milton@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on this 24th day of May, 2022 a true and correct copy of the foregoing ***Defendant Loyola University of Chicago's Answer to Plaintiff's Second Amended Complaint*** was filed electronically and electronically served to all parties registered to receive service by CM/ECF.

/s/ Kirsten A. Milton
One of Defendant's Attorneys