IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS HILLIARD, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No. 2020-cv-01144 |
| v. ) | |
| ) | |
| NATIONAL BOARD OF MEDICAL ) | |
| EXAMINERS and LOYOLA ) | |
| UNIVERSITY CHICAGO STRITCH ) | |
| SCHOOL OF MEDICINE, ) | |
| ) | |
| DEFENDANTS. ) | |

**RESPONSE TO NBME'S MOTION TO DISMISS**

NOW COMES, Plaintiff, Marcus Hilliard, and in response to the National Board of Medical Examiner's ("NBME") Motion to Dismiss states as follows:

**I.**     **Background**

Plaintiff, Marcus Hilliard, is an individual with medically diagnosed disabilities in the areas of: written expression, basic reading skills, reading comprehension, mathematic calculation, mathematic reasoning, sequencing ability, short-term auditory memory, attention, and speed of eye-hand coordination. Second Amended Complaint ¶ 5. Mr. Hilliard is a qualified individual with a disability and meets the eligibility requirements under the ADA. *Id.* ¶ 6. Mr. Hilliard enrolled as a medical student at Loyola in August 2015. *Id.* ¶ 11 On February 16, 2019, Mr. Hilliard submitted a new/additional accommodation request to the NBME requesting double time (100% extended time) to take his USMLE Step 1 exam ("Step 1 exam"). *Id.* ¶ 27. With this request Mr. Hilliard sent in a personal statement describing the impact of his impairments and requested accommodation based on learning disorders and writing. *See* Defendant's Motion to

Dismiss Ex. G and H. Mr. Hilliard explained that based on his experience on the first and second attempts of the USMLE Step 1, even with 50% extended time, he would be unable to complete the exam. *Id.* This request was denied, and Mr. Hilliard was only granted time and a half to take the exam (50% extended time). *Id.* Mr. Hilliard took the Step1 exam for the third time with only 50% extended time on August 30-31, 2019, and subsequently learned he failed. Second Amended Complaint ¶ 29. On September 25, 2019, Mr. Hilliard was dismissed from Loyola allegedly because he failed the Step 1 exam three times, and his appeal of his dismissal was denied on November 8, 2019. *Id.* ¶ 33, 41-42. On September 27, 2019, Mr. Hilliard received a notification from the NBME that he was not eligible to sit for the Step 1 exam because he was not officially enrolled in medical school. *Id.* ¶ 34. On September 30, 2019, Mr. Hilliard requested the NBME reconsider its decision to not allow him to sit for a fourth exam at double time (100% extended time) and this request was denied on October 10, 2019. *Id.* ¶ 35-36.

Mr. Hilliard brought this cause against the NBME on February 17, 2020, seeking, among other things, permanent injunctive relief ordering the NBME: allow Plaintiff to sit for the Step 1 exam; allow Plaintiff to take the Step 1 exam with a double time accommodation (100% extended time). *See* Second Amended Complaint.

This Court ruled in open Court on the NBME's previously filed Motion to Dismiss noting that Hilliard needed to allege that he intends to take the exam again, or would do so but for the Board's policies or conduct. Mr. Hilliard did this. In his Second Amended Complaint Mr. Hilliard alleges:

> 37. Plaintiff intends to sit for and take the USMLE Step 1 exam again.
>
> 38. Plaintiff would take the USMLE Step 1 exam again, but he has been denied the ability to do so by the NBME's policies and conduct.
>
> 73. Plaintiff intends to take the USMLE Step 1 exam again.

> 74. The NBME's policies and conduct have caused Plaintiff to be unable to take the USMLE Step 1 exam since August 2019.

Second Amended Complaint ¶¶ 37-38, 73-74.

## II. This Court Has Subject Matter Jurisdiction Over Mr. Hilliard's Claims & Mr. Hilliard Has Standing to Pursue His Claims

### A. Law

In order to establish standing Mr. Hilliard must first show he suffered an injury in fact which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical; second, Mr. Hilliard must show a causal connection between the injury and the conduct complained of; and third, Mr. Hilliard must demonstrate it is likely as opposed to speculative that the injury will be redressed by a favorable decision. *Lujan v Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

### 1. Mr. Hilliard Shows a Real and Immediate Threat of Future Injury Because He Alleges That He Intends to Sit for the Exam Again and Is Barred from Doing so Due to the NBME's Policies and Conduct

On September 18, 2019, Mr. Hilliard requested that the NBME allow him to sit for the Step 1 exam a fourth time. Second Amended Complaint ¶ 31. On September 27, 2019, Mr. Hilliard received a notification from the NBME denying his request to sit for the Step 1 exam a fourth time stating the denial was because he was not officially enrolled in medical school. *Id.* ¶ 34. On September 30, 2019, Dr. Pachan, a psychologist, drafted a letter on behalf of Plaintiff requesting the NBME reconsider its accommodations for Plaintiff. *Id.* ¶35. On October 10, 2019, Plaintiff received notification from the NBME that it would be taking no further action. *Id.* ¶ 36. The NBME's motion alleges that Mr. Hilliard cannot overcome its self-imposed standard that in order to take the Step-1 exam a person must be enrolled in medical school. The NBME ignores that Mr. Hilliard's Amended Complaint alleges that the NBME did not grant his accommodation

relating to this very rule and that Mr. Hilliard pleads that he intends to take the exam again and is barred from doing so by the NBME's policies and conduct. *Id.* ¶¶ 37-38.

In *Lujan* the Court held that the requirement of future injury requires that plaintiffs show the future injury is imminent and that a plaintiff must have "concrete plans" to return to the places visited, such as an airline ticket. At 564, 579. Mr. Hilliard has shown that he intends to sit for the test when the NBME allows him to take it by granting his accommodation allowing him to take it whether he is registered in medical school or not. Mr. Hilliard registered to retake the test almost immediately upon learning he had failed his third attempt. Second Amended Complaint ¶¶ 29-31. That request was rejected and thereafter Hilliard filed this lawsuit. ¶34-36.

Continuing violations of the ADA are injuries within the meaning of the Act and a plaintiff is entitled to injunctive relief to stop or prevent such injury. *Scherr v. Mariott Int'l*, 703 F.3d 1069, 1076 (7th Cir. 2013), referencing *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002) (holding where a disabled plaintiff has actual knowledge of unlawful actions under the ADA (in this case inaccessibility for wheelchair access) and is obstructed by the unlawful action that the injury continues if the plaintiff is aware that the discriminatory condition persists and the plaintiff remains deterred.)

Mr. Hilliard is entitled to injunctive relief to stop the injury the NBME subjects him to– namely (1) the refusal to register him for the Step-1 test for a fourth attempt; and (2) the refusal to allow him double time to take the test. In February of 2019, Mr. Hilliard, sought an accommodation of double time (100% extended time) to take the Step-1 exam. Second Amended Complaint ¶ 27. The NBME denied this accommodation. *Id.* Mr. Hilliard is presently barred by the NBME from taking the step-1 exam. *Id.* ¶ *38*. Mr. Hilliard is a disabled individual who requested in October 2019 to register for the step exam when he was not registered in medical

school. *Id.* 5, 6, 9, 31. The NBME denied this test taking accommodation. *Id.* 34, 36. Mr. Hilliard alleges in his Second Amended Complaint that he intends to sit for and take the USMLE Step 1 exam again and he would take the USMLE Step 1 exam again, but he has been denied the ability to do so by the NBME's policies and conduct. *Id.* ¶¶*37-38*. Mr. Hilliard has shown and suffered a real and immediate injury.

The NBME fails to address Mr. Hilliard's request for relief that the Court Order the NBME to allow him to take the exam (whether he is enrolled in medical school or not) and with an accommodation of double time. The immediate threat of injury to Mr. Hilliard is the NBME's failure to allow him to sit for the Step-1 exam after he was dismissed from medical school for failing the exam 3 times without a proper accommodation. If the Court grants his request ordering the NBME allow him to sit for the Step-1 exam (whether he is enrolled in medical school or not), then the Court must also consider his request for injunctive relief directing the NBME to grant Hilliard his accommodation of double time (100% extended time) to take the Step-1 exam.

The NBME submitted a declaration by Lucia McGeehan who is employed by the NBME as the "Manager, Examinee Accommodations in the Office of Disability Services". Ms. McGeehan states what the eligibility requirements are and submits a web page print out that discusses those eligibility factors. The NBME and Ms. McGeehan label enrollment in medical school as an "eligibility requirement". The NBME is well aware of the circular nature of enrollment in medical school and retaking the NBME exam: because Mr. Hilliard did not pass Step-1 three times (each time without his requested accommodation) he was unenrolled in medical school and because he was unenrolled in medical school the NBME will not allow him to retake the exam. The circular nature of these "eligibility requirements" attempt provide cover for both the medical

school and the NBME and leave disabled students with no relief as both the school and the NBME point to the other as the justification for their actions. The eligibility requirements themselves pose a disputed issue of material fact as to whether an accommodation of the eligibility requirements averred to by the NBME would fundamentally alter the nature of the service or is an essential requirement. This issue may not be decided on a Motion to Dismiss alleging lack of standing. The fact that is itself an issue demonstrates there is subject matter jurisdiction.

The issue at this stage of the case is "not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support the claims. '[I]t may appear on the face of the pleadings that a recovery is very remote and unlikely[,] but that is not the test.'"" *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999) quoting *Kroll v. United States*, 58 F.3d 1087, 1090 (6th Cir. 1995). Here, Mr. Hilliard has standing and is entitled to offer evidence to support his claim that he should be allowed to take the Step-1 Exam whether he is enrolled in medical school or not as part of an accommodation under the ADA which the NBME denies. Mr. Hilliard pleads that it is the NBME's policies and conduct that have caused him to be unable to take the USMLE Step 1 exam since August 2019. *Second Amended Complaint* ¶ 74. Plaintiff further seeks relief directing the NBME comply with the ADA and allowing him to sit for the Step 1 exam. *Id*. Prayer for Relief ¶ a.

Mr. Hilliard's allegation that the NBME's policies and conduct have caused him to be unable to take the USMLE Step 1 exam since August 2019 sufficiently puts the NBME on notice that Mr. Hilliard is contesting their policies and conduct as they relate to Mr. Hilliard's ability to take the Step-1 exam since August 2019. Furthermore, as the NBME is fully aware it allows candidates to take the Step-1 exam more than three times. The NBME proves Mr. Hilliard's

point that it is *because* of its policies and conduct that he has been unable to take the USMLE Step 1 Exam since August 2019 and he has standing to bring this claim to request the Court grant him the relief requested in his Second Amended Complaint: (a) allowing Mr. Hilliard to sit for the Step 1 exam; (b) direct the NBME to cease and desist from its refusal to accommodate Plaintiff and order NBME comply with the ADA; (c) directing NBME comply with the ADA by providing Mr. Hilliard his requested accommodations with regards to Step-1 exam and future examinations; (d) excusing Mr. Hilliard's previous three attempts that were taken without proper accommodations; (e) prohibit the NBME from treating Mr. Hilliard different than his non-disabled counterparts; (f) ordering NBME to undergo periodic training regarding the ADA.

### III. Mr. Hilliard's Claims Are Not Barred by the Statute of Limitations

Mr. Hilliard took his first Step 1 exam on June 21-22, 2018 and his final Step 1 exam August 30-31, 2019. Mr. Hilliard's complaint against the NBME was filed on February 17, 2020, less than 2 years after Mr. Hilliard completed his first and final Step 1 Exam and less than six months after he completed his third Step-1 exam. The NBME relies upon *Soignier*, however, *Soignier* held that the "district court correctly ruled that the two-year statute of limitations began to run on [the date] when the Board administered the oral exam". *Soignier v. American Board of Plastic Surgery*, 92 F.3d 547, 552 (7th Cir. 1996).

Here, as in *Soignier*, Plaintiff's claim is brought under 42 U.S.C. §12189 which provides that "[a]ny person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." *Soignier* held that the statute of limitations began to run when the Board administered the oral exam for the *fifth and final*

*time*. at 552 (emphasis added). The Court noted that it was when Soignier *"completed… the [exam]…that he was aware that the Board conducted the test without the accommodations he allegedly deserved."* *Id.* The Court notes that Soignier asked the Board to accommodate his disabilities for the November 1992 exam, the Board did not accede to all of Soignier's requests and the Court still held that the statute of limitations accrued on the date of the final exam, not an earlier date when Soignier requested the accommodation or learned the accommodation was denied. Numerous courts have upheld this reasoning. *See Cordova v. University of Notre Dame Du Lac*, 936 F. Supp. 2d 1003, 1010-11 (N.D. Ind. 2013) (applying *Soignier* and holding that former student's ADA claims against university for failure to accommodate alleged cognitive learning disability and psychological disability accrued, and two-year limitations period began to run, when former student discovered that she had been expelled by university); *Singh v. George Washington Univ. School of Med. & Health Sciences*, 597 F. Supp. 2d 89, 98 (Dist. D.C. 2009) ("If [a] request for reasonable accommodations is received prior to [a plaintiff's] official dismissal [from a defendant educational institution], defendant must consider it before issuing its final decision whether to dismiss the student.").

Here, Mr. Hilliard took his third Step-1 Exam on August 30 and 31, 2019. He took this exam after requesting new/additional accommodations on February 16, 2019, and submitting additional documentation supporting his request. Accordingly, the statute of limitations began to run on August 31, 2019, when Mr. Hilliard took and completed his exam without his requested accommodations. Mr. Hilliard timely filed his complaint on February 17, 2020, less than six months after he took the exam. In addition, Mr. Hilliard submitted a new request and his psychologist submitted new information, after Mr. Hilliard failed in his third attempt without

Page **8** of **11**

proper accommodation, and the NBME did not consider any of this material before issuing its final decision. *See* Declaration of Lucia McGeehan ¶¶26-27.

Mr. Hilliard's February 2019 request was a new request, not an appeal, a request for internal review, nor a continuation from his first request in 2017. As the NBME admits, each time a person desires to take a Step 1 Exam they must fill out a Subsequent Request for Test Accommodations and advise if they are requesting the same accommodation previously provided or if they are requesting a new/additional accommodation. On Mr. Hilliard's third request dated February 16, 2019, he selected "new/additional accommodations." *See* NMBE's Motion to Dismiss Ex. G. Furthermore, in this 2019 request Mr. Hilliard included additional documentation. *Id.* The NBME through Ms. McGeehan noted that it conducted a review of Mr. Hilliard's documentation, including the additional documentation sent by Mr. Hilliard in February 2019. *See* Defendant's Motion to Dismiss, Exhibit H. Due to the fact that Mr. Hilliard submitted this new request with new information in February 2019 and received the denial of his request in May of 2019, the very latest that Mr. Hilliard's statute of limitations could begin to run with regards to the accommodation provided for his third attempt of the Step 1 exam would be May of 2019, the date he learned his new request for accommodation had been denied. Even if this Court were to look back to Mr. Hilliard's first test, it was taken in June 2018. *Soignier* is clear that the statute of limitations begins to run on the date the exam was administered and no earlier. Accordingly, no matter what test date the Court relies upon, Mr. Hilliard's February 2020 complaint was timely filed.

### IV. Conclusion

The Court has subject matter jurisdiction over Mr. Hilliard's claims. Mr. Hilliard has shown a real and immediate threat of future injury. Mr. Hilliard's first request for relief is the Court

Order the NBME to allow Mr. Hilliard to sit for the Step 1 exam. That request by its very nature raises the issue of the eligibility requirements of the NBME. The NBME makes no argument as to whether the NBME eligibility requirement of being enrolled in medical school when unenrollment is specifically tied to failure of its test in less attempts than it allows (i.e., unenrollment occurs at 3 attempts, but the NBME allows 6 attempts[1]), is an essential requirement or failure to adhere to it would fundamentally alter the service. Nor can it at this stage because doing so admits the legitimacy of Mr. Hilliard's claims. Mr. Hilliard properly pleads that he intends to take the exam again and is unable to do so because of the NBME's policies and conduct.

Mr. Hilliard's claims are not barred by the Statute of Limitations. Even if the statute of limitations ran from the date Mr. Hilliard first took his Step 1 exam, Mr. Hilliard's claim would be timely because he first took his Step 1 exam in June 21-22, 2018, less than two years before Mr. Hilliard filed his original complaint. *Soignier* makes clear that the statute of limitations runs from the date Mr. Hilliard took his *last* exam which was August 2019. Even if the Court were to look at the date that Mr. Hilliard's accommodation was denied, his claim still falls within the statute of limitations as he submitted a new request in February 2019, it was denied in May 2019, and less than 1 year later Mr. Hilliard filed his claim.

**WHEREFORE**, Plaintiff, Marcus Hilliard Requests this Court Issue an Order Denying the National Board of Medical Examiner's Motion to Dismiss and Ordering the National Board of Medical Examiners Answer Plaintiff's Second Amended Complaint by a date certain.

---

[1] It appears that in July 2021 the NBME further narrowed the number of times an applicant can take the exam to four, but as of August 2019 which Mr. Hilliard took and failed his Step-1 exam and when this claim accrued, the NBME allowed applicants to take the exam six times.

                                                                                              Respectfully Submitted,

                                                                                              */s// Cynthia M Rote*

                                                                                              Cynthia M Rote

Integrate Legal, PC  
516 Main Street, Suite 1  
Pecatonica, Illinois 61063  
(815) 255-4695  
Cynthia@Integrate-Legal.com  
Service@Integrate-Legal.com