IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS HILLIARD, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No. 20-cv-1144 |
| v. ) | |
| ) | Judge Martha M. Pacold |
| NATIONAL BOARD OF MEDICAL ) | |
| EXAMINERS and LOYOLA ) | Magistrate Judge Gabriel A. Fuentes |
| UNIVERSITY OF CHICAGO, ) | |
| ) | |
| DEFENDANTS. ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiff Marcus Hilliard ("Plaintiff") and defendant Loyola University of Chicago ("Loyola," together with Plaintiff, the "parties"), by their undersigned counsel and pursuant to the Court's May 25, 2022 minute entry (Dkt. No. 58), respectfully submit the following Joint Initial Status Report:

**1. Description of Claims and Relief Sought**

Plaintiff is a former medical student at Loyola University of Chicago's Stritch School of Medicine and alleges that he has medically diagnosed disabilities in the areas of written expression, basic reading skills, reading comprehension, mathematic calculation, mathematic reasoning, sequencing ability, short-term auditory memory, attention, and speed of eye-hand coordination, for which he was not provided reasonable accommodations.

Plaintiff alleges that Loyola violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, by making "insufficient and inconsistent accommodations" to Plaintiff during his time at Loyola. Plaintiff further alleges Loyola violated the ADA by refusing to allow Plaintiff to remain enrolled at Loyola after he failed the Step 1 of the United States Medical Licensing

1

Examination ("USMLE") ("Step 1 Exam") three times, which prohibited him from sitting for the exam for a fourth time.[1] Loyola denies Plaintiff's allegations.

Plaintiff seeks injunctive relief including reinstatement at Loyola, permission to sit for USMLE Step 1 with an accommodation of two times the standard time, costs, and attorneys' fees. Specifically, with respect to Loyola, Plaintiff seeks (i) a permanent injunctive relief order ordering Loyola to reinstate Plaintiff, immediately notify the NBME that Plaintiff is enrolled and eligible to sit for the Step 1 Exam at a time of Plaintiff's choosing, and for Loyola to undergo periodic training regarding the ADA and disability awareness; (ii) an order prohibiting Loyola from treating Plaintiff differently from his non-disabled counterparts; and (iii) all costs and attorneys' fees.

**2. Referred Case**

Plaintiff and Loyola were referred to Magistrate Judge Fuentes for purposes of discovery and settlement.[2]

**3. Proposed Discovery Schedule**

    **A.    Initial Disclosures**

- Rule 26(a)(1) disclosures to be exchanged by July 15, 2022.
- Initial written discovery to be exchanged by July 29, 2022.

    **B.    Fact Discovery Completion:**

---

[1] Plaintiff also named National Board of Medical Examiners ("NBME") as a defendant and alleges that NBME violated the ADA by denying his request for 100% extra time testing accommodations (i.e., twice the standard amount of testing time) on the Step 1 Exam. NBME filed a Motion to Dismiss Plaintiff's Second Amended Complaint and was not referred to Magistrate Judge Fuentes.

[2] Pursuant to Dtk. No. 57, the parties were referred to the Honorable Gabriel A. Fuentes for the purpose of holding proceedings related to discovery supervision and scheduling, to set a deadline to file amended pleadings, to set a dispositive motions schedule, and for settlement. The Court's subsequent Minute Entry clarified however, that a schedule for amended pleadings and dispositive motions is deferred until after the filing of this status report. (Dkt. No. 58).

- All fact discovery, written and oral, to be completed by October 14, 2022.

    C.    **Expert Discovery**

- Plaintiff's Rule 26(a)(2) disclosures due on January 13, 2023.
- Defendants' Rule 26(a)(2) disclosures due on March 10, 2023.
- Expert discovery, including depositions, to be completed by May 19, 2023.

4. **Consideration of Issues Concerning ESI**

The parties anticipate minimal ESI discovery.

5. **Settlement**

The parties have yet to engage in settlement discussions. The parties do not request a settlement conference before Judge Fuentes at this time.

6. **Magistrate Judge Consent**

The parties do not consent to have Judge Fuentes conduct all further proceedings in this case, including trial and entry of final judgment.

7. **Pending Motions**

The parties do not have any motions pending. Defendant NBME filed a Motion to Dismiss Plaintiff's Second Amended Complaint on May 10, 2022 (Dkt Nos. 51-52), which is currently being briefed.

8. **Trial**

Not applicable. The parties do not consent to a trial before Judge Fuentes.

9. **Other Matters**

The parties do not have any other matters they wish to raise with the Court at this time.

Dated: June 24, 2022                                 Respectfully Submitted,

**ATTORNEY FOR PLAINTIFF**                           **ATTORNEYS FOR LOYOLA UNIVERSITY OF CHICAGO**

/**s**/ Cynthia M Rote                               /s/ Kirsten A. Milton
Cynthia M Rote                                       Kirsten A. Milton
Integrate Legal, PC                                  Julia S. Wolf
516 Main Street, Suite 1                             Jackson Lewis P.C.
Pecatonica, IL 61063                                 150 N. Michigan Ave., Suite 2500
Cynthia@Integrate-Legal.com                          Chicago, IL 60601
(815) 255-4695                                       Kirsten.Milton@jacksonlewis.com
                                                     Julia.Wolf@jacksonlewis.com
                                                     (312) 787-4949