**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARCUS HILLIARD,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS and LOYOLA UNIVERSITY OF CHICAGO,<br><br>Defendants. | ) | No. 1:20-cv-01144<br><br>Hon. Martha M. Pacold |

**REPLY MEMORANDUM IN SUPPORT OF NBME'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Mr. Hilliard attempts to recharacterize his ADA claim against NBME in his opposition brief to avoid NBME's showing that he does not have standing to pursue his claim. His arguments ignore applicable law and the allegations in his own complaint, they inaccurately represent the record, and they ultimately fail to demonstrate that the Court has subject matter jurisdiction over his claim against NBME. Mr. Hilliard also fails to refute NBME's argument that his claim is barred by the statute of limitations. His claim against NBME should therefore be dismissed.

## I. Mr. Hilliard Does Not Have Standing to Sue NBME

As previously explained, Mr. Hilliard lacks standing to pursue his ADA claim based on NBME's denial of his request for double-time testing accommodations because he is not currently eligible to take the Step 1 examination under NBME's standard—and unchallenged—rule that individuals must be enrolled in medical school in order to take the medical licensing examination. *See* Mem. of Law in Supp. of NBME's Mot. to Dismiss the Second Amended Complaint (Dkt. 52) ("NBME Br.") at 8-11. Simply stated, he does not have standing to seek prospective injunctive relief relating to a test he currently is ineligible to take. *See id.* at 9-10.

In response, Mr. Hilliard argues that "NBME ignores that [his] Amended Complaint alleges that the NBME did not grant his accommodation relating to this very rule" (*i.e.*, the eligibility rule). Response to NBME's Mot. to Dismiss (Dkt. 62) ("Hilliard Opp.") at 3-4 (citing Second Amended Complaint ¶¶ 37-38). But there is no such allegation in his Second Amended Complaint. The paragraphs cited by Mr. Hilliard simply state that he would like to take the examination again, and would take the test again, but has been "denied the ability to do so by the NBME's policies and conduct." Second Amended Complaint ¶¶ 37-38; *see also id.* ¶ 72 ("Plaintiff would have sat for the next schedule[d] USMLE Step 1 exam, if the NBME had not denied him the ability to do so."). Nothing in these statements suggests that Mr. Hilliard sought to avoid the USMLE testing eligibility rule as a testing accommodation request.[1] And other parts of his Second Amended Complaint show that the only testing accommodation request at issue is Mr. Hilliard's request for double the amount of standard testing time. *See id.* ¶ 65 ("One reasonable accommodation for a disabled person, such as Plaintiff, that may be allowed under the ADA, is lengthening the time permitted for completing the examination."); ¶¶ 70-71 ("Plaintiff made

[1] Mr. Hilliard now argues that he sought to avoid the testing eligibility requirement as part of an October 2019 testing accommodation request and that NBME denied this request. *See* Hilliard Opp. at 4-5. He does not allege this in the Second Amended Complaint, however, and his current argument is also contradicted by the record. Mr. Hilliard submitted an accommodation request to NBME on or about October 22, 2019 (after he was dismissed from medical school) seeking 100% additional testing time and permission to test in a separate room. *See* McGeehan Decl. ¶ 26 (Dkt. 52-1) and Ex. K at 3 (Dkt. 52-12). He made no request relating to the test eligibility requirements. To the contrary, although he now alleges that he was dismissed from medical school on September 25, 2019, he represented to NBME in his October 22, 2019 accommodation request that he was a student at Loyola University Chicago with an expected June 2021 graduation date. *See id.* at 2. In response, NBME informed Mr. Hilliard that it could not begin review of his request (i.e., his request for 100% extra testing time and a separate room) because he was not registered for the examination. *See* McGeehan Decl. ¶ 27 and Ex. L (Dkt. 52-13). Although "'the court may look beyond the complaint and view extraneous evidence submitted by the parties to determine whether subject matter jurisdiction in fact exists,'" NBME Br. at 8 (citation omitted), these factual issues do not need to be resolved at this time, given that the allegations in Mr. Hilliard's own Second Amended Complaint do not support the argument he is now making in his opposition brief.

formal written request of NBME for reasonable accommodation for his disability in connection with taking the USMLE Step 1 Exam, ***i.e., two times the standard time to take the exam*** …. Such accommodations are consistent with the reasonable accommodations he was provided in his previous academic studies. The NBME has granted similar accommodations to other candidates in the past taking the Step 1 exam. The NBME's refusal to provide the reasonable test accommodations Plaintiff requested for the USMLE Step 1 constitutes an illegal failure to accommodate a disabled person in violation of the ADA.") (emphasis added); *see also id.* at 2 ("NBME refused to grant Plaintiff his requested accommodation of double-time to complete his Step 1 Medical Boards Examination.").[2]

Although Mr. Hilliard alleges that he is unable to take the Step 1 examination right now because he is not enrolled in medical school, *see id.* ¶¶ 38, 72-74, he never claims that NBME's standard eligibility criteria violates the ADA. Instead, his ADA claim is based on NBME's denial of his request for double time to take the test. *See id.* ¶¶ 70-71. He does not have standing to pursue that claim, however, because he fails to satisfy "lawful, nondiscriminatory requirements" regarding who is eligible to test and therefore a favorable decision on his ADA claim relating to his testing accommodation request could not redress his claimed injury. *Wilson v. Glenwood Intermountain Properties, Inc.*, 98 F.3d 590, 593 (10th Cir. 1996).

This case is similar to *Harp Advertising Illinois, Inc. v. Village of Chicago Ridge, Illinois*, a Seventh Circuit decision cited in NBME's opening brief but not addressed by Mr. Hilliard in his response. In *Harp Advertising*, the plaintiff sought to challenge the village's zoning and sign codes

[2] This is also reflected in Mr. Hilliard's recent status report filed with Loyola University. *See* Dkt. 63. As described there, "Plaintiff … named [NBME] as a defendant and alleges that NBME violated the ADA by denying his request for 100% extra time testing accommodations (i.e., twice the standard amount of testing time) on the Step 1 exam." *Id.* at 2 n.1.

on First Amendment grounds. 9 F.3d 1290, 1291 (7th Cir. 1993). The Seventh Circuit concluded that the plaintiff lacked standing because the sign it wanted to erect violated another ordinance whose validity the plaintiff did not challenge, so it "could not put up its sign even if it achieved total victory in this litigation." *Id.* The only difference here is that, in response to NBME's first motion to dismiss for lack of standing, Mr. Hilliard tacked on a request for injunctive relief to his amended complaint seeking to eliminate the USMLE program's test eligibility requirement, notwithstanding the lack of any legal challenge to the eligibility requirement itself. This is nothing but an attempted end-run of Article III standing rules, given the alleged injury that is actually the subject of his ADA claim.[3] The eligibility requirement may be an impediment to Mr. Hilliard's ability to test, but it is not the subject of his ADA claim. He cannot manufacture standing by seeking relief related to the unchallenged eligibility requirement. *See generally* 13A Fed. Prac. & Proc. Juris. § 3531.5 (3d ed.) ("If the injury is caused by matters other than the acts complained of, the injury does not support standing …. By the same token, a remedy addressed to acts that have not caused the injury will not provide a benefit."); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998) ("Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement.").

Mr. Hilliard also added an allegation to his Second Amended Complaint that he "intends to take the exam again" in an attempt to establish standing, Hilliard Opp. at 2, but as NBME previously explained, Mr. Hilliard has not alleged a *plausible* intent to test given his current

---

[3] Mr. Hilliard misstates the record when he argues that he "brought this [case] against the NBME on February 17, 2020, seeking, among other things, permanent injunctive relief ordering the NBME: allow Plaintiff to sit for the Step 1 exam …." Hilliard Opp. at 2. His February 17, 2020 complaint sought no such relief. *See* Complaint (Dkt. 1) at 10-11 (Prayer for Relief). It did not mention the testing eligibility requirement at all. Mr. Hilliard only raised the testing eligibility issue after NBME moved to dismiss on this basis.

ineligibility to do so. *See* NBME Br. at 10; *see also Calcano v. Swarovski North America Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) ("[T]he central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, 'examined under the totality of all relevant facts,' the plaintiff plausibly alleges 'a real and immediate threat of future injury.'") (citation omitted; some internal quotation marks omitted).[4] Mr. Hilliard has no meaningful response to NBME's argument. He insists that a "[c]ontinuing violation" is an injury under the ADA, Hilliard Opp. at 4, but as NBME also explained (and Mr. Hilliard does not refute), the "continuing violation" doctrine (which relates to the statute of limitations, not standing), does not apply to failure to accommodate cases like this one, *see* NBME Br. at 14 n.5. The "continuing violation" discussion in *Scherr v. Marriott International* is not applicable here, because it discusses a statute of limitations issue and, in any event, arises in a physical accessibility case, not a failure to accommodate case.

Finally, Mr. Hilliard reiterates his complaint about the purportedly "circular nature" of his current circumstance, *see* Hilliard Opp. at 5, but this argument continues to be misplaced. Mr. Hilliard alleges that he took the USMLE Step 1 examination three times before he was dismissed from medical school, that he requested accommodation each time he took the test, and that his request was denied in part each time. *See* Second Amended Complaint ¶¶ 19, 22-24, 26-27, 29. If he disagreed with the accommodations he was approved to receive or thought they were insufficient to address his functional limitations, he could have asserted his ADA claim against NBME much earlier, before he was dismissed from school. *See infra* at 7. He did not do so. As

[4] Mr. Hilliard is not an ADA "tester" like the plaintiffs in *Calcano* appear to be, but he shares the same burden "'of alleging facts that affirmatively and plausibly suggest that [he] has standing to sue.'" 36 F.4th at 75 (citations omitted). The allegations in Mr. Hilliard's Second Amended Complaint—including his conclusory allegation of an "intent to test" in the future—do not plausibly allege a real and immediate threat of future injury.

a result, Mr. Hilliard does not have standing to pursue his ADA claim against NBME because he is not eligible to test and therefore faces no actual or imminent threat of alleged future injury related to receiving extra-time accommodations on the Step 1 examination. His claim against NBME therefore must be dismissed.

## II. Mr. Hilliard's Claim Against NBME is Barred by the Statute of Limitations

Mr. Hilliard does not contest that a two-year statute of limitations applies to his ADA claim. Instead, he argues that under the Seventh Circuit's reasoning in *Soignier*, his ADA claim did not accrue until he "took and completed his exam" on August 31, 2019 (for the third time), without accommodations. Hilliard Opp. at 8.[5] If his current position is correct that a cause of action under Title III of the ADA relating to an alleged failure to provide testing accommodations does not accrue until after a person takes a test for the "final time," *id.* at 7 (quoting *Soignier*), Mr. Hilliard would not have been able to state a viable claim against NBME after NBME first denied his request for testing accommodations in 2016, or after he tested the first or second time, allegedly without all his requested accommodations. Indeed, because Mr. Hilliard may one day be able to take the Step 1 examination again if he re-enrolls in medical school, it could be argued from his premise that he has yet to take the exam his "final" time and thus his ADA claim has not yet accrued.

None of these positions makes sense, and they run counter to a plaintiff's right to pursue a "civil action for ***preventive*** relief" under Title III of the ADA. 42 U.S.C. § 12188(a); 42 U.S.C. § 2000a-3 (emphasis added). In fact, numerous individuals have pursued claims related to a denial of a request for testing accommodations in advance of a future testing date, frequently seeking

[5] Mr. Hilliard's argument in his opposition brief is inconsistent with the allegations in his Second Amended Complaint, which suggest that his claim accrued on September 27, 2019 (when NBME allegedly informed him he was ineligible to test). *See* Second Amended Complaint ¶ 2. It is also inconsistent with the allegations in his original Complaint, which suggested that his claim accrued on June 21, 2018, when Mr. Hilliard was notified that he failed his first attempt at taking Step 1 of the USMLE. *See* Complaint at Law (Dkt. 1) ¶ 2. The variability in his allegations is telling.

preliminary injunctive relief relating to an upcoming test. *See, e.g., Doherty v. NBME*, 791 F. App'x 462, 463 (5th Cir. 2019) ("Doherty then sought a preliminary injunction in district court to allow her to take the Step 2 Exam with her requested accommodation.") (vacating district court's grant of preliminary injunction to plaintiff) (per curiam); *Wright v. NBME*, No. 21-2319, 2021 WL 5028463, at *1 (D. Colo. 2021) ("With the exam date approaching, Mr. Wright filed this case and an emergency motion for a preliminary injunction to receive accommodations on the upcoming Step 3 exam.") (denying motion for preliminary injunction).

Contrary to Mr. Hilliard's argument, *Soignier* does not establish "that the statute of limitations begins to run on the date the exam was administered and no earlier." Hilliard Opp. at 9. Instead, the language in *Soignier* is simply a reflection of the facts in that case. The court (and the parties) did not need to look back to see if the statute of limitations accrued even earlier (*i.e.*, when the accommodation request was first denied), because the claim was time-barred even when measured from the time the plaintiff in that case took the test the fifth and final time. NBME's opening brief shows that, consistent with *Soignier*, the statute of limitations began to run in October 2016, when Mr. Hilliard's first request for double-time testing accommodations was denied. *See* NBME Br. at 11-14. Mr. Hilliard's complaint was not filed until February 2020, and it is barred by the two-year statute of limitations.

As a fallback, Mr. Hilliard argues that the statute of limitations began to run anew when he submitted another request for testing accommodations in February 2019. *See* Hilliard Opp. at 9. He attempts to distinguish his February 2019 request for testing accommodations on Step 1 from his earlier requests for accommodations on the same examination because he "included additional documentation and correspondence" with his February 2019 request. *Id.* Even if Mr. Hilliard submitted new documentation, however, it is undisputed that he sought the same accommodation

in February 2019 that he first sought in October 2016: 100% additional testing time on the Step 1 exam. *See* Second Amended Complaint ¶ 19 ("On October 14, 2016, Plaintiff received notification from the NBME that it denied Plaintiff's request for double time on the USMLE Step 1 exam.") *and* ¶ 27 ("On February 16, 2019, Plaintiff submitted a subsequent accommodation request to the NBME for his third attempt at taking the USMLE Step 1 exam. This was again denied and Plaintiff was again only granted time-and-one-half to complete this exam for the third time despite his requests for accommodation of double time yet again."). "[D]enial of a repeat request for previously denied accommodations does not constitute a new discriminatory act …." *Mendez v. City of Chicago*, No. 03-8182, 2004 WL 2980598, at *4 (N.D. Ill. 2004) (citation omitted); *aff'd*, 174 F. App'x 342 (7th Cir. 2006).

**CONCLUSION**

Mr. Hilliard lacks standing to assert his ADA claim against NBME, and this claim should be dismissed for lack of subject matter jurisdiction. In the alternative, Mr. Hilliard's claim against NBME should be dismissed because it is barred by the statute of limitations.

Dated: July 5, 2022

Respectfully submitted,

/s/ Caroline M. Mew
Caroline M. Mew, *pro hac vice*
Perkins Coie LLP
700 13th St. NW, Suite 800
Washington, DC 20005-3960
Tel: (202) 654-1767
cmew@perkinscoie.com

Jillian Sommers, IL Bar No. 6317803
Perkins Coie LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8587
jsommers@perkinscoie.com

Attorneys for National Board of Medical Examiners

**CERTIFICATE OF SERVICE**

On this date I caused a copy of the foregoing document to be served on each of the attorneys identified below via CM/ECF:

Cynthia M. Rote
Integrate Legal PC
12533 Wagon Wheel Road
Rockton, IL 61072
Email: Cynthia@integrate-Legal.com

*Attorney for Marcus Hilliard*

Kirsten Milton
Julia Wolf
Monica H. Khetarpal
Priya Khatkhate
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, IL 60601
Kirsten.milton@jacksonlewis.com
Julia.wolf@jacksonlewis.com
Monical.khetarpal@jacksonlewis.com
Priya.khatkhate@jacksonlewis.com

*Attorneys for Loyola University of Chicago*

Dated: July 5, 2022

Respectfully submitted,

/s/ Caroline M. Mew
Caroline M. Mew, *pro hac vice*
Perkins Coie LLP
700 13th St. NW, Suite 800
Washington, DC 20005-3960
Tel: (202) 654-1767
cmew@perkinscoie.com

Jillian Sommers, IL Bar No. 6317803
Perkins Coie LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8587
jsommers@perkinscoie.com

Attorneys for National Board of Medical Examiners