IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS HILLIARD, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No. 2020-cv-01144 |
| v. ) | Honorable Judge Pacold |
| ) | |
| LOYOLA ) | |
| UNIVERSITY OF CHICAGO, ) | |
| ) | |
| DEFENDANT. ) | |

## THIRD AMENDED COMPLAINT

NOW COMES, Plaintiff, MARCUS HILLIARD, by and through his attorneys, INTEGRATE, LEGAL, P.C., and in complaint of Defendant, LOYOLA UNIVERSITY OF CHICAGO and states as follows:

## INTRODUCTION

Plaintiff, Marcus Hilliard, (hereinafter referred to as "Plaintiff") is an individual with a medically diagnosed disabilities in the areas of: written expression, basic reading skills, reading comprehension, mathematic calculation, mathematic reasoning, sequencing ability, short-term auditory memory, attention, and speed of eye-hand coordination.

Plaintiff also submitted substantial documentation to the National Board of Medical Examiners (hereinafter referred to as "NBME") reflecting the nature and extent of his disabilities

in support of his requested testing accommodations. However, the NBME refused to grant Plaintiff his requested accommodation of double-time to complete his Step 1 Medical Boards Examination. Plaintiff's request for double-time to complete this exam was denied on three occasions. Plaintiff failed this examination three times. Loyola University of Chicago (hereinafter referred to as "Loyola") failed to provide Plaintiff with reasonable accommodation, and now Plaintiff is no longer in satisfactory academic standing with the school and is no longer eligible to sit for the USMLE Step 1 Medical Boards Examination.

Plaintiff is now stuck in a circular nightmare. Loyola dismissed Plaintiff because he failed the USMLE three times. The NBME will not allow Plaintiff to sit for a fourth exam because Plaintiff is not enrolled in Medical School; however, Plaintiff is not enrolled in medical school because he failed the NBME three times. And the circular nature of it continues.

Plaintiff brings this case pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq*. ("ADA"), and under Title III's implementing regulations found at 28 C.F.R. § *et seq*.

## JURISDICTION AND VENUE

1. Plaintiff's claims arise under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182 *et seq*. ("ADA"), and under Title III's implementing regulations found at 28 C.F.R. § *et seq*. Therefore, the United States District Court of the Northern District of Illinois has jurisdiction over these claims because the claims arise out of the protections afforded by Title III of the ADA.

2. This complaint is timely filed within two (2) years from the letter sent by Loyola's Associate Dean James Mendez dated September 25, 2019, dismissing him as a student, and within two (2) years from receiving notification from NBME on September 27, 2019



informing Plaintiff that he is no longer eligible to sit for the Medical Boards exam.

3. Venue in the district is proper under 28 U.S.C. § 1391(b). The Defendant resides in the Northern District, Eastern Division, and the events giving rise to Plaintiff's claim occurred here.

## PARTIES

4. Plaintiff, MARCUS HILLIARD, was enrolled as a medical student at Stritch from August 2015 until his dismissal in September 2019.

5. Plaintiff is an individual with medically diagnosed disabilities in the areas of: written expression, basic reading skills, reading comprehension, mathematic calculation, mathematic reasoning, sequencing ability, short-term auditory memory, attention, and speed of eye-hand coordination.

6. Plaintiff is a qualified individual with a disability and meets the eligibility requirements under the ADA.

7. Loyola, a private secondary institution, is a public accommodation under Title III of the ADA as a "facility operated by a private entity whose operations affect commerce".

## FACTUAL ALLEGATIONS

8. NBME is an independent, not-for-profit organization that provides standardized licensing examinations, the successful completion of which is required for medical licensure in the United States and in the State of Illinois, including the Northern District of Illinois.

9. Plaintiff is a qualified student with a disability under the ADA.

10. Plaintiff has a learning disability that substantially limits his major life activities of learning, reading and writing.

11. Plaintiff began his enrollment as a student at Loyola University of Chicago in August



2015 as a medical student.

12. Plaintiff also holds a B.S. degree in Chemical Engineering, an M.S. degree in Chemical Engineering, a Ph.D. degree in Chemical Engineering, a M.B.E. degree in Bioengineering, and a M.S. degree in Data Science in Artificial Intelligence.

13. Each of Plaintiff's prior academic institutions made reasonable accommodations for Plaintiff, including: a.) granting him double additional time to work on class assignments and tests; b.) alternative test locations providing quiet environments; c.) allowed assistive devices in the classrooms such as a tape recorder for class lectures; d.) use of a computer for all assignments; and e.) alternate format for texts and software provided by the school.

14. Upon Plaintiff's arrival at Loyola, the school failed to assign an individual or office solely to assist students with Disabilities.

15. On July 16, 2015, Plaintiff met with former Director of the Academic Center for Excellence and Accessibility Josh Hopps, Ph.D. to discuss policies in place at Loyola to inform course directors and coordinators of his approved accommodations.

16. During this meeting with Dr. Hopps, Plaintiff requested a letter outlining Plaintiff's approved accommodations. This letter request was denied, leaving Plaintiff with no formal written documentation or a clear procedure to determine his approved accommodations.

17. On July 15, 2015, Plaintiff also received notice from the Loyola Technical Standards Review (TSR) Committee where the recommendation of double time on examinations was denied.

18. Plaintiff was further denied accommodations through denied access of reading materials, course materials, use of scratch paper during exams, and accommodations on school exams including his Patient Centered Medicine 1 exam.



19. On October 14, 2016, Plaintiff received notification from the NBME that it denied Plaintiff's request for double time on the USMLE Step 1 exam.

20. It was not until April 26, 2017 that Plaintiff received an official letter from Loyola outlining his approved accommodations.

21. Plaintiff was continuously denied accommodations throughout his time at Loyola, and Plaintiff was notified on June 29, 2017 that he was placed on academic probation.

22. On June 21-22, 2018, Plaintiff sat for the USMLE Step 1 Examination for the first time, after he was denied double time to complete the exam and granted only time-and-one-half to complete the exam. Plaintiff failed this attempt.

23. On September 25, 2017, Plaintiff submitted a second accommodation request of double-time on his Step 1 exam to the NBME.

24. On September 28, 2017, Plaintiff learned that this request was again, denied by the NBME.

25. On several of Plaintiff's practice exams, upon the recommended by Loyola, Plaintiff successfully passed his practice Step 1 exams when allowing for double-time for completion.

26. On November 9-10, 2018, Plaintiff sat for the USMLE Step 1 exam for the second time, where he was again denied the accommodation of double to complete the exam and granted only time-and-one-half to complete the exam. Plaintiff learned that he again failed this exam.

27. On February 16, 2019, Plaintiff submitted a subsequent accommodation request to the NBME for his third attempt at taking the USMLE Step 1 exam. This was again denied and Plaintiff was again only granted time-and-one-half to complete this exam for the third time despite his requests for accommodation of double time yet again.



28. During this time period Loyola continued to push Plaintiff to take the exam and provided Plaintiff no support, assistance, guidance or counseling on how to further appeal the denial of his accommodation with the NBME.

29. On August 30-31, 2019, Plaintiff sat for the USMLE Step 1 Examination for the third time at only time and one half accommodations. Plaintiff failed the exam.

30. The NBME allows enrolled medical students to take the Step-1 exam up to six times.

31. On September 18, 2019, Plaintiff requested a fourth attempt to sit for the Step 1 Examination.

32. Plaintiff met with several Loyola administrators to discuss his options from September 20-25, 2019.

33. Plaintiff received a formal dismissal letter on September 25, 2019, from Loyola.

34. On September 27, 2019, Plaintiff received a notification from the NBME that staff at Loyola informed them that Plaintiff was no longer officially enrolled in the school, and formal enrollment in a medical school program is an eligibility requirement to sit for the USMLE Step 1 exam.

35. On September 30, 2019, Dr. Pachan, a psychologist, drafted a letter on behalf of Plaintiff requesting that NBME reconsider its accommodations for Plaintiff.

36. On October 10, 2019, Plaintiff received notification from the NBME Disability Services that they received his letter detailing his learning disability from Dr. Pachan, but since Plaintiff was no longer eligible to sit for the exam due to his dismissal from Loyola, the NBME would be taking no further action.

37. Plaintiff intends to sit for and take the USMLE Step 1 exam again.



38. Plaintiff would take the USMLE Step 1 exam again, but he has been denied the ability to do so by the NBME's policies and conduct.

39. On October 17, 2019, Associate Dean Mendez at Loyola demanded Plaintiff send Loyola his appeal letter, even though pursuant to school policy Plaintiff was to have thirty days from receipt of the letter of dismissal to submit his appeal.

40. Plaintiff submitted his incomplete appeal to Associate Dean Mendez on October 17, 2019.

41. On October 22, 2019, less than thirty days after his dismissal, Plaintiff received notification from Associate Dean Mendez that his appeal letter for reentry into Loyola was denied.

42. On October 24, 2019, Plaintiff submitted his appeal to the Provost, which was denied on November 8, 2019.

## COUNT I – VIOLATION OF THE ADA
### (Plaintiff vs. Loyola)

43. Plaintiff repeats and realleges the allegations and statements in the previous paragraphs herein and further states:

44. Plaintiff brings this complaint under Title III of the ADA which prohibits public accommodations from discriminating against individuals on the basis of disability. Title III provides that:

> [N]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182.

45. Under the ADA, Loyola has an ongoing obligation to provide students with "reasonable modification" and to engage in the interactive process with students to identify potential effective accommodations.



46. Due to the actions and inactions of Loyola as alleged herein, Loyola has discriminated against Plaintiff and excluded him from participating in, or enjoying the benefits of, its services, programs, and activities, in violation of the ADA, 42 U.S.C. § 12101 *et. seq.*

47. A request for reasonable accommodation may originate directly from the individual with the disability or from the individual's representative.

48. A request for a reasonable accommodation under the ADA does not require any specific language, so long as it conveys that a person has a disability and needs a reasonable accommodation for disability-related reasons.

49. Once a reasonable accommodation is made by a qualified individual with a disability or an individual's representative, it triggers the interactive process to identify prospective accommodations.

50. Plaintiff attempted to discuss his academic needs and coordinate reasonable modifications to accommodate his disability on numerous occasions at Loyola with: the Loyola Technical Standards Review committee, former Director of the Academic Center for Excellence and Accessibility Dr. Josh Hopps, Dr. Clipstone, Dr. Kristopaitis, Dr. Levin, Dr. Derhammer, Dr. Edwards, ACE director Mrs. Schalansky, the Admissions department, Assistant Dean Sonntag, and Associate Dean Mendez between March 2015 and October 2019.

51. Loyola staff and administration violated the ADA by failing to provide reasonable modifications and accommodations in the form of making insufficient and inconsistent accommodations to Plaintiff during his time at the school. Several of Plaintiff's requests for classroom and test-taking accommodations were denied



outright.

52. Loyola staff and administration violated the ADA by failing to provide reasonable modifications and accommodations in the form of allowing Plaintiff remain enrolled at Loyola and sit for the Step-1exam a fourth time.

53. Loyola discriminated against Plaintiff in violation of the ADA by dismissing him as a student in September 25, 2019, thereby denying him the full and equal enjoyment, as well as excluding him from participating in or benefiting from the "goods, services, facilities, privileges, advantages, or accommodations" of Loyola. 42 U.S.C. § 12182(a).

54. Loyola's past and ongoing failure to provide reasonable accommodations to Plaintiff, its disparate treatment of Plaintiff, and its dismissal of Plaintiff are in violation of Plaintiff's rights under the ADA.

55. Due to Loyola's violations of the ADA which resulted in Plaintiff being dismissed from Loyola, the NBME has advised Plaintiff that he is not eligible to set for the USMLE Step 1 Exam because he is no longer enrolled in a medical school.

56. Due to Loyola's violations of the ADA which resulted in Plaintiff being dismissed from Loyola Plaintiff is unable to transfer to a different medical school as his school transcript shows dismissal.

57. Plaintiff has no adequate legal remedy and Loyola's violations of the ADA can only be remedied by requiring Loyola reinstate Plaintiff as a medical student.

58. As a direct and proximate result of Loyola's actions and Loyola's repeated failure to comply with the ADA, Plaintiff has suffered severe emotional plain, anguish, embarrassment, and humiliation.



**WHEREFORE**, Plaintiff, MARCUS HILLIARD, prays that this Honorable Court grant judgment in his favor find that Loyola has subjected and continues to subject Plaintiff to discrimination because of his disabilities in violation of the ADA. Plaintiff respectfully request the following relief:

a. Permanent injunctive relief ordering Loyola to reinstate Plaintiff;

b. Permanent injunctive relief order Loyola to immediately notify the NBME that Plaintiff is enrolled and eligible to sit for the Step 1 exam at a time of Plaintiff's choosing;

c. Permanent injunctive relief prohibiting Loyola from treating Plaintiff differently than his non-disabled counterparts;

d. Permanent injunctive relief ordering Loyola to undergo periodic training regarding the ADA and disability awareness;

e. All costs incurred by this suit, including any attorney's fees; and

f. Any other and further relief deemed just by this court.

Respectfully Submitted,

/s// *Cynthia M Rote*
By: An Attorney for Plaintiff

Cynthia M Rote
Integrate Legal, PC
516 Main Street, Suite 1
Pecatonica, Illinois 61063
(815) 255-4695
Cynthia@Integrate-Legal.com
Service@Integrate-Legal.com

